IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | 1:11-cv-6256 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ASSET ACCEPTANCE CAPITAL CORP. | ) | |
| Defendant. | ) ) | JURY DEMANDED |

**COMPLAINT**

**CLASS ACTION**

1. Plaintiff Nicholas Martin brings this action against Asset Acceptance Capital Corp. ("AACC") to secure redress for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Defendant accessed plaintiff and other peoples' consumer reports when it did not have a permissible purpose to do so.

**JURISDICTION AND VENUE**

2. The Court has federal question jurisdiction over the FCRA claims.

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

4. Plaintiff is an individual who resides in this District.

5. Asset Acceptance Capital Corp. is the publically traded parent company of debt buyer and debt collection agency Asset Acceptance, LLC. According to its website, www.assetacceptance.com, AACC has a "legal" office at 55 E. Jackson Blvd., Chicago, Illinois.

**FACTS**

6. The FCRA, 15 U.S.C. §1681b(f), prohibits users of consumer reports from accessing a consumer report unless they have a specific permissible purpose to do so.

7. Upon information and belief, defendant AACC accessed plaintiff's consumer report on or about March 2011.

8. Plaintiff did not have any relationship with AACC at the time his consumer report was accessed.

9. AACC did not have a permissible purpose to access plaintiff's consumer report.

10. AACC's access to plaintiff's consumer report was done in reckless violation of the FCRA. Alternatively, the access was done in negligent violation of the FCRA.

11. Upon information and belief, AACC accessed the credit file of more than 100 persons with Illinois addresses between January 1, 2011 and June 30, 2011, where there was no current relationship between AACC and the consumer at the time of access.

## COUNT I – FCRA

12. Plaintiff incorporates all previous paragraphs of this complaint.

13. It is a violation of the FCRA 15 U.S.C. § 1681b(f) to access a consumer report when one does not have a permissible purpose to do so.

14. Defendant accessed plaintiff and the class members' consumer reports illegally because it did not have a permissible purpose to do so.

15. Plaintiff and each class member have suffered concrete and ascertainable injury. Each person has been subjected to the same illegal invasion of privacy; this is the precise kind of wrong the FCRA was designed to protect. See 15 U.S.C.§§ 1681(a)(4), 1681(b).

16. Furthermore, upon information and belief, defendant has used the information reaped from its illegal access of these consumer reports to its pecuniary and commercial advantage.

17. In other words, the credit information Asset accessed had value; otherwise, Asset would not have gone through the trouble of obtaining such.

## Class Allegations

18. Plaintiff brings Count I on behalf of a class, which consists of:

All persons with Illinois addresses, whose credit information defendant accessed within two years of filing of this action, where AACC had no current relationship with the consumer whose consumer report was accessed at the time of access.

19. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendant had a permissible purpose for accessing the consumer report of persons with whom it used to have a relationship;

   b. Whether such violation was willful or negligent; and

   c. Damages.

20. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

21. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

23. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

24. The identity of the class is likely readily identifiable from defendant's records.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

    a. Actual damages;

    b. statutory damages;

    c. Attorney's fees and costs of suit; and

    d. Any other relief the Court finds just and proper.

Respectfully submitted,

/s/ Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, consumer reports, consumer file and other types of data, emails, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or accessing consumer reports, the events described herein, any third party associated with any consumer report access, telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke