**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICHOLAS MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | Case No. 1:11-cv-6256 |
| **ASSET ACCEPTANCE CAPITAL CORP.** | ) | |
| | ) | Judge Zagel |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S RULE 12(c) MOTION**

Defendant, **ASSET ACCEPTANCE CAPITAL CORP.**, ("Asset"), by and through its

attorneys, David M. Schultz, Jennifer W. Weller and Todd P. Stelter, for its Rule 12(c) motion,

states as follows:

## I.      Introduction

This Court should dismiss plaintiff's complaint pursuant to Rule 12(c) for failure to state

a claim.  Plaintiff, a professional litigant,[1] has filed a complaint which plays a shell-game in

disguising which statutory sub-sections it is brought under and artfully avoids alleging required

facts.  This Court should dismiss the complaint under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

1937 (2009).

Plaintiff's complaint purports to allege a violation of the Fair Credit Reporting Act, 15

U.S.C. § 1681 *et seq.* ("FCRA").  However, the complaint fails to clearly state whether plaintiff

is alleging a claim for "willful noncompliance" under FCRA section 1681n, a claim for

"negligent noncompliance" under section 1681o, or both.  Neither section 1681n or 1681o is

---

[1]      Nicholas Martin is currently listed on the Northern District of Illinois' PACER database
as the named plaintiff in over 25+ consumer lawsuits from 2008 to present.

actually plead outright. One, at least, should be required to be clearly plead in order for plaintiff to proceed.[2]

Assuming plaintiff is attempting to allege a claim under section 1681n, plaintiff fails to allege a violation for "willful noncompliance" because he has failed to allege "objectively unreasonable" conduct required by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), and *Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009).

Additionally, plaintiff's complaint, whether involving sections 1681n or 1681o, should also be dismissed in its entirety for its failure to plead basic required FCRA elements, such as whether the alleged communication was a "consumer report" issued by a "consumer reporting agency." Plaintiff's counsel recently filed a similar complaint in *Novak v. Experian Information Solutions, Inc. et al.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011), which was dismissed for the same reasons.

Finally, assuming plaintiff is also attempting to allege a claim under section 1681o, plaintiff fails to properly plead actual damages as required by that statutory sub-section. Again, plaintiff's counsel recently filed a similar complaint in *Novak* containing similar actual damages allegations. It was dismissed as insufficient. This Court should dismiss any claim brought here under section 1681o for the same reasons.

---

[2]     It is fundamental under Rule 8(a)(3) that plaintiff must properly state what relief is being sought and also provide defendant sufficient notice of what is being plead against it. The remedies available under 1681n and 1681o differ greatly under the Act. The civil liability imposed also differs greatly under 1681n, 1681o, or both. More importantly, this case is plead as a class action and a motion for class action has already been filed. [Doc#4]. Plaintiff's failure to plead whether his claims are brought under 1681n, 1681o, or both, bleeds into the pending class certification issues as it also becomes unclear going forward whether the claims of the putative class are brought under 1681n, 1681o, or both. This Court should not allow this case to go forward and class certification issues to be considered upon such a vague pleading.

## II.     Facts

Plaintiff's complaint, attached hereto as Exhibit A, alleges that Asset violated the FCRA, (Ex. A ¶ 1), specifically section 1681b(f) (Ex. A ¶¶ 13-14.)  Plaintiff alleges "[u]pon information and belief" Asset "accessed plaintiff's consumer report on or about March 2011."  (Ex. A ¶ 7.) Plaintiff alleges that he did not have any relationship with Asset "at the time" his consumer report was accessed and thus Asset did not have a permissible purpose to access his consumer report.  (Ex. A ¶¶ 8-9.)  The majority of plaintiff's remaining allegations only assert legal conclusions.

Plaintiff does not allege that he did *not* have a previous relationship with Asset.  He alleges only that he did not have any relationship with Asset in March 2011.

Plaintiff's counsel filed a similar FCRA complaint in *James Novak v. Experian Information Solutions, Inc. et al.*, Case No.: 1:10-cv-04012, (N.D. Ill.) [Doc#1], which was dismissed pursuant to Rule 12(b)(6) by Judge Dow Jr.  *See Novak v. Experian Information Solutions, Inc. et al.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011).  A copy of the dismissed complaint in *Novak* is attached hereto as Exhibit B.

## III.     Argument

### A.     Plaintiff's Complaint May be Dismissed Pursuant to Rule 12(c) for Failure to State a Claim.

It is acceptable to bring a motion to dismiss for failure to state a claim through a Rule 12(c) motion.  Under Rule 12(h)(2), a defendant may raise a proper Rule 12(b)(6) motion challenging the sufficiency of the complaint via a Rule 12(c) motion.  *See* Fed. R. Civ. P. 12(h)(2)(B); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989); Wright & Miller, Federal Practice & Procedure: Civil § 1367 (Rule 12(c) may be used to raise several of the 12(b)

defenses). Such a motion is subject to the same standard as a motion to dismiss for failure to state a claim. *Thomason*, 888 F.2d at 1204.

**B.** **_Iqbal_ Describes the Applicable Standard of Review for a Motion to Dismiss for Failure to State a Claim.**

The applicable standard for stating a claim in federal court is described in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). To state a claim, plaintiff must provide more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* A complaint should be dismissed when it fails to plead enough factual matter to state a claim plausible on its face. *Id.*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S.Ct. at 1949 (citations omitted).

Plaintiff must do more than plead facts that are consistent with defendant's liability because that only shows the possibility, not the plausibility, of his entitlement to relief. *Powell v. Pentagon Federal Credit Union*, 2010 WL 3732195, *3 (N.D. Ill. 2010) (Zagel J.) *citing Iqbal*, 129 S.Ct. at 1949; *Foster v. DeLuca*, 2009 WL 3156555, *2 (N.D. Ill. 2009) (Zagel J.) *citing Iqbal*, 129 S.Ct. at 1949. Thus, a complaint will not suffice if it makes "naked assertions devoid of further factual enhancement." *Foster* at *2 (quotation and citation omitted).

**C.** **Plaintiff is Playing a Shell-Game by Failing to Separate his Claims.**

Plaintiff is purposely engaging in a shell-game in the manner in which his complaint is plead. The complaint should be dismissed pursuant to *Iqbal*. Plaintiff fails to separately allege

whether his claim is brought under FCRA section 1681n for "willful noncompliance" or section 1681o for "negligent noncompliance." He seems to indicate in paragraph 10 of the complaint that both sections are implicated. (Ex. A ¶ 10.) However, that is never properly stated. Only a violation implicating sub-section 1681b(f) is alleged, (Ex. A ¶¶ 13-14), but that sub-section standing by itself does not provide for civil liability. This Court should not allow a claim to proceed under either sub-section 1681n or 1681o.

D.      **Any Claim for "Willful Noncompliance" Fails Under *Safeco* and *Levine* and this Court Should Dismiss Any Part of the Complaint Relying Upon or Alleging a Section 1681n Claim.**

This Court should dismiss any portion of plaintiff's complaint which alleges a claim for willful noncompliance under section 1681n. This Court should follow the Eleventh Circuit's analysis in *Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009), applying *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), to similar facts.

The decision of the Supreme Court in *Safeco* governs claims for willful violations of the FCRA. *Levine*, 554 F.3d at 1318. Under *Safeco*, to prove a willful violation under section 1681n of the FCRA, a plaintiff must prove that the defendant knowingly or recklessly violated the requirements of the Act. *Safeco*, 127 S.Ct. at 2208. A defendant cannot be deemed to have willfully violated the FCRA if its reading of the statute was "not objectively unreasonable," even if it was wrong or careless. *Id*. at 2215.

In this case, plaintiff has failed to properly allege that Asset's conduct was objectively unreasonable and thus has failed to state a claim under section 1681n.

i.      ***It is Not Objectively Unreasonable to Obtain a Consumer Report Where a Preexisting Relationship or Account Exists.***

In *Levine*, the Eleventh Circuit held that it is not objectively unreasonable to interpret the Act to permit the sale of a consumer report for a previously open but currently closed debt

account. *Levine*, 554 F.3d at 1318-19. In *Levine*, the plaintiff sued the subsidiary of a credit card company for accessing his consumer report four years after he closed his account. *Id.* at 1316. The plaintiff argued that accessing his consumer report after his account was closed violated section 1681n of the FCRA because the credit card company no longer had a relationship with the plaintiff and thus lacked a permissible purpose to access his consumer report. *Id.* at 1317. Both the district court and the Eleventh Circuit rejected his argument.

The Eleventh Circuit stated that the "text of the Act is far from 'pellucid,'" and thus the court could not "say that the term 'account' necessarily means 'an open account.'" *Id.* at 1318. The Eleventh Circuit thus held that it was "objectively reasonable" to interpret the FCRA to permit the sale of reports for consumers who had a previous relationship with the creditor but whose accounts were subsequently closed. *Id.* at 1318-19.

Other authorities interpret the FCRA in the same way. In *Wilting v. Progressive County Mutual Insurance Co.*, 227 F.3d 474, 476 (5th Cir. 2000), the Fifth Circuit stated: "that neither the Act nor the FTC's commentary on the Act suggests that a report may only be permissibly obtained during particular points in the parties' relationship." *See also Banga v. Experian Information Solutions et al.*, 2010 U.S. Dist. LEXIS 25569 (N.D. Cal. 2010) (It is not objectively unreasonable to read the FCRA as permitting inquiries on closed accounts); *Banga v. National Credit Union Adm. et al.*, 2009 U.S. Dist. LEXIS 93449 (N.D. Cal. 2009) (same).

### ii.    *If Asset Had a Previous Relationship with Plaintiff, It Was Not Objectively Unreasonable to Obtain His Consumer Report and Plaintiff Cannot Plead a Willful Violation of the FCRA.*

*Safeco* and *Levine* establish that if Asset had a previous relationship with plaintiff, Asset could not have violated section 1681n of the FCRA in obtaining plaintiff's consumer report.[3] For instance, if Asset had previously obtained a debt account of the plaintiff which was subsequently closed due to payment or settlement, it was still objectively reasonable for defendant to obtain plaintiff's consumer report. As there are no contrary opinions to *Levine* (or *Whiting*), under *Safeco*, the law provides conclusively that, in such a scenario, Asset's conduct was objectively reasonable and cannot be willfully liable under 1681n. *See Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803-04 (7th Cir. 2010) (absent a contrary opinion, even if it was subjectively a mistake, a defendant is deemed to have acted objectively reasonable and no willful violation can exist).

### iii.    *Plaintiff Must Plead the Lack of a Previous Relationship to State a Claim Under Section 1681n.*

As established above, under *Iqbal*, plaintiff is required to do more than make a few naked assertions that show the possibility of a claim. Plaintiff must plead enough factual content for "plausibility" such that this Court may reasonably infer that Asset is liable. Since under *Safeco* and *Levine*, it is an objectively reasonable interpretation of the FCRA to believe that having a closed account gives a party a permissible purpose to access a consumer report, plaintiff must plead the lack of a previous relationship with defendant (or the lack of existence of a closed account) to allege a willful violation of section 1681b(f) under section 1681n.

---

[3]    *See also Pulliam v. American Express Travel Related Services Co. Inc. et al.*, 2009 WL 1586012 (N.D. Ill. 2009) (acknowledging on similar facts that plaintiff could not state a claim under 1681n but denying dismissal under 1681o).

### iv. *Plaintiff Fails to Allege Whether He Ever Had a Previous Relationship or Account with Defendant.*

In this case, plaintiff fails to allege whether he ever had a relationship with defendant and that is vital under existing law, such as *Levine*, to state an FCRA claim under section 1681n. Plaintiff fails to allege that he did not have a closed account with defendant. Therefore, any claim brought under FCRA section 1681n fails. Plaintiff only artfully alleges that he did not have any relationship with defendant *in March 2011* "at the time" his consumer report was allegedly accessed. (Ex. A ¶¶ 7-8.) This tricky timing qualification is intentional and is the type of "naked assertion" that pleads "possibility" rather than the "plausibility" required by *Iqbal*. Ultimately, plaintiff cannot state a section 1681n claim this way.

Under section 1681n, it is irrelevant that plaintiff claims no relationship with defendant *in March 2011* "at the time" his consumer report was allegedly accessed. (Ex. A ¶¶ 7-8.) This fact allegation does nothing to establish a plausible lack of permissible purpose. Like the defendant in *Levine*, if Asset had a previous relationship with plaintiff where it owned a debt account of plaintiff's which subsequently was closed, it had an objectively reasonable permissible purpose to access plaintiff's consumer report under 1681b. In order to state a claim, plaintiff *must* plead that he never had a relationship with defendant. Otherwise, the factual situation is no different than the factual situation in *Levine*. Absent this crucial fact allegation, plaintiff fails to plausibly demonstrate entitlement to relief under section 1681n, *Safeco* and *Levine*.

In reality, plaintiff knows that he cannot make this crucial allegation. Thus, he is "hiding the pea in the shell" and skirting the spirit of Rule 8. This Court should not allow this. Pursuant to *Iqbal*, this Court should dismiss any portion of plaintiff's complaint which attempts to allege a claim for willful noncompliance under section 1681n.

**E.    Plaintiff's Complaint Should Also Be Dismissed Because it Fails to Properly Allege that Asset Received a Communication from a Consumer Reporting Agency.**

Plaintiff's entire complaint in this case can be boiled down to two *fact* allegations, one of which is plead on "information and belief." Plaintiff alleges "[u]pon information and belief" that Asset "accessed plaintiff's consumer report on or about March 2011." (Ex. A ¶ 7.) Plaintiff then alleges that he did not have any relationship with Asset "at the time" his consumer report was accessed. (Ex. A ¶¶ 8-9.) The remaining majority of plaintiff's complaint alleges only legal conclusions, which under *Iqbal*, need not be accepted as true by this Court. Overall, plaintiff's conclusory allegations do not rise above the level of "naked assertions" admonished in *Iqbal* and plaintiff's complaint fails to properly plead the necessary elements for an FCRA claim (under either section 1681n or 1681o).

For instance, in apparently attempting to allege that Asset failed to have a permissible purpose to obtain plaintiff's consumer report under FCRA section 1681b, plaintiff fails to allege that a report was obtained from a "consumer reporting agency" or "CRA". (Ex. A.) Plaintiff's complaint omits where the communication came from and who (or what) generated it.

This Court has previously held that where a plaintiff fails to allege sufficient facts to plausibly support the CRA element, dismissal is required. *Powell v. Pentagon Federal Credit Union*, 2010 WL 3732195, *3 (N.D. Ill. 2010) (Zagel J.)*; see also Garnett v. Millennium Medical Management Resources, Inc.*, 2010 WL 5140055, *2-3 (N.D. Ill. 2010) (Minimal allegations regarding the nature of a business do not plausibly support that defendant obtained a consumer report from a CRA and conclusory allegations stating so are not sufficient.)

In fact, plaintiff's counsel filed a similar FCRA complaint in *Novak v. Experian Information Solutions, Inc. et al.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011), which was dismissed, in

part, for this same reason. The complaint in *Novak*, (Ex. B), is attached as an exhibit for comparison with the complaint in this case (Ex. A).

**F.  Plaintiff's Complaint Should Also Be Dismissed Because it Fails to Properly Allege that Asset Obtained a Consumer Report.**

Similarly, plaintiff also failed to properly allege that the communication at issue in this case *is* a "consumer report."  Plaintiff alleges, as a bare legal conclusion, that defendant "accessed plaintiff's consumer report," (Ex. ¶ 7), but never properly alleges how or why it constitutes a consumer report.  This is not sufficient under prevailing law.

Again, in *Novak v. Experian Information Solutions, Inc. et al.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011), plaintiff's counsel's similar complaint, (Ex. B), was dismissed, in part, for this reason. Citing to *Ippolito v. WNS, Inc.*, 864 F.3d 440, 449-52 (7th Cir. 1988) and *McCready v. eBay, Inc.*, 453 F.3d 882, 889 (7th Cir. 2006), the court in *Novak* stated:

> [I]n the Seventh Circuit, consumer information constitutes a "consumer report" under the FCRA only if:
>
> (1) the person who requests the report actually uses the report for one of the 'consumer purposes' set forth in the FCRA; (2) the consumer reporting agency which prepares the report 'expects' the report to be used for one of the 'consumer purposes' set forth in the FCRA; or (3) the consumer reporting agency which prepared the report originally collected the information contained in the report expecting it to be used for one of the 'consumer purposes' set forth in the FCRA.
>
> *Novak*, 782 F. Supp. 2d at 622.

The court in *Novak* further noted that: "[t]he fact that the reports *may* be consumer reports because [the credit reporting agency] originally collected the information for consumer purposes … is simply an insufficient basis upon which to impose liability against [defendant]." *Novak*, 782 F. Supp. 2d at 622 *citing Ippolito*, 864 F.3d at 453.

Plaintiff's complaint here, (Ex. A), fails for the same reason the complaint in *Novak*, (Ex. B), failed under *Ippolito* and *McCReady*.  Plaintiff alleges, on "information and belief," Asset

accessed plaintiff's "consumer report". (Ex. A ¶ 7.) This allegation standing alone is a conclusion which is insufficient to survive dismissal. Plaintiff wholly fails to explain how or why the communication at issue in this case constitutes a "consumer report."

Additionally, plaintiff's complaint directly contradicts the law stated by the Seventh Circuit in *Ippolito* and *McCReady* regarding consumer reports. Quoting testimony from Congress, the Seventh Circuit has repeatedly held that the FCRA "does not apply to reports utilized for business, commercial or professional purposes." *McCready*, 453 F.3d at 889 *citing Ippolito*, 864 F.3d at 452 *citing* 116 Cong. Rec. 36,572 (1970) (remarks of Representative Sullivan); *see also Novak*, 782 F. Supp. 2d at 622. Yet, plaintiff, in complaint paragraph 16, admits that the purported "report" in this case was used for commercial purposes: "[D]efendant has used the information … to its pecuniary and commercial advantage."

Like in *Novak*, plaintiff's allegations here "do not support the conclusion that [defendant] "used" or "obtained" Plaintiff's "consumer report". *Novak*, 782 F. Supp. 2d at 623. "Plaintiff's complaint thus fails to state a claim against [defendant] under § 1681b(f) …" *Id.* *See also Garnett*, 2010 WL 5140055 at *3 (the failure to sufficiently allege that a communication constitutes a credit report requires dismissal).

**G.    Any Claim for "Negligent Noncompliance" Under Section 1681o Should Also Be Dismissed Because Plaintiff's Failure to Plead Actual Damages Requires Dismissal.**

This Court should also dismiss any claim presumably brought under FCRA section 1681o for "negligent noncompliance" because plaintiff's complaint fails to properly allege actual damages.

Again, the similar complaint in *Novak* (Ex. B) was dismissed, in part, for this reason. Plaintiff's complaint in this case (Ex. A) should be dismissed for the same reason.

Here, plaintiff's complaint alleges the following bare conclusion: "Plaintiff and each class member have suffered concrete and ascertainable injury. Each person has been subjected to the same illegal invasion of privacy ..." (Ex. A ¶ 15.)

This conclusory allegation, like the conclusory damages allegations in *Novak*, is not sufficient to plausibly suggest that plaintiff is entitled to damages. Therefore, his claim under FCRA section 1681o should be dismissed.

The court in *Novak* held that "plaintiff bears the burden of establishing that he is entitled to damages." *Novak*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011) *citing Ruffin-Thompkins v. Experian Info. Solutions*, 42 F.3d 603, 608 (7th Cir. 2005). "Here, however, as currently pled, Plaintiff's complaint fails to satisfy that minimal requirement. Plaintiff has not provided even the slenderest of allegations to buttress the conclusion that he suffered actual damages in support of a theory of negligent violation under § 1681o ..." *Novak* at 623.


WHEREFORE, Asset requests that plaintiff's complaint be dismissed in its entirety. In the alternative, Asset requests that this Court dismiss any part of the complaint relying upon or alleging a claim for "willful noncompliance" under FCRA section 1681n. Likewise, Asset requests that this Court dismiss any part of the complaint relying upon or alleging a claim for "negligent noncompliance" under FCRA section 1681o.


Respectfully submitted,
**ASSET ACCEPTANCE CAPITAL CORP.**


By:____s/Todd P. Stelter____
One of their Attorneys
David M. Schultz
Jennifer W. Weller


12

Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000
Fax: (312) 704-3001
dschultz@hinshawlaw.com
jweller@hinshawlaw.com
tstelter@hinshawlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICHOLAS MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | Case No. 1:11-cv-6256 |
| **ASSET ACCEPTANCE CAPITAL CORP.** | ) | |
| | ) | Judge Zagel |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2011, I electronically filed **Defendant's Rule 12(c) Motion** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Alexander Holmes Burke**
ABurke@BurkeLawLLC.com

and I hereby certify that on November 15, 2011, I mailed by United States Postal Service, the documents(s) to the following non-registered participants:

**n/a**

Respectfully submitted,
**ASSET ACCEPTANCE CAPITAL CORP.**

By:\_\_\_\_s/Todd P. Stelter\_\_\_\_
One of its Attorneys
David M. Schultz
Jennifer W. Weller
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000
Fax: (312) 704-3001
dschultz@hinshawlaw.com
jweller@hinshawlaw.com
tstelter@hinshawlaw.com