# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>　　　Plaintiff, | )<br>)<br>)<br>) | 1:11-cv-6256 |
| 　　　　v. | )<br>)<br>) | |
| ASSET ACCEPTANCE CAPITAL CORP.<br>　　　Defendant. | )<br>)<br>) | JURY DEMANDED |

## COMPLAINT

## CLASS ACTION

1.　　Plaintiff Nicholas Martin brings this action against Asset Acceptance Capital Corp. ("AACC") to secure redress for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Defendant accessed plaintiff and other peoples' consumer reports when it did not have a permissible purpose to do so.

### JURISDICTION AND VENUE

2.　　The Court has federal question jurisdiction over the FCRA claims.

3.　　Venue is proper because a substantial portion of the events complained of occurred in this District.

### PARTIES

4.　　Plaintiff is an individual who resides in this District.

5.　　Asset Acceptance Capital Corp. is the publically traded parent company of debt buyer and debt collection agency Asset Acceptance, LLC.　According to its website, www.assetacceptance.com, AACC has a "legal" office at 55 E. Jackson Blvd., Chicago, Illinois.

1

**FACTS**

6.      The FCRA, 15 U.S.C. §1681b(f), prohibits users of consumer reports from accessing a consumer report unless they have a specific permissible purpose to do so.

7.      Upon information and belief, defendant AACC accessed plaintiff's consumer report on or about March 2011.

8.      Plaintiff did not have any relationship with AACC at the time his consumer report was accessed.

9.      AACC did not have a permissible purpose to access plaintiff's consumer report.

10.      AACC's access to plaintiff's consumer report was done in reckless violation of the FCRA. Alternatively, the access was done in negligent violation of the FCRA.

11.      Upon information and belief, AACC accessed the credit file of more than 100 persons with Illinois addresses between January 1, 2011 and June 30, 2011, where there was no current relationship between AACC and the consumer at the time of access.

# COUNT I – FCRA

12.      Plaintiff incorporates all previous paragraphs of this complaint.

13.      It is a violation of the FCRA 15 U.S.C. § 1681b(f) to access a consumer report when one does not have a permissible purpose to do so.

14.      Defendant accessed plaintiff and the class members' consumer reports illegally because it did not have a permissible purpose to do so.

15.      Plaintiff and each class member have suffered concrete and ascertainable injury. Each person has been subjected to the same illegal invasion of privacy; this is the precise kind of wrong the FCRA was designed to protect.  See 15 U.S.C.§§ 1681(a)(4), 1681(b).

16.     Furthermore, upon information and belief, defendant has used the information reaped from its illegal access of these consumer reports to its pecuniary and commercial advantage.

17.     In other words, the credit information Asset accessed had value; otherwise, Asset would not have gone through the trouble of obtaining such.

## Class Allegations

18.     Plaintiff brings Count I on behalf of a class, which consists of:

All persons with Illinois addresses, whose credit information defendant accessed within two years of filing of this action, where AACC had no current relationship with the consumer whose consumer report was accessed at the time of access.

19.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

a.     Whether defendant had a permissible purpose for accessing the consumer report of persons with whom it used to have a relationship;

b.     Whether such violation was willful or negligent; and

c.     Damages.

20.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

21.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

3

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

22.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

23.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

24.     The identity of the class is likely readily identifiable from defendant's records.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

a.  Actual damages;

b.  statutory damages;

c.  Attorney's fees and costs of suit; and

d.  Any other relief the Court finds just and proper.

Respectfully submitted,

/s/ Alexander H. Burke

4

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, consumer reports, consumer file and other types of data, emails, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or accessing consumer reports, the events described herein, any third party associated with any consumer report access, telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NOVAK, | ) | |
| Plaintiff, | ) | 1:10-4012 |
| v. | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., and | ) | |
| AMERICAN ELECTRIC POWER | ) | |
| SERVICE CORPORATION | ) | Jury Demanded |
| Defendants. | ) | |

## COMPLAINT

1.      James Novak brings this action to secure redress for defendant Experian Information Solutions, Inc. ("Experian") and American Electric Power Service Corporation's ("AEP") improper handling of plaintiff's credit file, credit reports and requests for information pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

2.      Experian mixed plaintiff's credit file with that of another consumer in 2009 and 2010, even though it was put on notice of the mixed file in 2007. It also reinserted previously deleted information concerning the other consumer into plaintiff's credit report, and permitted defendant AEP access to plaintiff's consumer report, even though it should have known that AEP did not have a permissible purpose for obtaining such.

3.      AEP obtained plaintiff's consumer report multiple times when it knew or should have known that it did not have a permissible purpose for doing so. AEP also refused to comply with the recent FCRA's "FACTA" amendment's requirements that it

1

provide copies of documentation concerning alleged identity theft, upon due demand

and proof of identity.

## PARTIES

4.      Plaintiff is an individual who resides in this district.

5.      Defendant Experian Information Solutions, Inc. is a consumer reporting

agency. Its registered agent in Illinois is CT Corporation Service, 208 S. LaSalle St., Suite

814, Chicago, Illinois 60604.

6.      Defendant American Electric Power is a utility company that accessed

plaintiff's credit report numerous times.

## JURISDICTION

7.      This Court has federal question jurisdiction to hear this case under the

Fair Credit Reporting Act, 15 U.S.C. §§ 1681p and 1692k, and supplemental jurisdiction

to hear the state law claims pursuant to 28 U.S.C. §1367.

8.      Venue is proper because a substantial part of the events or omissions

giving rise to the claims occurred here.

## FACTS

9.      Plaintiff's credit report has been chronically mixed with that of a person

named James Smith since at least 2007.

10.     On or about March 28, 2007, plaintiff had a conversation with a person

who gave the name "Patience" at Experian, where plaintiff notified Experian of the

mixed file or possible fraud, and requested that all forms of the name James Smith be

2

removed from plaintiff's Experian credit report. At this time, plaintiff formally notified Experian that his last name was not "Smith."

11. Patience informed plaintiff that she would remove any James Smith information from plaintiff's credit report and compare James Smith's social security number with that of plaintiff, and promised to mail a new credit report in 30 - 45 days.

12. On March 28, 2007, Experian sent plaintiff a credit report that indicated that the name, residence, social security number, telephone number, spouse name and employer had been "Updated." This credit report also indicated that nineteen debt collection adverse tradelines or incorrect account inquiries had been deleted.

13. On July 29, 2009, Experian prepared a credit report for plaintiff. This credit report has the name "James Smith" on it. Based upon the March 28, 2007, conversation between plaintiff and Patience, and other correspondence, Experian knew that this name was incorrect, but published it anyway. In fact, Experian had already deleted James Smith from plaintiff's credit report.

14. On August 29, 2009, Experian sent plaintiff a letter stating that Experian had placed an extended fraud alert on plaintiff's credit file. Upon information and belief, Experian did, in fact, place an extended fraud alert on plaintiff's credit file, pursuant to 15 U.S.C. §1681c-1. Previously, other fraud alerts had been placed on plaintiff's credit file, too.

15. Upon information and belief, based upon plaintiff's May 11, 2010 Experian consumer report, Experian permitted defendant AEP to access plaintiff's three times on October 20, 2009.

16.    AEP did not have a permissible purpose for accessing plaintiff's consumer report at any time, including on October 20, 2009.

17.    On October 21, 2009, an employee or agent of AEP named "Miss Cheryl" at extension 823 called plaintiff to inform him that AEP had accessed plaintiff's credit report and received the fraud alert plaintiff had previously placed on his credit report.

18.    Shortly thereafter, Plaintiff sent a letter to defendant AEP requesting, among other things, a "copy of the application and business transaction records" for the account for which AEP had accessed plaintiff's consumer report, pursuant to the FCRA, 15 U.S.C. §1681g(e). Plaintiff enclosed with the letter a notarized Federal Trade Commission identity theft affidavit, a copy of his social security card, a copy of his driver's license and a copy of a utility bill.

19.    AEP received this letter and responded on or about December 21, 2009, and declined to provide the requested information in spite of the fraud alert and the fact that it had accessed plaintiffs credit report, because, in AEP's view, nobody had done anything wrong. After all, AEP's letter states, "We do not provide electric service anywhere in Illinois and do not have an account associated with your social security number."

20.    Plaintiff sent another letter to AEP on December 27, 2009, again requesting documentation pursuant to 15 U.S.C. §1681g.

21.    AEP received this letter, and apparently "investigated" the alleged fraud by accessing plaintiff's credit report on January 12, 2010. AEP did not have a permissible purpose for accessing plaintiff's credit report on that date.

4

22.     On January 14, 2010, AEP responded to plaintiff's second demand for documentation in a condescending manner, placing the word "documentation" referring to the documents plaintiff had enclosed in her request (i.e. a notarized Federal Trade Commission identity theft affidavit, a copy of his social security card, a copy of his driver's license and a copy of a utility bill)  in quotation marks, and suggesting that plaintiff hire an attorney. Exhibit B.

23.     Not only was the documentation provided by plaintiff sufficient to trigger AEP's duty to provide the requested information, it was also sufficient pursuant to other consumer statutes that provide protections regarding identity theft, such as the Illinois Consumer Fraud Act, 815 ILCS 505/2VV.

24.     Plaintiff hired the undersigned, who called AEP and requested that the company comply with the request.  AEP refused.

25.     AEP's refusal to provide the requested documentation was not reasonable under the circumstances, and was, in fact, unfair within the meaning of the Illinois Consumer Fraud Act.

26.     In fact AEP decided to *again* access plaintiff's consumer report through Experian on January 12, 2010.  It ostensibly received another fraud alert pursuant to 15 U.S.C. §1681c-1, and an alert regarding discrepancy of address pursuant to 15 U.S.C. §1681c(h), but did not bother to call plaintiff again.  Instead, it sent Exhibit B, suggesting that plaintiff "talk to an attorney."  Of course, plaintiff did, and this lawsuit is the result.

### COUNT I – FCRA Section 1681b

27.     Plaintiff incorporates all previous paragraphs.  This Count is against both defendants.

28.     The FCRA section 1681b prohibits a credit bureau from furnishing credit reports except in very particular circumstances, and prohibits the use and obtaining of consumer reports unless for a permissible purpose.

29.     Experian provided plaintiff's consumer report to AEP, and should have known that AEP did not have a permissible purpose for obtaining such.

30.     AEP obtained plaintiffs consumer report numerous times when it knew or should have known that the reports it was accessing did not belong to its customer.  AEP had no permissible purpose for accessing plaintiff's consumer report.

31.     These violations of section 1681b were either willful, or negligent.  15 U.S.C. §§1681n and 1681o.

32.     Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against TransUnion for:

        a.     Actual, statutory and punitive damages;

        b.     Attorney's fees and costs of suit; and

        c.     Any other relief the Court deems appropriate.

### COUNT II – FCRA Section 1681e(b)

33.     Plaintiff incorporates all previous paragraphs.  This Count is against Experian.

34.     Credit bureaus are required to follow reasonable procedures designed to assure maximum possible accuracy of consumers' consumer reports.

35.     Experian permitted information belonging to James Smith to be published on plaintiff's credit report, even though it knew that plaintiff is a different person from James Smith.

36.     Upon information and belief, Experian published this information to AEP, and possibly to other entities.

37.     Either Experian's procedures for ensuring that personal information of one person does not wind up on the credit report of another are not reasonable, or TransUnion did not follow the procedures it had with respect to plaintiff's credit report. Either way, Experian violated 15 U.S.C. §1681e(b) with respect to plaintiff several times.

38.     The violations of section 1681e(b) were either willful, or negligent.  15 U.S.C. §§1681n and 1681o.

39.     Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against TransUnion for:

a.      Actual, statutory and punitive damages;

b.      Attorney's fees and costs of suit; and

c.      Any other relief the Court deems appropriate.

**COUNT III – FCRA Section 1681i**

40.     Plaintiff incorporates all previous paragraphs.   This Count is against Experian.

7

41.     Credit bureaus are prohibited from reinserting information on a consumer report that they have previously deleted, unless the bureau provides notice to the consumer of the reinsertion.

42.     Although Experian had previously deleted the last name "Smith" from plaintiff's credit report, it permitted the name to be reinserted into plaintiff's credit report.

43.     The violations of section 1681i were either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

44.     Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against TransUnion for:

        a.     Actual, statutory and punitive damages;

        b.     Attorney's fees and costs of suit; and

        c.     Any other relief the Court deems appropriate.

**COUNT IV – FCRA - Injunctive Relief - 1681g**

45.     Plaintiff incorporates all previous paragraphs. This Count is against AEP.

46.     Defendant AEP violated the FCRA, 15 U.S.C. §1681g(e) by failing to provide plaintiff with "a copy of application and business transaction records in the control of the business entity, whether maintained by the business entity or by another person on behalf of the business entity..." upon proper written request by plaintiff as alleged above.

47.     The FCRA, 15 U.S.C. §1681g(e)(5) permits a creditor like AEP "authority to decline to provide information" only under certain specific circumstances, none of which are present here: (A) if the subsection does not require disclosure, (B) if the business does not have a high degree of confidence in knowing the requestor's identity (C) if the request for information is based upon a misrepresentation of fact, or (D) if the information requested is internet navigational data or information concerning a person's visit to a website or online service.

48.     According to Exhibit B, the reason AEP did not comply with the request was that it conducted its own fraud investigation, and determined that there was none.

49.     A creditor's unilateral determination that there had been no fraud is not one of the specifically delineated reasons for refusing to provide the statutorily mandated disclosures.

50.     Furthermore, AEP was insulated from liability pursuant to 15 U.S.C. §§ 1681g(e)(7) and 1681g(e)(10), were it to have accidentally complied.

51.     Plaintiff does not seek damages pursuant to 15 U.S.C. §§1681n or 1681o. Plaintiff seeks an injunction requiring AEP to comply with 15 U.S.C. §1681g. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *Califano v. Yamasaki*, 442 U.S. 682 (1979) ("absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction.")

52.     Plaintiff has been damaged by AEP's noncompliance and has made numerous pre-suit demands for compliance. AEP remains noncompliant. Plaintiff thus

9

requesst that the Court permanently enjoin defendant AEP from violating the FCRA, 15 U.S.C. §1681g, in the manner described herein.

WHEREFORE, plaintiff requests that the Court enter an order in favor of plaintiff and against defendant AEP:

      a.    enjoining AEP from further violations of 15 U.S.C. §1681g, as described herein; and

      b.    any other relief the Court finds appropriate.

Respectfully submitted,

Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands a trial by jury.

Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288

(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby puts defendant on notice that, in discovery, he intends to request all documents, data and other things concerning plaintiff, plaintiff's credit file, credit reports and all tradelines and other data relating to such, and all documents, data and other things concerning the events and allegations in the complaint.  In addition to defendant's typical duty to preserve evidence, demand is made to defendant to preserve these specific materials, and to preserve them for discovery in this suit.

<u>Alexander H. Burke</u>

# Exhibit A



**AMERICAN®**
**ELECTRIC**
**POWER**

American Electric Power
1 Riverside Plaza
Columbus, OH 43215
AEP.com

James J. Novak
███████████████

December 21, 2009

Dear Mr. Novak:

Marilyn McConnell
Senior Counsel
14/716-2964 (P)
14/716-1687 (F)
mcconnell@aep.com

     I received your letter of December 11, 2009, whereby you allege that a James Smith is using your identity in some fashion. I am sorry you are going through this, but there is nothing in your letter that connects any of this to American Electric Power. We do not provide electric service anywhere in Illinois and do not have an account associated with your social security number. You may have written to the wrong utility—your address calls us American Electric and Power, which is not our name.

     You should contact your own utility or the credit reporting agency that you indicated mixed up your credit with Mr. Smith.

Sincerely,

Marilyn McConnell

# Exhibit B



American Electric Power
1 Riverside Plaza
Columbus, OH 43215
AEP.com

James J. Novak, Jr.

January 14, 2010

Dear Mr. Novak:

arilyn McConnell
enior Counsel
14/716-2964 (P)
14/716-1687 (F)
mcconnell@aep.com

      I have reviewed your letter as well as the "documentation" regarding the customer information you are attempting to obtain. I do not see any evidence of fraudulent activity, nor did our customer obtain, or attempt to obtain, credit based on any of your information, and thus I do not believe the Fair Credit Reporting Act applies to this situation.

      We cannot release another person's personal information unless it is in response to a subpoena. I have spoken with Cheryl at the number you provided and she tells me that she told you the same thing. It is our best guess that the credit reporting agency has mixed up your information with another person's information. I understand that the credit reporting agency will not release information to you. I suggest that you talk to an attorney as I am not allowed to give you legal advice. An attorney could tell you what options are available to you in this circumstance.

      Please direct all future correspondence to me, or in the event you do file suit against your credit reporting agency, please direct any subpoenas to me.

Sincerely,

Marilyn McConnell

*Doc #396227.v1 Date: 1/14/2010 1:44 PM*