Case: 1:11-cv-06256 Document #: 13 Filed: 12/08/11 Page 1 of 6 PageID #:77



### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN,  )  <br> Plaintiff, ) <br> v. ) Case No. 11-cv-6256 <br> ) <br> ASSET ACCEPTANCE CAPITAL CORP. ) Judge Zagel <br> Defendant. ) | |

### PROTECTIVE ORDER

The parties agree that disclosure and discovery activity in the above-captioned litigation may require the disclosure of documents, things, and information (collectively, "Information") in the possession, custody, or control of Plaintiff Nicholas Martin ("Martin"), Defendant ASSET ACCEPTANCE CAPITAL CORP ("AAC"), other parties who may be added to this case at a later date, and non-parties, which may be protected under constitutional, statutory, or common law rights to privacy, or constitute or contain trade secrets. Without waiver of objections to the discoverability of any documents, the parties intend to provide a mechanism for the discovery of relevant Information, otherwise not objectionable, in a manner which protects all parties, including non-parties to this litigation, from the risk of disclosure of such confidential Information. Nothing in this Order is intended, or shall be construed, to expand or restrict the scope of discoverable materials, or affect the scope of materials that may be designated as confidential and subject to any protective order, and shall not otherwise affect any person's burden or duty to comply with the Federal Rules of Civil Procedure, including but not limited to Fed.R.Civ.P. 26.

NOW, WHEREFORE, good cause having been shown, the parties in the above-captioned litigation hereby STIPULATE AND AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

1. Nothing herein shall be deemed: (1) a waiver of any objection any party or non-party may raise to the production of any documents and in support of a refusal to produce such documents, or (2) an admission to the relevancy of the documents requested.

2. This Protective Order governs the handling of Information, including, but not limited to, documents, deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, and any summaries or descriptions of such documents and information, produced or provided by any party or other person in response to a discovery request in this action.

3. The parties agree that Information obtained through discovery in this action shall be used solely by the parties to this litigation for purposes of this action. This provision shall not be construed as a waiver of the right of any party to seek Information in any other action or arbitration, including the same Information obtained through discovery in this action.

130215358v1 0927506

4. Any party or other person producing any Information in response to a discovery request or subpoena in this action (a "Producing Person") may unilaterally and in good faith designate such Information as "Confidential" in accordance with Paragraphs 5 through 6 below.

5. A party may only designate documents confidential if there is a legitimate legal basis for confidential treatment under the Federal Rules. Information may be designated as "Confidential" if the following three criteria are met: (a) the information contained or expressed therein has not been disclosed to the public, and (b) if public disclosure of such information is either restricted by law or would, in the good faith opinion of the Producing Person, adversely affect its business, commercial, financial, or personal interests, or be reasonably likely to pose a risk of significant harm to the Producing Person's competitive or financial position, and (c) the confidential designation is consistent with the standards set forth in the Federal Rules and relevant case law. Furthermore, information may be designated as "Confidential" if the information in the good-faith opinion of the Producing Person contains (a) trade secrets or other commercially sensitive, confidential research, development or commercial information, or highly sensitive or personal financial information, and (b) the confidential designation is consistent with the standards set forth in the Federal Rules and relevant case law .

6. Information may be designated as Confidential by stamping such designation on the Information or electronic media containing the Information. Any Confidential information not reduced to documentary, tangible or physical form or which cannot conveniently be designated, including but not limited to data contained in any electronic form, shall be designated Confidential by informing the receiving party in writing that all of the information is confidential. If any party produces Confidential material stored electronically, including but not limited to production of magnetic diskettes or downloaded or uploaded files transferred by any method, then all of that information retains its Confidential nature regardless of whether the information is manipulated or converted to any other media including but not limited to the creation of print-outs or other hard copies and conversations or manipulation of data for whatever purpose including but not limited to conversation or manipulation for processing by any other computer hardware or software. The party must make a good faith effort to label such media as confidential, but must not alter the document's native integrity in doing so.

7. Neither the designation by a party of any document, information or deposition testimony as Confidential hereunder, nor its receipt by the other party, shall constitute a concession that the document, information or deposition testimony is confidential. But the receiving party will treat all Information designated "Confidential" as designated and in the manner described below unless and until the parties agree otherwise or the Court orders otherwise.

8. If any party receiving Information objects to the classification of such Information as "Confidential" and the parties cannot resolve the objection informally either party may move for an order within fifteen (15) court days of the receiving party's written objection to be heard at the earliest time permitted by the Court's calendar to determine whether the Information has been properly designated. In such an event, the burden shall remain on the Producing Person to demonstrate that protection of the Information is proper. However, until a motion is filed and resolved by the Court, all materials designated "Confidential" shall be treated as designated and in the manner described in Paragraphs 9 through 14 below.

9. Except as provided herein, or upon order of the Court, without prior express written permission from the Producing Party, counsel shall not deliver, exhibit, or disclose any Information designated as "Confidential" to any person(s), organization(s), or group(s), except those permitted by Paragraphs 10 through 14 below, and shall not discuss any such Information with any person(s), organization(s), or group(s), except those permitted by Paragraphs 10 through 14 below.

10. Information designated as "Confidential" may be used solely by the parties to this litigation in preparation for and during the trial or mediation of this litigation. This provision shall not be construed as a waiver of the right of any party to seek Information in any other action or arbitration, including the same Information obtained through discovery in this action. The parties stipulate that such Information obtained through discovery in this action will be held in strict confidence and shall not be disclosed, except as otherwise provided herein, to any person other than:

a) the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

b) counsel to all parties in this litigation, including "outside" counsel of any party's members, and the counsel's regular and temporary employees and service vendors;

c) author(s), addressee(s), subject(s), and recipient(s) of the Confidential Information;

d) experts and consultants (and their employees, agents or other persons hired or used by them) employed by or retained by any of the parties to this litigation or their counsel who are assisting counsel in the prosecution or defense of this litigation pursuant to the provisions of Paragraph 12 below;

e) actual or potential deponents or witnesses in this action, and their counsel, during the course of their depositions or testimony or, to the extent necessary, in preparation for such depositions or testimony, subject to the notice provision in Paragraph 12 below;

f) The parties to this litigation; and

g) stenographers engaged to transcribe depositions conducted in this action.

11. Except by written consent of the Producing Person, each person (other than those in the categories noted in Paragraph 10(a) through 10(d) and 10(f)) to whom Information designated as "Confidential" may be disclosed under this Protective Order shall be provided with a copy of this Protective Order and shall certify in the declaration attached as Exhibit A, prior to the time he or she receives such Information in any form whatsoever, that he or she has read the Protective Order and understands its terms and agrees to be bound by its terms. Counsel disclosing Information designated as "Confidential" to any such person shall retain the original executed copy of the declaration and is required to disclose the executed declarations to opposing counsel.

130215358v1 0927506

12. Counsel may make copies of Information designated as "Confidential" for the purpose of filing copies with the Court. However, any Information designated as "Confidential," or copies thereof, or any pleading, memorandum of law, motion or other document submitted to the Court disclosing any such Information, shall be filed under seal pursuant to this stipulation and order if the Court permits, and upon such terms as the court deems proper, and shall remain under seal, unless or until modified by Court order.

13. Failure to designate Information as "Confidential" using the procedures described above shall not operate to waive a party's right to later so designate such material, as long as the material has not already been made public. Once such a designation is made by written notice and new copies of properly marked materials sent to all counsel in the litigation, the designated Information shall be treated thereafter as "Confidential" in accordance with this Stipulation and Protective Order. In the event that there is an interval between the written notice and the provision of new copies of properly marked materials, the parties shall use their best efforts to treat those documents identified in the written notice according to their new designation until such time as the properly marked materials are received.

14. With respect to Information produced by a party as to which the party inadvertently failed at the time of production to assert a claim of attorney-client privilege or work product immunity, such production shall not be a waiver of that privilege or immunity claim. Assertion of the privilege or claim of immunity shall be made by written notice as soon as practicable after learning of the inadvertent disclosure. If there is no objection to the assertion of privilege or immunity, within fifteen (15) days after receiving a written request from the Producing Person, a party receiving such Information must return it and all copies thereof to the Producing Person regardless of whether the receiving party contests the Producing Person's claim of privilege or immunity. The cost, if any, for returning such Information from the paper or electronic files of the receiving party shall be borne by the Producing Person. A party may, by motion, after conferring with opposing counsel in a good-faith effort to resolve by agreement any dispute regarding the Producing Person's assertion of attorney-client privilege or work product immunity, contest the Producing Person's claim of privilege or immunity. Nothing in this provision is designed to limit the parties' rights regarding inadvertent disclosure of privileged materials under Federal Rule of Civil Procedure 502.

15. Subject to the provisions herein and the Federal Rules, deposition transcripts or portions of deposition transcripts may be designated "Confidential" within fifteen (15) days of transcription of a transcript. A party wishing to designate portions of any transcript may designate the transcript or portions thereof as "Confidential" at any time during or after a deposition. Any deposition transcript shall be treated as Confidential until fifteen (15) days after its transcription, or as otherwise agreed by the parties.

16. This Protective Order shall not affect:

a) any party's right to seek an order compelling discovery with respect to any discovery request;

b) any party's right to object to any discovery or the production of any information or documents;

4

c) any party's right to use or object to the admission of any evidence on any grounds in any proceeding herein;

d) any party's right to use its own documents produced in this litigation with complete discretion; however the producing party shall seasonably notify all other parties of any change in circumstance concerning justification for Confidential treatment (e.g. public disclosure of the material thorough means other than through this litigation).

17. Upon the happening of both: (a) the expiration of 15 days after final resolution of this Litigation, including all appeals, and (b) demand by the producing party, all Information designated as "Confidential" shall be returned to the Producing Person including all copies made of Information designated as "Confidential."

18. This Protective Order may be modified by further order of the Court, or by agreement of counsel for the parties subject to the approval of the Court, provided that any such agreement shall be in the form of a written stipulation filed with the clerk of the Court and made a part of the record in this case.

IT IS SO ORDERED.

ENTERED:

Date: December 8, 2011

_____
JAMES B. ZAGEL
U.S. District Judge

## **EXHIBIT A**

1.  I,_____, residing at _____, have read the foregoing Protective Order (the "Order") in the case captioned *Martin v. Asset Acceptance Capital Corp.*,. 11-cv-6256 (the "action"). I agree to be bound by its terms with respect to any documents designated as "Confidential" thereunder that are furnished to me as set forth in the Order.

2.  I further agree: (a) not to disclose to anyone any documents, or any information contained in documents, designated as "Confidential" other than as set forth in the Order; and (b) not to make any copies of any documents designated as "Confidential" except in accordance with the Order.

3.  I hereby consent to the jurisdiction of the United States District Court for the Northern District of Illinois with regard to discovery in this case, including any proceedings to enforce the terms of the Order against me.

4.  I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the action, and for no other purpose, and will not be used by me in any business or personal affairs of my employer or of my own; nor will the information contained therein be shared or otherwise imparted by me to any other person. At the conclusion of the action, I agree that all documents designated Confidential in my possession or control, must be returned to the party that shared them with me or its counsel.

_____          _____
Signature                                                    Date

130215358v1 0927506