**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NICHOLAS MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | Case No. 1:11-cv-6256 |
| **ASSET ACCEPTANCE CAPITAL CORP.** | ) | |
| | ) | Judge Zagel |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS COUNTS I AND II OF THE**
**AMENDED COMPLAINT**

Defendant, **ASSET ACCEPTANCE, LLC**, ("Asset"), by and through its attorneys, David M. Schultz, Jennifer W. Weller and Todd P. Stelter, for its Rule 12(b)(6) Motion to Dismiss Counts I and II of the Amended Complaint, states as follows:

## I.     Introduction

Plaintiff's original complaint was filed on September 8, 2011. [Doc.No.1]. Defendant, Asset Acceptance Capital Corp. filed a motion to dismiss pursuant to Rule 12(c) on November 15, 2011. [Doc.No.9]. In response, plaintiff filed an amended complaint naming Asset Acceptance LLC as the defendant and terminating Asset Acceptance Capital Corp. as the defendant. [Doc.No.18]. Plaintiff's amended complaint, filed on January 18, 2012, is attached hereto as Exhibit A. This Court should dismiss Counts I and II[1] of plaintiff's amended complaint pursuant to Rule 12(b)(6) for failure to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

---

[1]     Defendant offered judgment to plaintiff on Count III of the amended complaint which was accepted. Therefore, only Counts I and II are still at issue.

Plaintiff, a professional litigant,[2] has filed an amended complaint which purports to allege violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). (Ex. A). In Count I, plaintiff alleges that defendant violated FCRA section 1681b(f)(1). (Ex. A ¶¶ 35-42). Count I alleges both "willful noncompliance" under FCRA section 1681n and "negligent noncompliance" under section 1681o. (Ex. A ¶ 42). In Count II, plaintiff alleges that defendant violated FCRA section 1681b(f)(2). (Ex. A ¶¶ 43-50). Again, Count II alleges both "willful noncompliance" under FCRA section 1681n and "negligent noncompliance" under section 1681o. (Ex. A ¶ 50).

Both counts should be dismissed. Plaintiff fails to allege a violation for "willful noncompliance" under FCRA section 1681n in Counts I and II because he has failed to allege "objectively unreasonable" conduct required by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), and further defined by *Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009). As a result, this Court should dismiss those portions of Counts I and II alleging "willful" violations under FCRA section 1681n.

Plaintiff also fails to allege a violation for "negligent noncompliance" under FCRA section 1681o in Counts I and II because he fails to properly plead actual damages as required by the statutory sub-section. As a result, this Court should also dismiss those portions of Counts I and II alleging "negligent" violations under FCRA section 1681o.

Finally, both Counts I and II also should be dismissed because plaintiff has failed to allege that defendant obtained a "consumer report" under the FCRA statutory definition.

---

[2] Nicholas Martin is currently listed on the Northern District of Illinois' PACER database as the named plaintiff in over 25+ consumer lawsuits from 2008 to present.

## II.    Facts

Plaintiff's complaint alleges that defendant violated FCRA sections 1681b(f)(1) and 1681b(f)(2).  (Ex. A).  Plaintiff alleges defendant violated FCRA section 1681b(f)(1) when "Defendant accessed and used plaintiff [sic] … consumer reports in violation of the FCRA because it did not have a valid permissible purpose to do so…"  (Ex. A ¶¶ 36-37).  Plaintiff alleges that he did not have any relationship with defendant "in March 2011" and thus defendant did not have a permissible purpose to access his consumer report.  (Ex. A ¶ 22.)  Plaintiff does not allege that he did *not* have a previous relationship with defendant.  In fact, plaintiff admits a previous collection relationship with defendant.  (Ex. A ¶¶ 19-20).  Plaintiff's amended complaint only alleges that plaintiff did not have any relationship with defendant in March 2011. This is not sufficient to state a claim under FCRA section 1681b(f)(1).

Plaintiff also alleges defendant violated FCRA section 1681b(f)(2) because "Defendant accessed and used plaintiff [sic] … consumer reports in violation of the FCRA because it accessed and used the consumer reports in a manner inconsistent with the terms and conditions of its permissible purpose certification to Trans Union, LLC."  (Ex. A ¶ 13).  Plaintiff does not define what "terms and conditions" he is referring to nor is it relevant under this section of the FCRA.  Most importantly, plaintiff never alleges that the certification being referred to did *not* comply with FCRA section 1681e.  He therefore fails to state a claim under this section of the FCRA also.

Finally, plaintiff alleges only legal conclusions regarding the purported "consumer report" obtained by defendant.  (Ex. A ¶ 14).  He fails to allege that defendant was not merely using any such report for "business, commercial, or professional purposes" and therefore also fails to properly allege that this case involves a consumer report at all.

### III.    Argument

### A.    *Iqbal* Describes the Applicable Standard of Review for a Motion to Dismiss for Failure to State a Claim.

The applicable standard for stating a claim in federal court is described in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).  To state a claim, plaintiff must provide more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 129 S.Ct. at 1949.  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id.*  A complaint should be dismissed when it fails to plead enough factual matter to state a claim plausible on its face.  *Id.*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S.Ct. at 1949 (citations omitted).

Plaintiff must do more than plead facts that are consistent with defendant's liability because that only shows the possibility, not the plausibility, of his entitlement to relief.  *Powell v. Pentagon Federal Credit Union*, 2010 WL 3732195, *3 (N.D. Ill. 2010) (Zagel J.) *citing Iqbal*, 129 S.Ct. at 1949; *Foster v. DeLuca*, 2009 WL 3156555, *2 (N.D. Ill. 2009) (Zagel J.) *citing Iqbal*, 129 S.Ct. at 1949.  Thus, a complaint will not suffice if it makes "naked assertions devoid of further factual enhancement."  *Foster* at *2 (quotation and citation omitted).

### B.  Any Claim for "Willful Noncompliance" Fails Under *Safeco* and *Levine* and this Court Should Dismiss Any Part of the Complaint Relying Upon or Alleging Willful Violation of the FCRA under Section 1681n.

This Court should dismiss any portion of plaintiff's complaint which alleges a claim for willful noncompliance under section 1681n.  This Court should follow the Eleventh Circuit's

analysis in *Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009),

applying *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), to similar facts.

The decision of the Supreme Court in *Safeco* governs claims for willful violations of the

FCRA. *Levine*, 554 F.3d at 1318. Under *Safeco*, to prove a willful violation under section

1681n of the FCRA, a plaintiff must prove that the defendant knowingly or recklessly violated

the requirements of the Act. *Safeco*, 127 S.Ct. at 2208. A defendant cannot be deemed to have

willfully violated the FCRA if its reading of the statute was "not objectively unreasonable," even

if it was wrong or careless. *Id*. at 2215.

The *Safeco* Court summed-up its guidance on the FCRA willfulness issue as follows:

> Where, as here, the statutory text and relevant court and agency guidance allow
> for more than one reasonable interpretation, it would defy history and current
> thinking to treat a defendant who merely adopts one such interpretation as a
> knowing or reckless violator. Congress could not have intended such a result for
> those who followed an interpretation that could reasonably have found support in
> the courts, whatever their subjective intent may have been. *Safeco*, 551 U.S. at 70
> n. 20.

In this case, plaintiff has failed to properly allege that defendant's conduct was

objectively unreasonable and thus has failed to state a claim under section 1681n. The amended

complaint's focus on defendant's subjective intent is meritless and irrelevant.

>    i.    ***It is Not Objectively Unreasonable to Obtain a Consumer Report Where a
>           Preexisting Relationship or Account Exists.***

In *Levine*, the Eleventh Circuit held that it is not objectively unreasonable to interpret the

Act to permit the sale of a consumer report for a previously open but currently closed debt

account. *Levine*, 554 F.3d at 1318-19. In *Levine*, plaintiff held a Structure credit card issued by

World Financial Network National Bank, a subsidiary of Alliance Data Systems, Inc. ("the

bank"). *Id*. at 1316. Plaintiff paid his balance in full and closed his credit account. *Id*. Nearly

four years later, the bank obtained plaintiff's credit report after it initiated a semiannual account

review program and began purchasing consumer reports from Experian, a credit reporting agency, twice a year. *Id*. Plaintiff sued Experian, the bank and Structure. *Id*. Plaintiff alleged that because his account was closed, there was not an account for the bank to review and the bank must have sought the report for a purpose other than those permitted by the FCRA. *Id*. Plaintiff also alleged that Experian failed to maintain reasonable procedures to ensure that it furnished reports only for permissible purposes. *Id*.

Experian, the bank, and Structure moved to dismiss and the district court granted their motions. *Id*. Plaintiff appealed but while the appeal was pending, settled his claims against the bank and Structure leaving Experian the lone remaining defendant. *Id*. Therefore, because the FCRA was interpreted differently in 2006, prior to *Safeco*, the Eleventh Circuit reversed and remanded, stating that the pleadings did not resolve whether Experian had reasonable grounds to believe that the consumer report would be used for an impermissible purpose and whether Experian made reasonable efforts to verify the validity of the request for the report. *Id* at 1317.

On remand and after discovery, Experian moved for summary judgment. *Id*. Experian argued that, as a matter of law, plaintiff could never prove a willful violation of the FCRA because the FCRA was unclear about sales of reports for consumers with closed accounts, and an interpretation that the sales were permitted was reasonable under the now intervening 2007 *Safeco* decision. On appeal, Experian argued that the FCRA did not clearly prohibit the sale of a consumer report for a closed account, and cited to the Eleventh Circuit's acknowledgment that the FCRA was "ambiguous" on the issue. *Id*. Experian also argued that it was entitled to summary judgment because it had obtained a certification and also because plaintiff could not prove a negligent violation of the FCRA in the absence of actual damages. *Id*.

The Eleventh Circuit, in light of *Safeco*, confirmed that the "text of the Act is far from 'pellucid,'" and thus the court could not "say that the term 'account' necessarily means 'an open account.'" *Id*. at 1318. The Eleventh Circuit thus held that it was "objectively reasonable" to interpret the FCRA to permit the sale of reports for consumers who had a previous relationship with the creditor but whose accounts were subsequently closed. *Id*. at 1318-19. The Eleventh Circuit confirmed that after *Safeco*, evidence of subjective bad faith cannot support a willfulness finding when the reading of the statute is objectively reasonable. *Id*. at 1319. Thus, the Eleventh Circuit's decision in *Levine* was a ruling of law and is equally applicable on motion to dismiss or summary judgment grounds: "*Safeco* instructs us not to consider … subjective intent … under *Safeco* there is no underlying purpose criterion to determine whether an interpretation of the Act is objectively reasonable. What matters under *Safeco* is the text of the Act and authoritative interpretations of that text." *Id*.

Likewise, other federal appellate authority has reached the same interpretation of the FCRA. In *Wilting v. Progressive County Mutual Insurance Co.*, 227 F.3d 474, 476 (5th Cir. 2000), the Fifth Circuit stated: "that neither the Act nor the FTC's commentary on the Act suggests that a report may only be permissibly obtained during particular points in the parties' relationship." The permissible purpose principles of *Levine* have also been extended equally to alleged users of consumer reports same as they were applied to credit reporting agencies. *See Banga v. Experian Information Solutions et al.*, 2010 U.S. Dist. LEXIS 25569 (N.D. Cal. 2010) (It is not objectively unreasonable to read the FCRA as permitting inquiries on closed accounts: … "even if [defendant] made the inquiries concerning plaintiff's credit after she closed her account, as she alleges, this would not give rise to a "willful" claim under 15 U.S.C. § 1681n. It is not objectively unreasonable to read § 1681b(a)(3) as permitting inquiries on closed accounts);

*Banga v. National Credit Union Adm. et al.*, 2009 U.S. Dist. LEXIS 93449 (N.D. Cal. 2009) (same).

**ii.      *If Defendant Had a Previous Relationship with Plaintiff, It Was Not Objectively Unreasonable to Obtain His Consumer Report and Plaintiff Cannot Plead a Willful Violation of the FCRA.***

*Safeco* and *Levine* establish that if defendant had a previous relationship with plaintiff, defendant could not have violated section 1681n of the FCRA in obtaining plaintiff's consumer report.[3]    For instance, if, as admitted here, (Ex. A ¶¶ 19-20), defendant had a previous relationship with plaintiff as to an account, even if the account were paid or settled, it was still objectively reasonable under *Levine* for defendant to obtain plaintiff's consumer report. Therefore, under *Safeco*, plaintiff cannot plead a willful violation under FCRA section 1681n.

The FCRA also provides that there is a permissible purpose to furnish a report to a person if the consumer reporting agency has a "reason to believe" that the user intends to use the information in connection with review of an account of the consumer.  *Shah v. Collecto, Inc.*, 2005 WL 2216242, *12 (D. Md. 2005).  This "reason to believe" standard has likewise been applied to the users of the reports, and once authorized, the FCRA does not limit access to a consumer's credit information.  *Id.; see also Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977, *3 (D. Minn. 2011) (so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA).

---

[3]      *See also Pulliam v. American Express Travel Related Services Co. Inc. et al.*, 2009 WL 1586012, *3 (N.D. Ill. 2009) (Acknowledging that, had defendant properly argued it, *Levine* holds that Experian's interpretation of the FCRA was objectively reasonable and thereby Experian could not have been willfully noncompliant under FCRA section 1681n.  However, because defendant did not make this argument in this case and plaintiff also had separately alleged a claim under FCRA section 1681o for a negligent violation, (with actual damages), defendant's motion to dismiss was denied:  "[T]he [*Levine*] court considered … whether a credit reporting agency's interpretation of the FCRA was objectively unreasonable so as to trigger liability for willful noncompliance under section 1681n.  That is not the argument that American Express has made in the present case.").

Moreover, the FCRA can be read as affirmatively *requiring* entities like defendant to access credit information of persons like plaintiff, in order to maintain the accuracy of consumer credit information, even after a consumer has made payments or settled their debt. *See* 15 U.S.C. § 1681s-2(a)(2), entitled "*Duty to correct and update information*", 15 U.S.C. § 1681s-2(a)(3), entitled "*Duty to provide notice of dispute*", and 15 U.S.C. § 1681s-2(a)(4) "*Duty to provide notice of closed accounts*", and related paragraphs. *See also Fuges v. Southwest Financial Services, Ltd.*, 2011 WL 5865961, *4-8 (E.D. Pa. 2011) (noting that the FCRA has "less-than-clear statutory text", lacks "clarity", and holding that due to an astounding lack of judicial or agency guidance regarding the FCRA, no willful violation existed as a matter of law under *Safeco*).

As there are no contrary opinions to appellate level decisions like *Levine* or *Whiting*, under *Safeco*, the law provides conclusively that, in such a scenario, defendant had an objectively reasonable permissible purpose and cannot be willfully liable under 1681n. *See Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803-04 (7th Cir. 2010) (absent a contrary opinion from a court of appeals or federal agency suggesting that the company's understanding of the statute is wrong; and even if its construction of the statute turns out to be subjectively be a mistake, a defendant is deemed to have acted objectively reasonable and no willful violation can exist as a matter of law).

### iii.      *Plaintiff Must Plead the Lack of a Previous Relationship to State a Claim Under Section 1681n.*

As established above, under *Iqbal*, plaintiff is required to do more than make a few naked assertions that show the possibility of a claim. Plaintiff must plead enough factual content for "plausibility" such that this Court may reasonably infer that defendant is liable. Since under *Safeco* and *Levine*, it is an objectively reasonable interpretation of the FCRA to believe that the

parties' prior relationship gives a party a permissible purpose to access a consumer report, plaintiff must plead the lack of a previous relationship with defendant (or the complete lack of existence of an account) to allege a willful violation of section 1681b(f) under section 1681n.

### iv. *Plaintiff Fails to Allege that He Did Not Have a Previous Relationship or Account with Defendant.*

In this case, plaintiff admits that he had a previous relationship with defendant, (Ex. A ¶¶ 19-20), and that is fatal under *Levine* to all of his purported FCRA claims alleging willful misconduct under section 1681n. Plaintiff fails to allege that he did *not* have an account which involved defendant. Therefore, any claim brought under FCRA section 1681n fails as there is nothing objectively unreasonable plead under *Safeco*. Plaintiff only artfully alleges that he did not have any relationship with defendant *in March 2011* when his consumer report was allegedly accessed. (Ex. A ¶ 22.) This tricky timing qualification is intentional and is the type of "naked assertion" that pleads "possibility" rather than the "plausibility" required by *Iqbal*. Ultimately, plaintiff cannot state a section 1681n claim this way.

Under section 1681n, it is irrelevant that plaintiff claims no relationship with defendant *in March 2011* at the time his consumer report was allegedly accessed. This fact allegation does nothing to establish a plausible lack of permissible purpose. Like in *Levine*, if defendant had a previous relationship with plaintiff on a debt account, even one which may have subsequently been paid, an objectively reasonable permissible purpose existed to access plaintiff's consumer report under 1681b. In order to state a claim, plaintiff *must* plead that he never had a relationship with defendant. Otherwise, the factual situation is not relevantly different than the factual situation in *Levine*. Absent this crucial fact allegation, plaintiff fails to plausibly demonstrate entitlement to relief under section 1681n, *Safeco* and *Levine*.

In reality, plaintiff, a sophisticated professional litigant (see footnote 2 above) knows that he cannot make this crucial allegation. Thus, he is "hiding the pea in the shell" and skirting the spirit of Rule 8. This Court should not allow this. Pursuant to *Iqbal*, this Court should dismiss plaintiff's amended complaint, and because plaintiff also admits a previous relationship with defendant, this Court should rule that no willful violation under section 1681n can ever be plead. Therefore, the dismissal of plaintiff's amended complaint counts I and II should be with prejudice.

> **v.      *Plaintiff Also Fails to Allege a Willful Violation Regarding the Certification.***

Plaintiff's Count II allegations of willful misconduct regarding the certification are also similarly insufficient. (Ex. A ¶¶ 44-45.) FCRA section 1681b(f)(2) only says that "A person shall not use or obtain a consumer report for any purpose unless … the purpose is certified in accordance with section 1681e by a prospective user of the report through a general or specific certification." There are no allegations in plaintiff's amended complaint that no certification was provided or else that the certification provided was not in accordance with FCRA section 1681e. Therefore, this claim fails.

FCRA section 1681e provides, in pertinent part:

(a) Identity and purposes of credit users

Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

(b) Accuracy of report

11

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

As pointed out in *Breese v. TriAdvantage Credit Services, Inc.*, 393 F. Supp. 2d 819, 822 (D. Minn 2005), there are also no cases in existence where a permissible purpose exists, yet a separate cause of action is established under this provision of the FCRA. *See also Meeks v. Murphy Auto Group*, 2010 WL 5174525, *9 (M.D. Fla. 2010) (stating that it is not clear whether there even exists a separate cause of action under 15 U.S.C. § 1681b(f)(2) where a permissible purpose exists).

However, in order to even arguably violate FCRA section 1681b(f)(2), plaintiff must plead a violation of FCRA section 1681e. *Breese*, 393 F. Supp. 2d at 823. FCRA section 1681e, as applied to this case, provides four requirements addressed only *to the consumer reporting agency*, in this case Trans Union, such that: (1) Trans Union maintain reasonable procedures to limit the furnishing of consumer reports to permissible purposes; (2) Trans Union's procedures require that defendant identify itself and certify the purpose for which plaintiff's report was sought and to certify that the information will be used for no other purpose; (3) Trans Union will make reasonable efforts to verify new prospective users; and (4) Trans Union may not furnish a consumer report if it has reasonable grounds to believe that the consumer report will be used for an impermissible purpose. *Breese*, 393 F. Supp. 2d at 823.

Therefore, at least in 2005 before *Safeco*, in order for plaintiff to arguably state a cause of action under this provision of the FCRA, he must have alleged that *the consumer reporting agency*, Trans Union, who is not a party to this litigation, failed to provide these required procedures or that Trans Union's efforts were unreasonable. *Breese*, 393 F. Supp. 2d at 823. *Compare Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009) (where plaintiff *did* make allegations that the consumer reporting agency Experian had acted

unreasonably in determining whether a permissible purpose existed and the Court granted summary judgment as a matter of law in favor of Experian because, in part, after *Safeco*, Experian's subjective acts became irrelevant. Therefore, after *Safeco*, it is questionable whether any cause of action continues to exist under this section at all.)

However, here, same as the plaintiff in *Breese*, plaintiff argues only that *defendant* did not comply with the provision, not the consumer reporting agency identified as non-party Trans Union. (Ex. A ¶ 9). Plaintiff seems to overlook that FCRA section 1681b(f)(2) requires only a "general or specific" certification in accordance with FCRA section 1681e and nothing more. *Breese*, 393 F. Supp. 2d at 823. Given that there are no allegations that the certification was not made (general, specific or otherwise) and there are no allegations that Trans Union did not satisfy FCRA section 1681e, plaintiff has failed to state a claim pre or post *Safeco*. *Breese*, 393 F. Supp. 2d at 823; *see also Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 (5th Cir. 2000) (concluding that liability under § 1681e arises only if there has been an improper disclosure of a consumer report by a consumer reporting agency); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 646-47 (S.D. Ala. 2007) (FCRA section 1681e does not establish strict liability and plaintiff must minimally establish that the consumer reporting agency failed to follow reasonable procedures); *Andrews v. Trans Union Corp.*, 7 F. Supp. 2d 1056, 1067 (C.D. Cal. 1998) (court found that where a disclosure was made for a permissible purpose, then the inquiry ends, an no investigation of the reasonableness of the consumer reporting agency's procedures are necessary because it "makes no sense for a consumer whose file was disclosed only for a permissible purpose to nevertheless be able to challenge the reasonableness of the consumer reporting agency's procedures."); *Middlebrooks v. Retail Credit Co.*, 416 F. Supp. 1013 (N.D. Ga. 1976) (court endorsed the proposition that once it is shown that the information was relevant

and for a permissible purpose, it need not inquire into the reasonableness of the underlying procedures adopted by the agency to assure that the information will be furnished for purposes defined as permissible under the Act.)

This Court should dismiss plaintiff's amended complaint for the same reasons given by the court in *Breese*. *Breese v. TriAdvantage Credit Services, Inc.*, 393 F. Supp. 2d 819, 822 (D. Minn 2005).

### C. Any Claim for "Negligent Noncompliance" Under Section 1681o Should Also Be Dismissed Because Plaintiff's Failure to Plead Actual Damages Requires Dismissal.

This Court should also dismiss any claim brought under FCRA section 1681o for "negligent noncompliance" because plaintiff's complaint fails to properly allege actual damages.

One of the essential elements for maintaining any FCRA claim under section 1681o is that the plaintiff must have sustained an injury. *Johnson v. Equifax, Inc.*, 510 F. Supp. at 647-48. As it applies to the facts alleged by plaintiff's complaint, plaintiff must allege that he sustained an injury caused by his consumer report being transmitted to defendant. *Id.* However, there is nothing in plaintiff's amended complaint that even comes close to satisfying this requirement nor is it logically possible when plaintiff admits that his consumer data was only reviewed by defendant for its own internal "proprietary use". (Ex. A ¶ 18). Plaintiff's amended complaint should be dismissed because plaintiff has failed to allege sufficient facts to plausibly suggest he sustained an actual injury as a result of defendant's internal review of his account. Such a claim does not even make logical sense.

Plaintiff's counsel recently filed a similar complaint in *Novak v. Experian Information Solutions, Inc. et al.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011), which was dismissed, in part, for this same reason. Plaintiff's amended complaint in this case should be dismissed for the same reason. Here, plaintiff's amended complaint alleges only the following bare conclusion:

"Plaintiff and each class member have suffered concrete and ascertainable injury. Each person has been subjected to the same illegal invasion of privacy ..." (Ex. A ¶¶ 38, 46).

This conclusory allegation, like the conclusory damages allegations in *Novak*, is not sufficient to plausibly suggest that plaintiff is entitled to actual damages. Therefore, his claim under FCRA section 1681o should be dismissed.

The court in *Novak* held that "plaintiff bears the burden of establishing that he is entitled to damages." *Novak*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011) *citing Ruffin-Thompkins v. Experian Info. Solutions*, 42 F.3d 603, 608 (7th Cir. 2005). "Here, however, as currently pled, Plaintiff's complaint fails to satisfy that minimal requirement. Plaintiff has not provided even the slenderest of allegations to buttress the conclusion that he suffered actual damages in support of a theory of negligent violation under § 1681o ..." *Novak* at 623.

### D. Plaintiff has Failed to Allege That this Case Involves a "Consumer Report".

Counts I and II should also be dismissed because plaintiff's amended complaint fails to properly allege that the communication at issue in this case *is* a "consumer report". Under *Iqbal*, plaintiff must provide more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949. Furthermore, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.*

In referring to the purported "consumer report" at issue in this case, plaintiff's amended complaint only states legal conclusions and a recitation of what plaintiff apparently believes the FCRA requires to allege a "consumer report". Plaintiff alleges that defendant obtained and used "consumer reports", (Ex. A ¶ 14), and tries to allege that defendant used them for a consumer purpose, (Ex. A ¶ 18). However, plaintiff's allegations, if anything, appear to allege only that

defendant used any such reports for "business, commercial, or professional purposes" rather than "consumer purposes". (Ex. A ¶ 18). Therefore, the amended complaint is not sufficient under prevailing law for stating an FCRA claim.

Again, in *Novak v. Experian Information Solutions, Inc. et al.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011), plaintiff's counsel's similar complaint was also dismissed, in part, for this reason. Citing to *Ippolito v. WNS, Inc.*, 864 F.3d 440, 449-52 (7th Cir. 1988) and *McCready v. eBay, Inc.*, 453 F.3d 882, 889 (7th Cir. 2006), the court in *Novak* held:

> A report containing consumer information that is used not for "consumer purposes," but rather for "business, commercial, or professional purposes," is not a "consumer report" under the FCRA. *Novak*, 782 F. Supp. 2d at 622.

The court in *Novak* further noted that:

> [T]he fact that the reports *may* be consumer reports because [the credit reporting agency] originally collected the information for consumer purposes … is simply an insufficient basis upon which to impose liability against [defendant]." *Novak*, 782 F. Supp. 2d at 622 *citing Ippolito*, 864 F.3d at 453.

Plaintiff's amended complaint here fails for the same reason the complaint in *Novak* failed under *Ippolito* and *McCReady*. The FCRA "does not apply to reports utilized for business, commercial or professional purposes." *See McCready*, 453 F.3d at 889 *citing Ippolito*, 864 F.3d at 452 *citing* 116 Cong. Rec. 36,572 (1970) (remarks of Representative Sullivan); *see also Novak*, 782 F. Supp. 2d at 622. Plaintiff does not allege that defendant *did not* use his purported consumer report for "business, commercial, or professional purposes". In fact, all of the allegations in plaintiff's amended complaint referring to defendant seem to indicate that all defendant *did* with plaintiff's report was use it internally for its own business purposes or "proprietary use". (Ex. A ¶ 18). Under *Iqbal*, plaintiff has therefore only alleged "possibility" rather than "plausibility".

Like in *Novak*, plaintiff's allegations here "do not support the conclusion that [defendant] "used" or "obtained" Plaintiff's "consumer report". *Novak*, 782 F. Supp. 2d at 623. "Plaintiff's complaint thus fails to state a claim against [defendant] under § 1681b(f) …" *Id*. *See also Garnett v. Millenium Medical Management Resources, Inc.*, 2010 WL 5140055, *3 (N.D. Ill. 2010) (the failure to sufficiently allege that a communication constitutes a credit report requires dismissal).

WHEREFORE, defendant requests that Counts I and II of plaintiff's amended complaint be dismissed. In the alternative, defendant requests that this Court dismiss any part of Counts I or II relying upon or alleging a claim for "willful noncompliance" under FCRA section 1681n. Likewise, defendant requests that this Court dismiss any part of Counts I or II relying upon or alleging a claim for "negligent noncompliance" under FCRA section 1681o.

<div style="margin-left: 40%;">

Respectfully submitted,
**ASSET ACCEPTANCE, LLC**


By:____s/Todd P. Stelter____
    One of their Attorneys
    David M. Schultz
    Jennifer W. Weller
    Todd P. Stelter
    HINSHAW & CULBERTSON LLP
    222 N. LaSalle Street, Ste 300
    Chicago, IL 60601
    (312) 704-3000
    Fax: (312) 704-3001
    dschultz@hinshawlaw.com
    jweller@hinshawlaw.com
    tstelter@hinshawlaw.com

</div>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICHOLAS MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | Case No. 1:11-cv-6256 |
| **ASSET ACCEPTANCE CAPITAL CORP.** | ) | |
| | ) | Judge Zagel |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2012, I electronically filed **Defendant's Rule 12(b)(6) Motion to Dismiss Counts I and II of the Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Alexander Holmes Burke**
ABurke@BurkeLawLLC.com

and I hereby certify that on February 22, 2012, I mailed by United States Postal Service, the documents(s) to the following non-registered participants:

**n/a**

Respectfully submitted,
**ASSET ACCEPTANCE, LLC**


By:_____s/Todd P. Stelter_____
        One of its Attorneys
        David M. Schultz
        Jennifer W. Weller
        Todd P. Stelter
        HINSHAW & CULBERTSON LLP
        222 N. LaSalle Street, Ste 300
        Chicago, IL 60601
        (312) 704-3000
        Fax: (312) 704-3001
        dschultz@hinshawlaw.com
        jweller@hinshawlaw.com
        tstelter@hinshawlaw.com