**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NICHOLAS MARTIN,

      Plaintiff,

            v.

ASSET ACCEPTANCE, LLC,

      Defendant.

No. 11 CV 6256
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nicholas Martin brings this putative class action against Asset Acceptance, LLC

("Asset"), an Illinois Limited Liability Corporation, for violations of the Fair Credit Reporting

Act ("FCRA") and the Telephone Consumer Protection Act ("TCPA"). The parties have reached

settlement on the TCPA claims. Asset now moves to dismiss the remaining FCRA claims

pursuant to FRCP 12(b)(6).

For the reasons to follow, the motion to dismiss is granted in part and denied in part.

**I. BACKGROUND**

On October 7, 2008, Plaintiff Nicholas Martin paid off a $397 debt to Defendant Asset

Acceptance, LLC for purchases made from a retail clothing store. Martin disputes whether Asset

ever actually had good title to the debt. The debt was paid in full with a $0 balance owing at the

end of October 2008. Since paying off his debt, Martin has had no other dealings with Asset.

In March of 2011, Asset obtained detailed credit information about Martin from Trans Union,

LLC, a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a, in order to develop

a predictive model to evaluate "consumer credit information received and used pursuant to the

Service Agreements entered into with Trans Union." In order to access a consumer report in

accordance with the FCRA, Asset must have a permissible purpose and that purpose must also be

certified pursuant to § 1681e. Asset's two stated permissible purposes for accessing Martin's

credit information are for account review and for assessing existing credit obligations pursuant to

§ 1681b(a)(3).

On January 18, 2012, Martin filed an amended complaint naming Asset Acceptance, LLC

as the sole defendant.[1]  The complaint alleges two FCRA violations:  1) Asset lacked a

permissible purpose to access Martin's consumer report under § 1681b(f)(1) and 2) Asset's

purpose was not certified pursuant to § 1681b(f)(2).  Whether Asset actually had a permissible

purpose for retrieving Martin's credit information and whether Asset's purpose was certified

pursuant to the FCRA are factual disputes that cannot be decided at the motion to dismiss stage.

## II. STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted.  In order to survive such a motion, a

plaintiff's complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In considering a motion to dismiss for

failure to state claim, the court treats all well-pleaded allegations as true, and draws all

reasonable inferences in plaintiff's favor.  *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir.

2009).  The plaintiff need not plead particularized facts, but the factual allegations in the

complaint must be enough to raise a right to relief above the speculative level and provide the

---

[1]Plaintiff originally filed suit against Asset Acceptance Capital Corp.  Soon thereafter, Defendant's counsel advised him that Asset Acceptance, LLC and not Asset Acceptance Capital Corp. was the proper party to this litigation, since Asset Acceptance, LLC is the entity which acquired the consumer report on Plaintiff.

defendant with "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the plaintiff must plead facts that, when accepted as true, show the plausibility of its claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III. ANALYSIS

The FCRA was enacted to promote the equitable use of consumer credit information and to ensure fairness and accuracy within the credit reporting system. 15 U.S.C. § 1681. Section 1681b of the FCRA lays out the permissible purposes for which a person may use or obtain another individual's consumer report. When a violation of 1681b occurs, a plaintiff may base his allegations on negligent noncompliance (§ 1681o) and/or willful noncompliance (§ 1681n) of § 1681b.

      A.      <u>Counts I and II: Plaintiff's allegations that Asset negligently violated §§ 1681b(f)(1) and 1681b(f)(2)</u>

Any individual or entity that negligently violates any requirement of the FCRA will be liable for any actual damages sustained by the consumer as a result of the violation. 15 U.S.C. § 1681o(a). Actual damages "are real, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury." Black's Law Dictionary 467 (rev. 4th ed.1968). Both the Supreme Court and the Seventh Circuit have defined "actual damages" as the term pertains to the FCRA to include both pecuniary and nonpecuniary damages. F.A.A. v. Cooper, 132 S. Ct. 1441, 1449 (2012); *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609 (7th Cir. 2005). However, the Seventh Circuit has "maintained a strict standard for a finding of emotional damage because they are so easy to manufacture."

*Ruffin-Thompkins*, 422 F.3d at 609 (quoting *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004)).

In alleging actual damages, Federal Rule of Civil Procedure 8 allows the plaintiff a "liberal, but not nonexistent, pleading standard." *Johnson v. CGR Services, Inc.*, 04 C 2587, 2005 WL 991770 (N.D. Ill. Apr. 7, 2005). "The FCRA does not explicitly limit the 'actual damages' recoverable under the statute and a plaintiff does not need to plead damages with heightened particularity." *Id*. "However, the Complaint needs at least to give the other party some notice as to what the actual damages could possibly be." *Id*.

In Johnson, the plaintiff brought a claim for negligent noncompliance with the FCRA pursuant to § 1681o, alleging only that she had sustained "damages" as a result of the defendant's conduct. *Id*. The court noted that the plaintiff had in fact sustained actual damages, as her wages were garnished and her credit score presumably damaged in relation to the controversy alleged. *Id*. However, while ruling on a 12(b)(6) motion to dismiss, the court correctly determined that the issue is not whether she could prove her damages, but whether she stated a proper claim for relief. *Id*. In the end, since the plaintiff never gave mention to actual damages in her complaint, the court dismissed the FCRA claim for the plaintiff's failure to sufficiently plead actual damages. *Id*.

The allegations and facts in the present case dictate a similar result. Similar to Johnson, Plaintiff Martin's complaint does not give this court the faintest idea as to the actual damages he sustained. The only reference made to damages is Martin's assertion that his privacy was invaded, but the complaint does not give Defendant or this court notice as to what the damages might be.

4

Plaintiff argues that actual damages "can at least partially be quantified through examination of the value of the information to defendant." This is a dubious claim. One party's subjective valuation of information does not serve to quantify any injury that use of that information may cause. Even if this were a logically sound proposal, it does not really get us anywhere–how are we to quantify the value of the information to Defendant? Plaintiff alleges that Defendant was aggregating thousands of consumer reports to build a broad predictive model. While the collective information might have value for these purposes, the value of any single report is negligible.

Martin next argues that invasion of privacy alone constitutes actual damages. In support of this argument, he cites a Ninth Circuit Court of Appeals case that drew a parallel between FCRA claims and the common law tort of invasion of privacy:

> "When a consumer brings an action for violation of the disclosure provisions of the FCRA, the Act's purpose of protecting consumer confidentiality is implicated. In that respect, such cases are akin to invasion of privacy cases under state law-cases where the plaintiff alleges that the defendant unlawfully invaded the plaintiff's privacy by obtaining information deemed confidential."

Myers v. Bennett Law Offices, 238 F.3d 1068, 1074 (9th Cir. 2001).

The Ninth Circuit's comparison between protecting confidentiality under the FCRA and state law invasion of privacy claims is well taken. However, invasion of privacy claims arising under both state and federal law typically require a plaintiff to allege some injury beyond the invasion itself. *F.A.A.*, 132 S. Ct. at 1456; *Johnson v. Kmart Corp.*, 723 N.E.2d 1192, 1196 (Ill. App. Ct. 2000).

In this court's search of invasion of privacy claims, nowhere was a case found to support the idea that "invasion of privacy" constitutes an actual damage. *Johnson v. Kmart*, for example,

established in Illinois the tort of "intrusion upon seclusion." 723 N.E.2d at 1196. The court there

set out four elements which must be pleaded in order to state a cause of action: (1) an

unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is offensive or

objectionable to a reasonable person; (3) the matter upon which the intrusion occurs is private;

and (4) the intrusion causes anguish and suffering. *Johnson v. Kmart*, 723 N.E.2d at 1196

(emphasis added); see also, *Melvin v. Burling*, 490 N.E.2d 1011, 1012 (Ill. App. Ct. 1986).

In these types of cases, the plaintiff will allege some type of actual damage, such as lost

credit or emotional distress, as a *result* of their privacy being invaded. Even in cases where

plaintiffs' damages are limited to nonpecuniary emotional or mental distress, plaintiffs do not

have a heavy burden to meet at the pleadings stage–they must merely state they have endured

emotional distress as a result of the defendant's conduct. *F.A.A.*, 132 S. Ct. at 1441;

*Ruffin-Thompkins*, 422 F.3d at 609.

Plaintiff has failed to meet that requirement here. After already providing Plaintff one

opportunity to amend the complaint, I am left to conclude that no actual damages exist, and I

grant the defendant's motion to dismiss parts of Counts I and II relying upon a claim for negligent

noncompliance under § 1681o.

B.      Count I: Plaintiff's allegation that Defendant willfully violated § 1681b(f)(1)

A plaintiff may also allege liability for willful noncompliance with the FCRA via

§ 1681n. Unlike § 1681o, § 1681n does not require proof of actual damages, as the plaintiff may

also recover statutory damages. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 59 (2007);

*Brittingham v. Cerasimo, Inc.*, 621 F. Supp. 2d 646, 649 (N.D. Ind. 2009). Plaintiff's failure to

allege facts giving rise to a facially plausible inference of actual damages therefore does not

defeat his claims for willful noncompliance. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507

F.3d 614, 622 (7th Cir.2007); *Brittingham*, 621 F. Supp. 2d at 649.

Defendant argues that Plaintiff's willful noncompliance claims cannot be sustained

because Plaintiff once had an open account with Defendant. In support of this argument,

Defendant cites *Levine v. World Financial Network Nat'l*, 554 F.3d 1314, 1318 (11th Cir. 2009).

In *Levine*, the Eleventh Circuit held that a credit reporting agency's interpretation of § 1681b as

permitting the sale of reports of consumers with closed accounts was not objectively

unreasonable. Therefore, under *Safeco Ins. Co. Of America v. Burr*, 554 F.3d 47 (2007),

Defendants argue, the plaintiff's willful noncompliance claim is foreclosed.

The same argument has been raised in this court before and was soundly rejected.

*Pulliam v. American Exp. Travel Related Services Co. Inc.*, No. 08-C6690, 2009 WL 1586012

(N.D. Ill. June 4, 2009). If Plaintiff was alleging that Defendant violated the FCRA only by

accessing consumer reports of past customers with closed accounts, but otherwise had a

permissible certified purpose for doing so, that would be one thing. But Plaintiff alleges that

Defendant accessed consumer reports under false pretenses and without a permissible purpose,

and that this is *evidenced* in part by the fact that Defendant sought reports on closed accounts.

Under Defendant's interpretation of *Safeco* and *Levine*, businesses and other entities that use

consumer reports would have *carte blanche* in accessing and using the reports of anyone who

previously had an open account with them, regardless of purpose. This is an absurd result that

Congress could not possibly have intended.

Finally, Martin need not explicitly allege that defendant obtained a "consumer report" for consumer purposes as opposed to "business, commercial or professional purposes." It can easily and plausibly be inferred from the face of the complaint that Martin alleges Asset used the report for consumer purposes.

Accordingly, Asset's motion to dismiss is denied as to Martin's pursuit of Count I through willful noncompliance.

C.      Count II: Plaintiff's allegation that Asset willfully violated § 1681b(f)(2)

Defendant argues that Plaintiff's willful noncompliance claim predicated on a violation of § 1681b(f)(2) must be dismissed. To begin, Defendant cites *Breese v. TRIADvantage Credit Services* to support the proposition that a separate cause of action cannot arise under § 1681b(f)(2) where a permissible purpose already exists. *Breese v. TRIADvantage Credit Services, Inc.*, 393 F. Supp. 2d 819, 820 (D. Minn. 2005). *Breese* is inapposite because I have made no finding that a permissible purpose existed.

Asset also contends that only consumer reporting agencies as defined by § 1681a can violate § 1681b(f)(2), which is not the case. The statute states that an individual or entity may not use a consumer report unless "the purpose is certified in accordance with Section 1681e of this title by a prospective *user* of the report through a general or specific certification." 15 U.S.C. § 1681b (emphasis added). While § 1681e lays out certification compliance procedures for CRAs, this does not mean that only CRAs can violate § 1681b(f)(2). *See generally Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 731 n. 14 (C.A.7 (Ill.), 2004).

Defendant next argues that Plaintiff has not alleged that Defendant failed to obtain general or specific certification to access the report. I disagree. Plaintiff not only alleges that

Defendant obtained certification under false pretenses–which I agree is more properly brought

under § 1681b(f)(1),  *See Phillips v. Grendahl*, 312 F.3d 357, 364 n. 6 (C.A.8 (Minn.), 2002),

*overturned on other grounds*, *Safeco*, 551 U.S. 47–but also, in paragraph 13 of the Amended

Complaint, alleges that Defendant was not the party who obtained certification to access the

consumer report.  Whether Asset Acceptance Capital Corp. and Asset Acceptance, LLC are

distinct legal entities is a question of fact that I must decide at a later stage.  For now, the claim

for willful violation of § 1681b(f)(2) survives.

**IV. CONCLUSION**

For the foregoing reasons, the motion to dismiss is denied as to Plaintiff's claim for

willful violation of § 1681b(f)(1) and § 1681b(f)(2) and granted as to all other claims.

ENTER:

James B. Zagel
United States District Judge

DATE:  July 25, 2012