IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) ASSET ACCEPTANCE, LLC, ) ) ) Defendant. ) ) | Case No.: 1:11-CV-6256<br><br>Judge Zagel<br>Magistrate Schenkier |

ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT

Defendant, Asset Acceptance, LLC, ("Asset" or 'Defendant"), by its attorneys, David M. Schultz, Jennifer W. Weller and Todd P. Stelter, for its Answer to Plaintiff's Amended Complaint, states as follows:

1. Plaintiff Nicholas Martin brings this action against Asset Acceptance, LLC ("Asset") to secure redress for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA").

**ANSWER:** Asset admits only that Plaintiff filed an Amended Complaint claiming violations of FCRA and the TCPA. Answering further, the TCPA claim has been resolved and Asset denies violating either statute. Asset denies all remaining allegations contained within this paragraph.

2. The FCRA, 15 U.S.C. §1681b, prohibits any person from using or obtaining the consumer report of another, unless the circumstances fall within very limited exceptions:

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

**ANSWER:** Asset admits that Plaintiff filed an Amended Complaint purporting to cite out-of-context and incomplete portions of the FCRA. Asset denies Plaintiff's characterizations of the FCRA to the extent they are inconsistent with or contrary to the terms of the FCRA or the case law interpreting the FCRA. Asset denies violating the FCRA. Asset denies all remaining allegations contained within this paragraph.

3. Defendant accessed plaintiff and thousands of others' consumer reports in March 2011, when it did not have a permissible purpose for doing so, and in a manner inconsistent with its "account review" permissible purpose certification.

**ANSWER:** Asset admits only that it asked for and received certain information about consumers from Trans Union in March 2011. Asset denies all remaining allegations contained within this paragraph.

4. Asset then used the information it harvested in a manner inconsistent with its proffered "account review" permissible purpose, by loading the data into an algorithm to help it predict, among other things, how likely consumers other than the persons whose information it accessed will pay their debts.

**ANSWER:** Asset admits that it used the information to develop predicative models that would help it predict consumer behavior. Asset denies all remaining allegations contained within this paragraph.

## JURISDICTION AND VENUE

5. The Court has federal question jurisdiction over the FCRA claims. The court also has federal question jurisdiction over the TCPA claims. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005). If Brill were to be abrogated or overruled, there is supplemental jurisdiction over the TCPA claims.

**ANSWER:** Asset admits that Plaintiff filed an Amended Complaint that purports to allege an FCRA claim, which is a federal statute under which this Court has federal question subject matter jurisdiction. Asset denies all remaining allegations contained within this paragraph.

6. Venue is proper because a substantial portion of the events complained of occurred in this District.

**ANSWER:** Asset lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

## PARTIES

7. Plaintiff is an individual who resides in this District.

**ANSWER:** Asset admits that its business records contain a PO Box in Chicago, Illinois for Plaintiff's address. Asset lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.

8. Asset Acceptance, LLC is one of the largest debt collection agencies and debt buyers in the United States. According to its website, www.assetacceptance.com, it has a "legal" office at 55 E. Jackson Blvd., Chicago, Illinois.

**ANSWER:** Asset denies that, according to its website, www.assetacceptance.com, it has a "legal" office at 55 E. Jackson Blvd., Chicago, Illinois. Asset lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.

9. Non-party Trans Union, LLC is a Consumer Reporting Agency as that term is defined in the FCRA. It, for monetary fees, dues or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling and evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties such as Asset Acceptance, LLC. Trans Union, LLC uses means of interstate commerce for the purpose of preparing or furnishing consumer reports.

**ANSWER:** Asset admits, on information and belief, that Trans Union, LLC ("TU") is a "consumer reporting agency" as that term is defined in the FCRA. Asset admits that it has asked TU to furnish consumer credit information to it in the past. Asset lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.

**FACTS**

10. Asset Acceptance, LLC obtained and used plaintiff and thousands of other persons' credit information on or about March 2011. It obtained the information from Trans Union, LLC.

**ANSWER:** Asset admits only that it obtained information about Plaintiff and others from TU in March 2011. Asset denies all remaining allegations contained within this paragraph.

11. The information Asset obtained and used was gathered by Trans Union, LLC and bears on plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living, and was used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance, employment or other FCRA purpose. Trans Union, LLC regularly gathers information for such purposes, and did so as to each class member.

**ANSWER:** Asset lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

12. The information Asset obtained includes, for example, name, address, information regarding overdue accounts and information about other consumer report tradelines.

**ANSWER:** Asset admits that the information it obtained in March 2011 from TU included some of the information identified in paragraph 12. Asset denies all remaining allegations contained within this paragraph.

13. The certification provided to Trans Union, LLC pursuant to 15 U.S.C. § 1681b(f)(2) for the March 2011 data harvest was executed by Asset Acceptance Capital Corp., not Asset Acceptance, LLC.

**ANSWER:** Asset admits only that an exhibit dated March 2, 2011 to an agreement between Asset Acceptance, LLC and Trans Union, LLC dated November 25, 2002 and entitled "Agreement for Trans Union Data Services" is signed by Belle Chen under the heading "Asset Acceptance Capital Corp." Asset denies all remaining allegations contained within this paragraph.

14. Asset Acceptance, LLC obtained and used plaintiff and the class member's consumer reports to help develop its database of information designed to help it predict consumer behavior.

**ANSWER:** Asset admits that it used the information from TU to develop predicative models regarding consumer behavior. Asset denies all remaining allegations contained within this paragraph.

15. According to discovery responses signed by Belle Chen, Director of Predictive Analytics & Shared Services for Asset Acceptance, LLC, Asset claims to have had two permissible purposes to have accessed the credit information of plaintiff and the class: "[1] to review the account as well as [2] for the purpose allowed by Section 604(a)(3)(E) of the FCRA."

**ANSWER:** Asset denies all allegations contained within this paragraph.

16. Upon information and belief, Asset does not claim to have any other permissible purpose for accessing plaintiff or the class members' consumer reports in March 2011.

**ANSWER:** Asset denies all allegations contained within this paragraph.

17. However, Asset did not use the information it harvested to review plaintiff's specific account or accounts, and did not use the information it harvested to review any class member's specific account(s), either.

**ANSWER:** Asset denies all allegations contained within this paragraph.

18. Instead, according to sworn interrogatory responses, Asset used the credit information of plaintiff and the class in order to help build a predictive modeling algorithm. Asset described it this way:

> The information reviewed in 2011 was related to predictive modeling, which is the process by which a statistical model is constructed to best predict the probability of an outcome, such as the probability of recovering charged·off debts. The model is typically expressed in mathematical formula, which contains a measured outcome (e.g., payers or non·payors of charged-off debts) explained by a number of predictors (e.g., credit scores and credit attributes) that are more likely to affect the outcome. In this case, the consumer's credit scores and credit attributes from the March 2011 data pull, considered as potential predictors to how likely charged-off debts can be recovered, were part of the data elements collected to support the model development process.

\*\*\*\*

The models were developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes.

**ANSWER:** Asset admits only that these words appeared in answers to interrogatories provided by Asset in this case. Asset denies all remaining allegations contained within this paragraph.

19. Although plaintiff paid money to Asset in order to satisfy an alleged debt Asset claimed plaintiff owed it in October 2008, Asset has never provided any documents demonstrating that it actually had title to the alleged debt that plaintiff paid, including in response to discovery demanding such in this case.

**ANSWER:** Asset denies all allegations contained within this paragraph.

20. Upon information and belief, based upon the absence of evidence and the circumstances of the dealings between Asset and plaintiff, Asset Acceptance, LLC did not have good title to the alleged debt that plaintiff paid off to Asset in October 2008.

**ANSWER:** Asset denies all allegations contained within this paragraph.

21. Regardless of whether Asset ever had title to the alleged debt that plaintiff paid off in October 2008, Asset did not have the right to access his consumer report two and a half years later in March 2011, after the debt had been paid off, in connection with building its predictive modeling algorithm.

**ANSWER:** Asset denies all allegations contained within this paragraph.

22. Plaintiff did not have any relationship with Asset Acceptance, LLC in March 2011. The alleged account upon which Asset rests its supposed "right" to access plaintiff's consumer report was paid off, settled in full with $0 balance owing in October 2008, and was closed.

**ANSWER:** Asset admits only that Plaintiff paid the balance owing on the account. Asset denies all remaining allegations contained within this paragraph.

23. In other words, the alleged account of plaintiff was closed with no balance owing in March 2011.

**ANSWER:** Asset admits there was no balance owing on the account as of March 2011. Asset denies all remaining allegations contained within this paragraph.

24. The use of consumer reports of persons whose accounts have been closed for three years (or with whom you never had a relationship) for the purpose of building one's predictive modeling algorithm is not an "account review" permissible purpose as that term is defined by the FCRA, 15 U.S.C. §1681b(a)).

**ANSWER:** Asset denies all allegations contained within this paragraph.

130410275v1 0927506

25. Asset's other proffered "permissible purpose" for accessing plaintiff and the class members' consumer reports FCRA, 15 U.S.C. § 1681b((a)(3)(E) is inapplicable, because the accounts of these persons were not "existing credit obligations." The accounts were paid in full or completely settled with zero balance owing.

**ANSWER:** Asset denies all allegations contained within this paragraph.

26. Furthermore, the FCRA section 1681b(f)(2) requires those that access or use consumer reports to certify how they will use the consumer report information they receive. The FCRA imposes liability for using or obtaining a consumer report in violation of the FCRA. Cole v. US Capital, 389 F.3d 719 (7th Cir. 2004)(referencing 15 U.S.C. §§ 1681b(f)(1) & (2)).

**ANSWER:** Asset denies all allegations contained within this paragraph.

27. Asset Acceptance violated the terms of its FCRA §1681b(f)(2) certification to Trans Union, LLC when it accessed the consumer reports of plaintiff and others whose alleged accounts had been closed with zero balance owing before it accessed such in March 2011. Asset Acceptance therefore also obtained plaintiff and the class members' consumer reports under false pretenses.

**ANSWER:** Asset denies all allegations contained within this paragraph.

## CLASS ALLEGATIONS

28. Plaintiff brings Counts I and II on behalf of the same class, which consists of:

All persons with Illinois addresses, whose credit information defendant accessed within two years of filing of this action, where the alleged Asset Acceptance, LLC account upon which defendant based its alleged permissible purpose had been closed with zero balance owing for at least one year in March 2011.

**ANSWER:** Asset admits that Plaintiff seeks to bring this action on behalf of a class. Asset denies that a class should be certified under Plaintiff's theory and denies all remaining allegations contained within this paragraph.

29. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant had a permissible purpose for accessing the consumer report of persons with whom its relationship had ended a year prior;

    b. Whether defendant violated the terms of its permissible purpose certification with Trans Union, LLC when it accessed the class members' consumer reports;

    c. Whether such violations were willful or negligent; and

    d. Damages.

130410275v1 0927506

**ANSWER:** Asset denies all allegations contained within this paragraph.

30. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:** Asset denies all allegations contained within this paragraph.

31. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:** Asset denies all allegations contained within this paragraph.

32. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** Asset denies all allegations contained within this paragraph.

33. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:** Asset denies all allegations contained within this paragraph.

34. The identity of the class is likely readily identifiable from defendant's records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:** Asset denies all allegations contained within this paragraph.

### COUNT I – FCRA SECTION 1681B(F)(1)

35. Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:** Asset restates and incorporates its answers to paragraphs 1 through 34, respectively, as if fully set forth herein.

36. It is a violation of the FCRA 15 U.S.C. § 1681b(f)(1) to access or use a consumer report when one does not have a permissible purpose to do so.

7

**ANSWER:** Asset admits that Plaintiff filed an Amended Complaint purporting to cite out-of-context and incomplete portions of the FCRA. Asset denies Plaintiff's characterizations of the FCRA to the extent they are inconsistent with or contrary to the terms of the FCRA or the case law interpreting the FCRA. Asset denies violating the FCRA. Asset denies all remaining allegations contained within this paragraph.

37. Defendant accessed and used plaintiff and the class members' consumer reports in violation of the FCRA because it did not have a valid permissible purpose to do so and/or because it did not use the reports consistent with the alleged permissible purpose it claims to have had.

**ANSWER:** Asset denies all allegations contained within this paragraph.

38. Plaintiff and each class member have suffered concrete and ascertainable injury. Each person has been subjected to the same illegal invasion of privacy; this is the precise kind of wrong the FCRA was designed to protect. See 15 U.S.C.§§ 1681(a)(4), 1681(b).

**ANSWER:** Asset denies all allegations contained within this paragraph.

39. The information that Asset Acceptance, LLC has obtained through this illegal data harvest is extremely valuable to Asset Acceptance, LLC. The value of the actual damage plaintiff and the class have suffered through these improper invasions of privacy can at least partially be quantified through examination of the value of the information to defendant, including for example, how much Asset paid Trans Union, LLC for the March 2011 data harvest and how much it has paid to develop and maintain its database.

**ANSWER:** Asset denies all allegations contained within this paragraph.

40. In other words, the credit information Asset accessed had value; otherwise, Asset would not have gone through the trouble of obtaining such.

**ANSWER:** Asset denies all allegations contained within this paragraph.

41. Upon information and belief, Asset knew that accessing the consumer report of an account that was closed with zero balance owing likely violated the FCRA. Alternatively, Asset did not make any inquiry at all into whether doing so was permissible under the FCRA.

**ANSWER:** Asset denies all allegations contained within this paragraph.

42. These violations were both negligent and willful. 15 U.S.C. §§1681n, 1681o.

**ANSWER:** Asset denies all allegations contained within this paragraph.

**COUNT II – FCRA SECTION 1681B(F)(2)**

43. Plaintiff incorporates all previous paragraphs of this complaint.

130410275v1 0927506

**ANSWER:** Asset restates and incorporates its answers to paragraphs 1 through 42, respectively, as if fully set forth herein.

44. It is a violation of the FCRA 15 U.S.C. § 1681b(f)(2) to access or use a consumer report when one does not have a permissible purpose to do so.

**ANSWER:** Asset admits that Plaintiff filed an Amended Complaint purporting to cite out-of-context and incomplete portions of the FCRA. Asset denies Plaintiff's characterizations of the FCRA to the extent they are inconsistent with or contrary to the terms of the FCRA or the case law interpreting the FCRA. Asset denies violating the FCRA. Asset denies all remaining allegations contained within this paragraph.

45. Defendant accessed and used plaintiff and the class members' consumer reports in violation of the FCRA because it accessed and used the consumer reports in a manner inconsistent with the terms and conditions of its permissible purpose certification to Trans Union, LLC.

**ANSWER:** Asset denies all allegations contained within this paragraph.

46. Plaintiff and each class member have suffered concrete and ascertainable injury. Each person has been subjected to the same illegal invasion of privacy; this is the precise kind of wrong the FCRA was designed to protect. See 15 U.S.C.§§ 1681(a)(4), 1681(b).

**ANSWER:** Asset denies all allegations contained within this paragraph.

47. The information that Asset Acceptance, LLC has obtained through this illegal data harvest is extremely valuable to Asset Acceptance, LLC. The value of the actual damage plaintiff and the class have suffered through these improper invasions of privacy can at least partially be quantified through examination of the value of the information to defendant, including for example, how much Asset paid Trans Union, LLC for the March 2011 data harvest and how much it has paid to develop and maintain its database.

**ANSWER:** Asset denies all allegations contained within this paragraph.

48. In other words, the credit information Asset accessed had value; otherwise, Asset would not have gone through the trouble of obtaining such.

**ANSWER:** Asset denies all allegations contained within this paragraph.

49. Asset knew that accessing the consumer report of an account that was closed was contrary to the terms of its 15 U.S.C. §1681b(f)(2) certification to Trans Union, LLC.

**ANSWER:** Asset denies all allegations contained within this paragraph.

50. These violations were both negligent and willful. 15 U.S.C. §§1681n, 1681o.

**ANSWER:** Asset denies all allegations contained within this paragraph.

9

## COUNT III – TCPA

51. Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:** No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice.

52. Defendant made several debt collection telephone calls to 630-xxx-0379 within four years of filing of this complaint.

**ANSWER:** No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice.

53. 630-xxx-3271 is plaintiff's cellular telephone.

**ANSWER:** No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice.

54. Asset regularly uses telephone equipment such as its Guaranteed Contacts dialer that has the capacity to dial numbers without human intervention when it calls alleged debtors.

**ANSWER:** No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice

55. It uses such equipment in order to perform dialing campaigns, whereby numerous telephone numbers are loaded into the dialer, and then the dialer automatically dials and calls those numbers according to how it has been programmed.

**ANSWER:** No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice

56. Asset or some person on its behalf called plaintiff at least on the following times and dates:

a. 3/28/08 at 4:04 PM;

b. 4/11/08 at 2:25 PM;

c. 5/9/08 at 10:31 AM;

d. 5/9/08 at 10:31 AM;

e. 5/14/08 at 8:48 AM;

f. 5/14/08 at 11:42 AM;

g. 5/16/08 at 1:21 PM;

h. 5/16/08 at 3:22 PM;

130410275v1 0927506

      i.      5/19/08 at 6:14 PM;

      j.      6/10/08 at 10:45 AM;

      k.      6/18/08 at 5:02 PM;

      l.      6/18/08 at 6:41 PM;

      m.      7/28/08 2:32 PM;

      n.      8/26/08 at 10:37 AM;

      o.      9/22/08 at 1:21 PM;

      p.      10/6/08 at 2:30 PM;

      q.      10/13/08 at 9:44 AM.

      **ANSWER:**    No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice

      57.      Calls a through l of the above calls to plaintiff were made as part of a dialing campaign, and were dialed by Asset's GC Dialer.

      **ANSWER:**    No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice

      58.      Calls m through q above were also dialed by Asset's GC dialer, but were done so in "manual" mode. The same equipment is used to dial and place calls in manual mode as in automatic mode on GC dialers; the difference between the two is that in manual mode a human presses a button on a computer to cause the dialer to automatically dial an individual telephone number, while in automatic mode, the dialer is programmed to dial thousands of numbers.

      **ANSWER:**    No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice

      59.      Plaintiff was annoyed by the calls.

      **ANSWER:**    No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice

      60.      These violations were negligent and/or willful. 47 U.S.C. § 227; 513(f).

      **ANSWER:**    No response is required to this allegation because the parties have settled this claim and it has been dismissed with prejudice

## **AFFIRMATIVE DEFENSES**

1. For its first affirmative defense, Asset states that Plaintiff fails to allege a willful violation of the FCRA. Plaintiff must plead facts to establish willfulness and the willfulness standard is an objective one. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007). An objectively reasonable interpretation of the FCRA, even if incorrect, does not support a willfulness finding. Asset acted in good faith at all times in whatever dealings it had with Plaintiff, the class members and Tran Union, and if any conduct by Asset is found to be unlawful, which Asset expressly denies, such conduct was not willful and does not give rise to liability.

2. For its second affirmative defense, Asset states that at the time of the alleged violations, it maintained reasonable procedures to assure compliance with the FCRA and which were designed to avoid and prevent errors which might slip through procedures aimed at good faith compliance.

3. For its third affirmative defense, Asset states that Plaintiff lacks standing to bring a claim upon which relief can be granted in Plaintiff's favor.

WHEREFORE, defendant, Asset Acceptance, LLC, respectfully requests that this Court enter judgment in favor of defendant and against plaintiff on all claims asserted by plaintiff and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

David M. Schultz
Jennifer W. Weller
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com
tstelter@hinshawlaw.com

s/ *Todd P. Stelter*
Todd P. Stelter
Attorney for Defendant

130410275v1 0927506

## CERTIFICATE OF SERVICE

    I, Todd P. stelter, an attorney, certify that I shall cause to be served a copy of the **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** upon the below listed individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **August 21, 2012.**

| | |
|---|---|
| ☒ CM/ECF<br>☐ Facsimile<br>☐ Federal Express<br>☐ Regular U.S. Mail<br>☐ Messenger<br>☐ E-Mail | *To All Parties of Record* |

                                                                         HINSHAW & CULBERTSON LLP

David M. Schultz                                       s/ *Todd P. Stelter*
Jennifer W. Weller                                      Todd P. Stelter
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com
tstelter@hinshawlaw.com

13

130410275v1 0927506