**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) | 1:11-cv-6256 |
| | ) | Judge Zagel |
| | ) | Magistrate Judge Schenkier |
| v. | ) | |
| | ) | JURY DEMANDED |
| ASSET ACCEPTANCE, LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Nicholas Martin respectfully requests that this Court compel defendant Asset Acceptance, LLC ("Asset") to provide complete discovery responses. In support of this motion, plaintiff states:

This is a Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. case. The defendant debt collection agency improperly accessed plaintiff and thousands of other consumers' consumer reports when it had no relationship with them as part of a massive data harvesting campaign in March 2011. Asset Acceptance used the information received to further its "predictive scoring model" which is designed to help it understand which consumers are likely to pay, and which ones are not. Asset lied to Trans Union in order to obtain these consumer reports. The Court denied Asset Acceptance, LLC's motion to dismiss on July 25, 2012.

Liability in this case hinges on whether Asset Acceptance's violations of the FCRA were willful or knowing. Plaintiff issued discovery in order to determine Asset's state of mind and level of knowledge of the law concerning permissible purposes to obtain a credit report, before it did the data harvest.

Asset Acceptance has produced almost nothing at all in response to these requests.

Plaintiff has also requested other information and documents, which has been stonewalled, including information regarding Asset's affirmative defenses, previous litigation or claims that Asset violated 1681b, the class size, information about relevant Electronically Stored Information, information/documents regarding the plaintiff and host of other discoverable matters. Almost nothing has been produced. No privilege log has been produced. Asset's responses to plaintiff's inquiries have been sluggish at best, and border on nonresponsive. Plaintiff requests that the Court compel Asset to respond to all requests completely, and bar Asset from introducing any materials not disclosed.

## I.     Fed.R.Civ.P. 37 Meet and Confer.

Defendant Asset Acceptance, LLC, one of the largest debt collection agencies in the United States, obtained plaintiff and ostensibly thousands of other consumers' consumer report in March, 2011, when it did not have a permissible purpose for such access. Furthermore, defendant's access and use of plaintiff's consumer report was inconsistent with the FCRA-required certification Asset provided to consumer reporting agency Trans Union, LLC. 15 U.S.C.§1681b(f)(2). *Cole v. US Capital*, 389 F.3d at n. 14.

Plaintiff issued discovery requests to Asset Acceptance Capital Corp., the current defendant's parent corporation, on October 24, 2011. <u>Exhibit A</u>. Plaintiff filed an amended complaint on January 18, 2012, adding Asset Acceptance, LLC and dropping the parent company based upon sworn representations of defendant in discovery responses. The parties formally agreed that the new (and current) defendant, would respond to the discovery requests by February 15, 2012, as if they had been originally propounded upon it. Because plaintiff had been asking defendant for more complete responses for two months and had received very

little, the parties also agreed that the February 15 production would be defendant's final answer as to several remaining issues, including but not limited to (1) production of whatever documentation it claims gave it the right to collect the alleged debt of plaintiff, (2) documentation regarding its consideration of the FCRA as to any permissible purpose for the March 2011 data harvest (and the 1692b issues raised in the complaint and (3) compliance documents. The parties have agreed to disagree as to whether class discovery is appropriate at this juncture.

On February 15, 2012, Asset Acceptance, LLC produced the discovery responses attached as <u>Exhibit B</u>. These responses have the incorrect caption, and do not include any new information regarding Asset's defenses. Indeed, they are unverified, and contain less information than the previous responses.

Judge Zagel stayed discovery pending Asset's motion to dismiss the original complaint. When the motion to dismiss was denied as to most claims in summer 2012, Asset committed to providing full responses to discovery. It still has not done so. Plaintiff has attempted in good faith to resolve the issues herein, and defendant has not cooperated. Plaintiff therefore moves to compel.

The most recent meet and confer letters in the case are attached as Exhibits C and D. The parties have reached an impasse, and plaintiff requests additional judicial oversight of the discovery process in this case.

## II.     Discovery Generally

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he

has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Rules have broadened the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party....  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).

"[T]he discovery-deposition provisions of the Federal Rules, were intended to insure 'proper litigation' by making the trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963) (internal citations and quotations omitted). Furthermore, complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties.  *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307-308 (S.D.N.Y. 1982).

"[T]he mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982).

Compelling production of materials sought promotes justice and quick resolution a matter.  *Yancey v. Hooten*, 180 F.R.D. 203 (D.Conn. 1998) (compelling discovery in FDCPA case). *Lucas v. GC Services*, 226 F.R.D. 328 (N.D.Ind. 2004) (FDCPA 1692g action) (sister case lost merits on appeal) compelling all discovery requests as sanction.  "The defendants do not get to determine unilaterally the scope and timing of discovery."  *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004).

An attorney is required to monitor discovery compliance and ensure that the client has both preserved potentially discoverable electronic materials, and that the client has performed a reasonable search.  See Fed.R.Civ.P. 26(b)(2);  *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004); *Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 66932 (S.D.Cal. Jan 07, 2008), vacated in irrelevant part, 2008 WL 638108 (S.D.Cal. Mar 05, 2008). The result of this is likely waiver.  *Ner-Tamid Congregation of North Town v. Krivoruchko*, 2009 WL 152587, 08 C 1261 (N.D.Ill. Jan. 22, 2009); *Mosley v. City of Chicago*, 252 F.R.D. 445 (N.D.Ill. 2008).  The result of the failure to perform an adequate search is wavier.

Compelling the requests herein will promote swift resolution of this case.  Fed.R.Civ.P. 1.

## III.  Asset Acceptance Should be Compelled to Provide Straightforward and Complete Information About its March 2011 Data Harvest.

As explained above, this case alleges that Asset performed a massive data harvest from Trans Union, LLC in March 2011, when it did not have a permissible purpose for doing so, and that Asset lied to Trans Union about what it was going to do with the data. Plaintiff issued interrogatories 1, 3, 4, 5, 6 and document requests 5, 7, 10, 12, in order to learn about defendant's access of this information. Those requests ask for:

Int. 1: Identify every single time you or any affiliated person (e.g. Asset Acceptance, LLC) accessed plaintiff's consumer report within the past five years.  Include the date and time, the permissible purpose you had to access the information, upon what documents or information you based any belief that you had a permissible purpose for such, and what you did with the information.

Int. 3: Identify all documents, including but not limited to contracts, emails, memoranda or other documents or data that concern "account reviews" of consumer reports by you or any subsidiary or affiliate, without regard to time.  As with all requests herein, if certain documents are claimed to be privileged, please include a detailed privilege log.

Doc. 5 All documents relating to whether you had a permissible purpose for obtaining consumer reports for persons whose accounts were closed.

Doc. 7: All contracts and communications (including internal and external) that concern doing account reviews of persons whose accounts had closed.

Doc. 10: Please do a manual and computer search (irrespective of date) for all documents (including but not limited to: emails memos, communications or things) relating to account reviews and compliance with the FCRA's "permissible purpose" requirements, without regard to timeframe.

Doc. 12: All documents that relate to the access of the consumer report of plaintiff or any class member.

The responses to these requests has been something less than enlightening. For example, Asset's original response to interrogatory 1 stated:

**The information received in 2011 was used to review the account as well as for the purpose allowed by Section 604(a)(3)(E) of the FCRA.**

After plaintiff filed his amended complaint identifying these two justifications, the new defendant, a wholly owned subsidiary of the original defendant, broadened its response:

The information received in 2011 was used to review the account as well as for the purposes allowed by the FCRA.

These are not "contention" interrogatories. Plaintiff has requested the actual basis upon which Asset based its permission to access the data. Furthermore, both the original and second responses indicate that the only documents that support the existence of a permissible purpose for obtaining plaintiff's consumer report are:

**The text of the FCRA, the data and any documents received from the original creditor, the purchase agreement and bill of sale for the account and the payments Plaintiff made.**

Plaintiff expected that Asset's response would include, for example, documents concerning its research into whether account reviews were allowed when accounts were closed. Plaintiff

expected a detailed privilege log of documents and data from Asset attorney Horwitz (identified as a key witness elsewhere in the responses) and Belle Chen. Nothing of the sort has been produced. No privilege log, and no documents.

Although it has agreed to produce a few documents it has not done so.

## IV. Asset Acceptance Should Be Compelled to Produce Documents Concerning Knowledge, Experience and Analysis of the FCRA Section 1681b.

Asset has taken the position, generally, that discovery is improper in this case because its intent in accessing a consumer report is not relevant to whether it recklessly violated the FCRA. Eg, Exhibit D at 12: "Defendant's general FCRA compliance is not relevant." This is not a correct reading of the law.

But a corporation's knowledge of the law, and its degree of culpability or knowledge, is not easily placed into a bubble as Asset contends. Companies like Asset are very aware of the FCRA. They draw upon past experiences, and past analysis, when they decide to pull ten million credit reports for closed accounts. Indeed, Asset has identified only a few documents that were considered in accessing these ten million reports, one of which is the FCRA itself. A broader net is necessary to truly learn Asset Acceptance's degree of recklessness when it did the data pull for closed accounts, and lied to Trans Union about what sort of accounts it was going to pull.

Indeed, the general rule in the FCRA is that no person may obtain the consumer report of any other person, and that one may not lie in order to obtain consumer reports. 15 U.S.C. §1681b. Asset's position in this case is that it had one (or more) of the specifically enumerated permissible purposes for accessing plaintiff and the class members' consumer reports. As the proposed beneficiary of a federal statutory exception, Asset therefore bears the burden of

proof to show that it was entitled to this exception. *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948).

Asset has raised affirmative defenses in this case. The first states that its interpretation of the FCRA was "not unreasonable" and that it acted in good faith at all relevant times. The second states that it had reasonable procedures in place designed to "avoid and prevent" the violations that happened.

It is axiomatic that a party must produce documents and information that bear on its defenses. Fed.R.Civ.P. 26(b)(1) expressly provides that information regarding a party's "defense" is discoverable:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or <u>defense</u> -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. [Fed.R.Civ.P. 26(b)(1); Emphasis added.]

Judges Kennelly and Pallmeyer have both held that discovery is necessary for an FCRA plaintiff to demonstrate the recklessness or knowing violation. Claff*ey v. River Oaks Hyundai, Inc.*, 494 F.Supp.2d 976 (N.D.Ill. 2007); *Shurland v. Bacci Cafe & Pizzeria On Ogden, Inc.*, 2011 WL 3840339, at *7 (N.D.Ill. Aug. 30, 2011). Orders compelling discovery in other types of cases where defendant's state of mind is at issue concur. *Donnelly v. NCO Fin. Sys, Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009), defendant's Fed.R.Civ.P. 72 objections overruled, 2010 U.S. Dist. LEXIS 9866 (N.D. Ill. Jan. 13, 2010) (Guzman, J.) (TCPA case); *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *5, (N.D.Ill. June 13, 2011) (St. Eve, J); "If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place." *Balbarin v. North Star Capital Acquisition, LLC*,

2010 U.S. Dist. LEXIS 118992 * 3 (N.D. Ill. Nov. 9, 2010); *Beneficial Franchise Co., Inc. v. Bank One, N.A.,* 205 F.R.D. 212, 216-219 (N.D.Ill. 2001) (Schenkier, J.; patent action).

The requests that pertain to this information include interrogatories 3, 4, 5, 6 and document requests 5, 7, 10, 12. Those requests ask for:

Int. 3. Identify all documents, including but not limited to contracts, emails, memoranda or other documents or data that concern "account reviews" of consumer reports by you or any subsidiary or affiliate, without regard to time. As with all requests herein, if certain documents are claimed to be privileged, please include a detailed privilege log.

Int. 4. If you contend you had a reasonable basis to believe that you had a permissible purpose for accessing plaintiff or any of the following person's consumer report, identify all materials relied upon by you in formulating such, and identify when and how they were used: All persons with Illinois addresses, whose credit information defendant accessed within two years of filing of this action, where the alleged Asset Acceptance, LLC account upon which defendant based its alleged permissible purpose had been closed with zero balance owing for at least one year in March 2011.

Int. 5. Identify all documents of which you are aware that discuss or relate to accessing consumer reports for account reviews after an account has been closed may be impermissible.

Int. 6. Identify all documents that relate to why you access consumer reports through account reviews.

Doc. 5 All documents relating to whether you had a permissible purpose for obtaining consumer reports for persons whose accounts were closed.

Doc. 7 All contracts and communications (including internal and external) that concern doing account reviews of persons whose accounts had closed.

Doc. 8 All documents that concern use of data (aggregate or otherwise) gleaned from account reviews of consumer reports.

Doc. 9 The complete personnel record for any employee or executive responsive to any interrogatory herein.

Doc. 10 Please do a manual and computer search (irrespective of date) for all documents (including but not limited to: emails memos, communications or things) relating to account reviews and compliance with the FCRA's "permissible purpose" requirements, without regard to timeframe.

Doc. 11 All contracts with Trans Union, LLC (or any other consumer reporting agency) relating to the reporting of information, or the performance of account reviews.

Doc. 12 All documents that relate to the access of the consumer report of plaintiff or any class member.

Doc. 15 All manuals, communications and other documents that concern or relate to compliance with the FCRA 15 U.S.C. §1681b.

Doc. 18. All documents concerning any complaint (formal or informal) that you accessed any person's consumer report but did not have a permissible purpose for doing so. Please include all documents, including but not limited to: the complaint itself, any supporting documentation, your internal documentation, and your response.

19. All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

23. All documents, contracts and communications concerning any third party involved with your compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

24. All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could do account reviews after accounts had closed.

27. All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid violations of the F Fair Credit Reporting Act, 15 U.S.C. § 1681b.

28. All documents that support or refute any defense you have raised or intend to raise in this case.

Asset has not provided any substantive information in response to these requests, other than a

powerpoint presentation that seems to "pitch" the idea of doing the 2011 harvest. There must

be more documents that have not been produced. For example, the original requests were

verified by a person named "Belle Chen," whose title is "Director – Predictive Analytics &

Shared Services for Asset Acceptance." Ms. Chen, who no longer works at Asset, likely has/had

an entire drive full of data and documents that explain both how the predictive model works,

and how Asset justified obtaining the data challenged in this lawsuit. Presumably, someone at

Asset has notes regarding the presentation in the powerpoint. And someone at Asset has

communications with Trans Union discussing the March 2011 data harvest, including pricing and parameters. None of this has been produced.

The ACA International's Guide to the Fair Credit Reporting Act advises members not to do what Asset did in this case:

> There also is a permissible purpose to issue a consumer report to the credit grantor during the terms of the credit agreement to determine if the consumer continues to meet the terms of the agreement under the "review of the account' provision. However, once the consumer has completed the terms of the credit agreement, (e.g., by closing the account) the credit grantor no longer has a permissible purpose to obtain the consumer's report.

Exhbit C, excerpt from ACA International, Guide to the Fair Credit Reporting Act (2011-12 ed.)

Previous editions of this tome, along with other ACA materials are consistent with this passage, although plaintiff does not currently have access to them. Asset does have access to them, but claims that it cannot produce them because the materials are copyrighted. Plaintiff moves to compel Asset to produce everything in its possession, custody and control regarding compliance with the FCRA's "permissible purpose" 15 U.S.C § 1681b.

Asset claims that it has produced everything it has located regarding "permissible purpose" to obtain a credit report, but it cannot have worked that hard. For example, it has not provided any documents concerning lawsuits against it for obtaining credit reports under impermissible circumstances. A westlaw search shows that Asset has been sued several times for improperly obtaining consumer, including one case that went to the Sixth Circuit. *Etefia v. Asset Acceptance Corp.*, 172 F.3d 872 (Table) (6th Cir. 1998). This information is discoverable and directly related to its degree of willfulness. *Donnelly v. NCO Fin. Sys, Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009) (Nolan, J., compelling production of prior complaints as relevant to willfulness), *Grizzard v. Sallie Mae*, Civ No. 3:04-cv-625 (E.D. Va. Jan. 31, 2005) at Docket No. 83 (ordering

production of prior FCRA consumer complaints). The motion to compel should be granted in its entirety, and defendant should be barred from introducing any materials or information not produced before this motion was filed, or other date-certain.

**V.      Asset Should be Compelled to Provide Precise Class Information.**

Plaintiff issued discovery requests asking for the class members' identities and asking for documents relating to the class members. Defendant has informally told plaintiff that there are approximately 25,000 persons in the class. Based upon counsel's experience, these estimates typically turn out to be low. Plaintiff requests full disclosure of the complete number of class members.

**CONCLUSION**

For the foregoing reasons, the motion to compel should be granted.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NICHOLAS MARTIN,           )    **Case No.: 1:11-cv-6256**

       Plaintiff,            )

v.                        )

ASSET ACCEPTANCE CAPITAL CORP,  )

       Defendant.          )

## ASSET ACCEPTANCE CAPITAL CORP.'S RESPONSES TO
## PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to FED. R. CIV. P. 33(b), Defendant Asset Acceptance Capital Corp. ("Asset"),

submits the following answers and objections to Plaintiff's Requests for Production:

### GENERAL OBJECTIONS

1. Asset objects to the definitions and instructions to the extent that they seek to vary

the requirements of the Federal Rules of Civil Procedure. Asset shall respond to this discovery

as and to the extent required by FED. R. CIV. P. 33.

2. Asset objects to Plaintiff's Interrogatories to the extent that they seek information

in excess of, or seek to obtain discovery, beyond the control of Asset.

3. Asset objects to Plaintiff's Interrogatories to the extent that they may be read to

request information and documents that would be privileged from disclosure under the attorney-

client privilege, the work product privilege, the consulting expert privilege, or any other privilege

provided for pursuant to the Federal Rules of Civil Procedure.

4. Asset objects to Plaintiff's Interrogatories to the extent that they can be read to

require Asset to create or produce documents which are not in existence

5.     Asset objects to the use of the terms "any," "all," "every" or "each and every" or other similar terms due to the fact that such terms are overly broad and unduly burdensome in relation to the scope of requests as worded by Plaintiff.

6.     Asset objects to all requests which are not limited to a reasonable and relevant period of time; all such requests are overly broad, harassing and unduly burdensome.

7.     Asset objects to the requests insofar as they seek information concerning policies and practices related to transactions to which Asset is not a party.

8.     Asset objects to any and all requests to the extent that they seek information concerning persons or entities other than Asset.

9.     Asset objects to any and all requests to the extent that they seek confidential, proprietary, financial, trade secret or business information without the protection of an acceptable form of stipulation and protective order adequate to reserve the confidentiality of such information.

10.    Each of the above objections is incorporated into each Response below and is not waived by virtue of Asset's responses.

## RESERVATION OF RIGHTS

Asset reserves the right to amend, modify and/or supplement its responses to Plaintiff's Interrogatories, but declines any obligation beyond those expressed in the Federal Rules of Civil Procedure or any applicable local rules.

**INTERROGATORY NO. 1:** Identify every single time you or any affiliated person (e.g. Asset Acceptance, LLC) accessed plaintiff's consumer report within the past five years. Include the date and time, the permissible purpose you had to access the information, upon what documents or information you based any belief that you had a permissible purpose for such, and what you did with the information.

2

**RESPONSE TO INTERROGATORY NO. 1:** Information was obtained from one of the credit reporting agencies as to Plaintiff in March 2011 and February 2008. Section 604(a)(3)(A) of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. (FCRA), allows a consumer reporting agency to furnish a consumer report to a person which it has reason to believe intends to use the information to review or collect an account of the consumer. The information relating to Plaintiff that was obtained in 2008 was used for purposes of reviewing and collecting Plaintiff's WFNNB/ Abercrombie & Fitch account, which Plaintiff does not dispute as he paid the account. The information received in 2011 was used to review the account as well as for the purpose allowed by Section 604(a)(3)(E) of the FCRA. The documents supporting the existence of the permissible purpose include the text of the FCRA, the data and any documents received from the original creditor, the purchase agreement and bill of sale for the account and the payments Plaintiff made.

The information reviewed in 2011 was related to predictive modeling, which is the process by which a statistical model is constructed to best predict the probability of an outcome, such as the probability of recovering charged-off debts. The model is typically expressed in mathematical formula, which contains a measured outcome (e.g., payers or non-payers of charged-off debts) explained by a number of predictors (e.g., credit scores and credit attributes) that are more likely to affect the outcome. In this case, the consumer's credit scores and credit attributes from the March 2011 data pull, considered as potential predictors to how likely charged-off debts can be recovered, were part of the data elements collected to support the model development process.

**INTERROGATORY NO. 2:** Identify the following persons: All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where any relationship between AACC (or its affiliate Asset Acceptance, LLC) and the consumer had ended at the time of access.

3

**RESPONSE TO INTERROGATORY NO. 2:** Objection. Plaintiff improperly seeks disclosure and compilation of a list of persons who are not parties to this action. Defendant objects to Interrogatory No. 2 on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature unless and until a class is certified.

**INTERROGATORY NO. 3:** Identify all documents, including but not limited to contracts, emails, memoranda or other documents or data that concern "account reviews" of consumer reports by you or any subsidiary or affiliate, without regard to time. As with all requests herein, if certain documents are claimed to be privileged, please include a detailed privilege log.

**RESPONSE TO INTERROGATORY NO. 3:** Asset objects because this interrogatory is vague, overly broad, not limited in time, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will search for and produce, if found, non-privileged documents responsive to the claims and defenses of the parties, subject to an appropriate protective order. Asset objects to producing any documents, electronic or otherwise, that contain its statistical models. The models were developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The models are expressed in a mathematical formula and can be accessed in-house only by Asset's Predictive Analytics & Shared Services group.

**INTERROGATORY NO. 4:** If you contend you had a reasonable basis to believe that you had a permissible purpose for accessing plaintiff or any of the following person's consumer report, identify all materials relied upon by you in formulating such, and identify when and how they were used: All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where AACC had no current

4

relationship with the consumer whose consumer report was accessed at the time of access. Please include only materials upon which you actually relied. In other words, we are not interested in learning how you might justify such now; we only want to know how you justified such at the time of access.

**RESPONSE TO INTERROGATORY NO. 4:** Asset objects because this interrogatory is

overly broad and unduly burdensome as applied to persons other than the Plaintiff. Subject to

and without waiving these objections, Asset incorporates by reference its response to

Interrogatory No. 1 above.

**INTERROGATORY NO. 5:** Identify all documents of which you are aware that discuss or relate to accessing consumer reports for account reviews after an account has been closed may be impermissible.

**RESPONSE TO INTERROGATORY NO. 5:** Objection. Interrogatory No. 5 improperly

assumes that accessing consumer reports for closed accounts it impermissible. On the contrary,

accessing a consumer report is permissible. See Asset's Motion for Judgment on the Pleadings,

Dkt, 9.

**INTERROGATORY NO. 6:** Identify all documents that relate to why you access consumer reports through account reviews.

**RESPONSE TO INTERROGATORY NO. 6:** Asset objects because this interrogatory is

vague, overly broad, unduly burdensome and asks for information neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence related to the claims and

defenses of the parties. Subject to and without waiving these objections, see Answers to

Interrogatory No. 1 and 3.

**INTERROGATORY NO. 7:** Identify all reports, data compilations, statistical data or other documents of any kind that include or included data obtained through access of plaintiff or any class member's consumer report.

**RESPONSE TO INTERROGATORY NO. 7:** Asset objects because this interrogatory is overly broad and unduly burdensome as applied to anyone other than the Plaintiff and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving this objection, Asset will respond to this interrogatory as its investigation continues. Subject to and without waiving these objections, see Answers to Interrogatory No. 1 and 3.

**INTERROGATORY NO. 8:** If you sold, leased or shared in any way, any information that included data from plaintiff's consumer report (individual, aggregate or in any other form), identify what was shared, why it was shared, what sort of remuneration (of any kind) was associated with such and all persons with whom the information was shared.

**RESPONSE TO INTERROGATORY NO. 8:** Not applicable.

**INTERROGATORY NO. 9:** Identify all persons whose responsibilities include working with data or information obtained through account reviews, from January 2004 to the present. Include: name, title, department/work group (e.g. statistics department), physical location, a description of the person's responsibilities and what timeframe the person's responsibilities included such.

**RESPONSE TO INTERROGATORY NO. 9:** Asset objects because this interrogatory is overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections and as limited to claims of the parties and allegations of the Complaint:

1. Belle Chen
   c/o Asset Acceptance
   Director/ Predictive Analytics & Shared Services
   28405 Van Dyke
   Warren, MI 48093

6

2. Jeffrey Bankowski
   c/o Asset Acceptance
   Vice President/Strategy, Analytics & Shared Services
   28405 Van Dyke
   Warren, MI 48093

**INTERROGATORY NO. 10:** Identify all persons whose responsibilities included ensuring compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b. Include: name, title, department/work group (e.g. legal), physical location, a description of the person's responsibilities and what timeframe the person's responsibilities included such.

**RESPONSE TO INTERROGATORY NO. 10:** Every associate with Asset Acceptance, LLC

is responsible for ensuring compliance with the FCRA as it relates to their specific job duties. In

addition, the following people have been or are involved in FCRA related compliance as it

relates to the claims and defenses of the parties:

1. Warren Brasch, Esq.
   c/o Asset Acceptance
   Director/Compliance Counsel
   28405 Van Dyke
   Warren, MI 48093

   Mr. Brasch works in the Office of General Counsel as Compliance Counsel.

2. William Tebo
   c/o Asset Acceptance
   Compliance Subject Matter Specialist
   28405 Van Dyke
   Warren, MI 48093

   Mr. Tebo works in the Compliance Department.

3. Belle Chen

4. Robert Horwitz
   c/o Asset Acceptance
   Director/Litigation Counsel
   28405 Van Dyke
   Warren, MI 48093

Mr. Horwitz works in the Office of General Counsel as Litigation Counsel.

**INTERROGATORY NO. 11:** Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member. A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), and identify each person(s) with information regarding the defense and state what information each person has.

**RESPONSE TO INTERROGATORY NO. 11:** Martin's Complaint fails to clearly state whether plaintiff is alleging a claim for "willful noncompliance" under FCRA section 1681n, a claim for "negligent noncompliance" under section 1681o, or both. Assuming plaintiff is attempting to allege a claim under section 1681n, plaintiff cannot allege a violation for "willful noncompliance" because Asset has not engaged in "objectively unreasonable" conduct required by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), and *Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009). Additionally, plaintiff's complaint, fails to plead basic required FCRA elements including actual damages. See Asset's Motion for Judgment on the Pleadings, Dkt, 9. Plaintiff has suffered no actual damages as required under Section 1681o. Asset reserves the right to supplement its response as information is obtained through discovery.

**INTERROGATORY NO. 12** With respect to each expert, retained or non-retained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

8

**RESPONSE TO INTERROGATORY NO. 12:** Asset objects to this interrogatory as premature as it does not know at this time which experts, if any, it intends to call at the time of trial. Asset will disclose its experts when appropriate and required to do so pursuant to the Federal Rules of Civil Procedure and/or the Court's scheduling order.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/
Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

9

## VERIFICATION AS TO RESPONSES

I, Belle Chen, Director - Predictive Analytics & Shared Services for Asset Acceptance, state that I am authorized to make this verification on behalf of Asset Acceptance. I have read the Responses to Plaintiff's First Interrogatories ("Responses") and know the contents thereof. To the extent that I have personal knowledge of the facts contained therein, the same are true and correct. Insofar as said facts are based on a composite of information of many individuals, I do not have personal knowledge concerning all of the information contained in the Responses, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

Name: Belle Chen
Asset Acceptance

State of Michigan )
) ss.
County of Macomb )

SUBSCRIBED AND SWORN TO before me this 5th day of December, 2011 by Belle Chen, personally known to me to be the person who appeared before me.

Notary Public

JAMES M OLEKSIK
Notary Public - Michigan
Macomb County
My Commission Expires Apr 3, 2018
Acting in the County of MACOMB

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NICHOLAS MARTIN,                          ) **Case No.: 1:11-cv-6256**
                                          )
            Plaintiff,                    )
                                          )
    v.                                    )
                                          )
ASSET ACCEPTANCE CAPITAL CORP,            )
                                          )
            Defendant.                    )
_____  )

## ASSET ACCEPTANCE CAPITAL CORP.'S RESPONSES TO
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

Pursuant to FED. R. CIV. P. 34, Defendant Asset Acceptance Capital Corp. ("Asset"),

submits the following answers and objections to Plaintiff's Requests for Production:

### GENERAL OBJECTIONS

1.    Asset objects to the definitions and instructions to the extent that they seek to vary

the requirements of the Federal Rules of Civil Procedure. Asset shall respond to this discovery

as and to the extent required by FED. R. CIV. P. 34.

2.    Asset objects to Plaintiff's requests to the extent that they seek information in

excess of, or seek to obtain discovery, beyond the control of Asset.

3.    Asset objects to Plaintiff's requests to the extent that they may be read to request

information and documents that would be privileged from disclosure under the attorney-client

privilege, the work product privilege, the consulting expert privilege, or any other privilege

provided for pursuant to the Federal Rules of Civil Procedure.

4.    Asset objects to Plaintiff's requests to the extent that they can be read to require

Asset to create or produce documents which are not in existence.

5.     Asset objects to the use of the terms "any," "all," "every" or "each and every" or other similar terms due to the fact that such terms are overly broad and unduly burdensome in relation to the scope of requests as worded by Plaintiff.

6.     Asset objects to all requests which are not limited to a reasonable and relevant period of time; all such requests are overly broad, harassing and unduly burdensome.

7.     Asset objects to the requests insofar as they seek information concerning policies and practices related to transactions to which Asset is not a party.

8.     Asset objects to any and all requests to the extent that they seek information concerning persons or entities other than Asset.

9.     Asset objects to any and all requests to the extent that they seek confidential, proprietary, financial, trade secret or business information without the protection of an acceptable form of stipulation and protective order adequate to reserve the confidentiality of such information.

10.    Each of the above objections is incorporated into each Response below and is not waived by virtue of Asset's responses.

### RESERVATION OF RIGHTS

Asset reserves the right to amend, modify and/or supplement its responses to Plaintiff's requests, but declines any obligation beyond those expressed in the Federal Rules of Civil Procedure or any applicable local rules.

**REQUEST FOR PRODUCTION NO. 1:** All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff, the phone number 630-479-3271, or the email address n.m.martin@hotmail.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Asset objects because the request

is overly broad and asks for documents neither relevant nor reasonably calculated to lead to the

2

discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce the account notes, Schedule A (data from seller), documents related to payments made to Asset by consumer, and documents related to Asset's credit reporting of consumer's account, some of which are subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 2:** All individual or aggregate, statistical reports, surveys, documents or data compilations of any kind that included data or information extracted or deduced from plaintiff's consumer report.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Asset objects to the extent this request is vague, overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset further objects to the extent that Request No. 2 seeks documents electronic or otherwise that contain Asset's statistical model and aggregate data that were used as potential predictors of how likely charged off debt can be recovered. Asset's model is a confidential trade secret This model was developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The model is expressed in a mathematical formula and can only be accessed in-house by Asset's Predictive Analytics & Shared Services group. Subject to and without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 3:** All documents that relate to how you use account reviews, or data/information gleaned therefrom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Asset objects to the request because it is overly broad, and asks for documents neither relevant nor reasonably calculated to

3

lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects because the document request could be construed to require the production of highly confidential and proprietary trade secret business information.

**REQUEST FOR PRODUCTION NO. 4:** A copy of all correspondence to and from plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Asset will produce documents related to payments made to Asset by consumer and correspondence from the consumer to Asset.

**REQUEST FOR PRODUCTION NO. 5:** All documents relating to whether you had a permissible purpose for obtaining consumer reports for persons whose accounts were closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Asset objects because the terms or phrases "consumer reports" and "closed" are undefined. Asset also objects to this request as unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties to the extent Plaintiff is seeking documents relating to or concerning class members. Subject to and without waiving this objection, Asset will produce documents the account notes, documents related to payments made to Asset by Martin and documents related to Asset's credit reporting of Martin's account,, some of which are subject to an appropriate protective order. Asset also refers Plaintiff to the Fair Credit Reporting Act, which Asset will produce if requested by Plaintiff.

**REQUEST FOR PRODUCTION NO. 6:** All documentation that concerns or relates to any of the following persons: All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where AACC had no current relationship with the consumer whose consumer report was accessed at the time of access.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Asset objects to this request because it is premature in that a class has not been certified, vague, overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Plaintiff improperly seeks disclosure of third parties' account and credit information where no class has been certified. Subject to and without waiving said objection, in the event a class is certified, Asset will produce a class list subject to an order of the court.

**REQUEST FOR PRODUCTION NO. 7:** All contracts and communications (including internal and external) that concern doing account reviews of persons whose accounts had closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Asset objects to this request because it is vague and ambiguous in that the word "closed" is not defined. Asset also objects because this request could call for the production of: (i) documents protected from discovery by the attorney-client privilege and the work product doctrine; and (ii) highly confidential and proprietary trade secret business information including Asset's statistical model. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 8:** All documents that concern use of data (aggregate or otherwise) gleaned from account reviews of consumer reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Asset objects because this request is vague, in part, because the phrase "consumer reports" us undefined, overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects because this request could call for the

5

production of: (i) documents protected from discovery by the attorney-client privilege and the work product doctrine; and (ii) highly confidential and proprietary trade secret business information including Asset's statistical model.

**REQUEST FOR PRODUCTION NO. 9:** The complete personnel record for any employee or executive responsive to any interrogatory herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Asset objects because this request is overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 10:** Please do a manual and computer search (irrespective of date) for all documents (including but not limited to: emails memos, communications or things) relating to account reviews and compliance with the FCRA's "permissible purpose" requirements, without regard to timeframe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Asset objects to this request because it imposes burdens on it above and beyond the applicable Federal Rules of Civil Procedure. The request does not ask Asset to produce any documents. Instead, it asks Asset to perform manual and computer searches that are too broad in nature and scope. Asset is willing to entertain a dialogue with Plaintiff about the appropriate scope of discovery and related searches at the appropriate time.

**REQUEST FOR PRODUCTION NO. 11:** All contracts with Trans Union, LLC (or any other consumer reporting agency) relating to the reporting of information, or the performance of account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Asset objects because this request is overly broad and requests documents that are confidential in nature or not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of

6

the parties. Subject to and without waiving these objections, Asset will produce documents responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 12:** All documents that relate to the access of the consumer report of plaintiff or any class member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Asset objects because this request is vague in that the phrase "consumer report" is not defined, premature in that it asks for documents relating to purported class members, overly broad and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents responsive to this the Plaintiff and related to the claims and defenses of the parties, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 13:** All documents that tend to show what entity (e.g. Asset Acceptance, LLC or AACC) accessed plaintiff's consumer report in March 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Asset objects because the phrase "consumer reports" is undefined. Subject to and without waiving these objections, Asset will produce documents responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 14:** All agreements between Asset Acceptance, LLC and AACC.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Asset objects because this request is vague, overly broad and asks for documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 15:** All manuals, communications and other documents that concern or relate to compliance with the FCRA 15 U.S.C. §1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Asset objects because this request is overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties and which are protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections,. Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 16:** All studies, reports, statistics or other data compilations you have access to that concern the use of your Predictive Dialer or Prerecorded Messages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Asset objects because this request is vague, overly broad and asks for information not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. This case is not related to telephone calls or messages. Asset further objects to the terms "Predictive Dialer" or "Prerecorded Messages" as such terms are not defined and are beyond the scope of the issues involved in this case.

8

**REQUEST FOR PRODUCTION NO. 17:** All studies, reports, statistics or other data compilations that relate to account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Asset objects because this request

is vague, overly broad and asks for information neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence related to the claims and defenses of the parties. Subject

to and without waiving these objections, Asset will produce the data it received as to Plaintiff,

subject to an appropriate protective order, as it relates to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 18:** All documents concerning any complaint (formal or informal) that you accessed any person's consumer report but did not have a permissible purpose for doing so. Please include all documents, including but not limited to: the complaint itself, any supporting documentation, your internal documentation, and your response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Asset objects because this request

is vague because the phrase "consumer reports" is undefined, overly broad, unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence related to the

claims and defenses of the parties. Asset also objects because the request calls for the production

of documents protected from disclosure by the attorney-client privilege and the work product

doctrine and/or confidentiality clauses.

**REQUEST FOR PRODUCTION NO. 19:** All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Asset objects because this request

is overly broad, unduly burdensome and requests documents that are not reasonably calculated to

lead to the discovery of admissible evidence related to the claims and defenses of the parties.

Asset also objects because the request calls for the production of documents protected from

disclosure by the attorney-client privilege and the work product doctrine. Subject to and without

9

waiving these objections, Asset will search for and produce, if found, documents responsive to

this request related to the claims and defenses of the parties, some of which may be subject to an

appropriate protective order.

**REQUEST FOR PRODUCTION NO. 20:** All organizational charts of defendant that include personnel (including persons at affiliates or third parties) that deal with account reviews or compliance with the FCRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Asset will produce organizational

charts responsive to this request related to the claims and defenses of the parties, subject to an

appropriate protective order.

**REQUEST FOR PRODUCTION NO. 21:** All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates, including but not limited to defendant and Asset Acceptance, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Asset objects to this request

because it is overly broad and requests documents that are not reasonably calculated to lead to

the discovery of admissible evidence related to the claims and defenses of the parties. Subject to

and without waiving these objections, Asset will produce documents related to its corporate

structure.

**REQUEST FOR PRODUCTION NO. 22:** All documents, contracts and communications concerning any third party that deals with information accessed or compiled from account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Asset objects to this request as

vague and amboguous and does not understand what documents Plaintiff is seeking. If Plaintiff

clarifies the request, Asset will supplement its response.

10

**REQUEST FOR PRODUCTION NO. 23:** All documents, contracts and communications concerning any third party involved with your compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Asset objects to this request as

vague and ambiguous and does not understand what documents Plaintiff is seeking. If Plaintiff

clarifies the request, Asset will supplement its response.

**REQUEST FOR PRODUCTION NO. 24:** All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could do account reviews after accounts had closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** Asset objects to this request as

vague and ambiguous because the word "closed" is not defined. Asset also objects to the extent

this request asks for information protected from disclosure by the work product doctrine or

attorney-client privilege. Subject to and without waiving these objections, Asset will search for

and produce, if found, documents responsive to this request related to the claims and defenses of

the parties, some of which may be subject to an appropriate protective order

**REQUEST FOR PRODUCTION NO. 25:** All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** Asset will produce the insurance

policy responsive to this request, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 26:** All statistics, studies and/or reports concerning account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Asset objects because this request

is vague, overly broad, unduly burdensome and asks for information neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence related to the claims and

11

defenses of the parties. Asset further objects to producing any documents, electronic or otherwise, that contain its statistical model. This model is a confidential trade secret and was developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The model is expressed in a mathematical formula and can only be accessed in-house by Asset's Predictive Analytics & Shared Services group. Subject to and without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 27:** All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:** Asset objects because this request is overly broad, and asks for documents not information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Asset also objects to the extent the request asks for the production of documents protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving these objections, Asset will produce its Code of Business Conduct policy, subject to an appropriate protective order. Asset also will search for, and produce if found, non-privileged documents responsive to this request, subject to an appropriate protective order, related to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 28:** All documents that support or refute any defense you have raised or intend to raise in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), and *Levine v. World Financial Network National*

*Bank*, 554 F.3d 1314 (11th Cir. 2009) and Asset's Motion for Judgment on the Pleadings, Dkt, 9.

Investigation continues.

**REQUEST FOR PRODUCTION NO. 29:** A copy of all publications, white papers, seminars, or other documents or data that concern compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Asset objects because this

request is vague, overly broad and to the extent it asks for information that is trade secret. Asset

also objects to the extend some of the requested information is public and equally available to

Plaintiff.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/ Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

13

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NICHOLAS MARTIN on behalf of himself    )    Case No.: 1:11-CV-6256
and others similarly situated,    )
    )
Plaintiff,    )    Judge Zagel
    )
ASSET ACCEPTANCE CAPITAL CORP.,    )    Magistrate Judge Schenkier
    )
Defendant.    )

**ASSET ACCEPTANCE, LLC.'S RESPONSES TO**
**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

Pursuant to FED. R. CIV. P. 34, Defendant Asset Acceptance, LLC ("Asset"), submits the

following answers and objections to Plaintiff's Requests for Production:

GENERAL OBJECTIONS

1.    Asset objects to the definitions and instructions to the extent that they seek to vary

the requirements of the Federal Rules of Civil Procedure. Asset shall respond to this discovery

as and to the extent required by FED. R. CIV. P. 34.

2.    Asset objects to Plaintiff's requests to the extent that they seek information in

excess of, or seek to obtain discovery, beyond the control of Asset.

3.    Asset objects to Plaintiff's requests to the extent that they may be read to request

information and documents that would be privileged from disclosure under the attorney-client

privilege, the work product privilege, the consulting expert privilege, or any other privilege

provided for pursuant to the Federal Rules of Civil Procedure.

4.    Asset objects to Plaintiff's requests to the extent that they can be read to require

Asset to create or produce documents which are not in existence.

5. Asset objects to the use of the terms "any," "all," "every" or "each and every" or other similar terms due to the fact that such terms are overly broad and unduly burdensome in relation to the scope of requests as worded by Plaintiff.

6. Asset objects to all requests which are not limited to a reasonable and relevant period of time; all such requests are overly broad, harassing and unduly burdensome.

7. Asset objects to the requests insofar as they seek information concerning policies and practices related to transactions to which Asset is not a party.

8. Asset objects to any and all requests to the extent that they seek information concerning persons or entities other than Asset.

9. Asset objects to any and all requests to the extent that they seek confidential, proprietary, financial, trade secret or business information without the protection of an acceptable form of stipulation and protective order adequate to reserve the confidentiality of such information.

10. Each of the above objections is incorporated into each Response below and is not waived by virtue of Asset's responses.

RESERVATION OF RIGHTS

Asset reserves the right to amend, modify and/or supplement its responses to Plaintiff's requests, but declines any obligation beyond those expressed in the Federal Rules of Civil Procedure or any applicable local rules.

**REQUEST FOR PRODUCTION NO. 1:** All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff, the phone number 630-479-3271, or the email address n.m.martin@hotmail.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Asset objects because the request

is overly broad and asks for documents neither relevant nor reasonably calculated to lead to the

2

discovery of admissible evidence related to the claims and defenses of the parties. Subject to and

without waiving these objections, Asset will produce the account notes, Schedule A (data from

seller), documents related to payments made to Asset by consumer, and documents related to

Asset's credit reporting of consumer's account, some of which are subject to an appropriate

protective order.

**REQUEST FOR PRODUCTION NO. 2:** All individual or aggregate, statistical reports, surveys, documents or data compilations of any kind that included data or information extracted or deduced from plaintiff's consumer report.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Asset objects to the extent this

request is vague, overly broad and asks for information neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence related to the claims and defenses of

the parties. Asset further objects to the extent that Request No. 2 seeks documents electronic or

otherwise that contain Asset's statistical model and aggregate data that were used as potential

predictors of how likely charged off debt can be recovered. Asset's model is a confidential trade

secret This model was developed for Asset's proprietary use and to give it a competitive

advantage in predicting certain outcomes. The model is expressed in a mathematical formula

and can only be accessed in-house by Asset's Predictive Analytics & Shared Services group.

Subject to and without waiving these objections, Asset will produce the data it received as to

Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the

parties.

**REQUEST FOR PRODUCTION NO. 3:** All documents that relate to how you use account reviews, or data/information gleaned therefrom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**: Asset objects to the request

because it is overly broad, and asks for documents neither relevant nor reasonably calculated to

3

lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects that "account reviews" is vague and ambiguous. Asset also objects because the document request could be construed to require the production of highly confidential and proprietary trade secret business information.

**REQUEST FOR PRODUCTION NO. 4:** A copy of all correspondence to and from plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Asset will produce documents related to payments made to Asset by consumer and correspondence from the consumer to Asset.

**REQUEST FOR PRODUCTION NO. 5:** All documents relating to whether you had a permissible purpose for obtaining consumer reports for persons whose accounts were closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Asset objects because the terms or phrases "consumer reports" and "closed" are undefined. Asset also objects to this request as unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties to the extent Plaintiff is seeking documents relating to or concerning class members. Asset further objects that "permissible purpose" is a legal conclusion. Subject to and without waiving this objection, Asset will produce documents the account notes, documents related to payments made to Asset by Martin and documents related to Asset's credit reporting of Martin's account,, some of which are subject to an appropriate protective order. Asset also refers Plaintiff to the Fair Credit Reporting Act, which Asset will produce if requested by Plaintiff.

**REQUEST FOR PRODUCTION NO. 6:** All documentation that concerns or relates to any of the following persons: All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where AACC had no current relationship with the consumer whose consumer report was accessed at the time of access.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Asset objects to this request because it is premature in that a class has not been certified, vague, overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Plaintiff improperly seeks disclosure of third parties' account and credit information where no class has been certified. Subject to and without waiving said objection, in the event a class is certified, Asset will produce a class list subject to an order of the court.

**REQUEST FOR PRODUCTION NO. 7:** All contracts and communications (including internal and external) that concern doing account reviews of persons whose accounts had closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Asset objects to this request because it is vague and ambiguous in that the word "closed" is not defined. Asset also objects because this request could call for the production of: (i) documents protected from discovery by the attorney-client privilege and the work product doctrine; and (ii) highly confidential and proprietary trade secret business information including Asset's statistical model. Asset also objects that "account reviews" is vague and ambiguous. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 8:** All documents that concern use of data (aggregate or otherwise) gleaned from account reviews of consumer reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Asset objects because this request is vague, in part, because the phrase "consumer reports" us undefined, overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects because this request could call for the

production of: (i) documents protected from discovery by the attorney-client privilege and the work product doctrine; and (ii) highly confidential and proprietary trade secret business information including Asset's statistical model

**REQUEST FOR PRODUCTION NO. 9:** The complete personnel record for any employee or executive responsive to any interrogatory herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Asset objects because this request is overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 10:** Please do a manual and computer search (irrespective of date) for all documents (including but not limited to: emails memos, communications or things) relating to account reviews and compliance with the FCRA's "permissible purpose" requirements, without regard to timeframe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Asset objects to this request because it imposes burdens on it above and beyond the applicable Federal Rules of Civil Procedure. Asset further objects that "account reviews" is vague and ambiguous. The request does not ask Asset to produce any documents. Instead, it asks Asset to perform manual and computer searches that are too broad in nature and scope. Asset is willing to entertain a dialogue with Plaintiff about the appropriate scope of discovery and related searches at the appropriate time.

**REQUEST FOR PRODUCTION NO. 11:** All contracts with Trans Union, LLC (or any other consumer reporting agency) relating to the reporting of information, or the performance of account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Asset objects because this request is overly broad and requests documents that are confidential in nature or not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents

6

responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 12:** All documents that relate to the access of the consumer report of plaintiff or any class member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Asset objects because this request is vague in that the phrase "consumer report" is not defined, premature in that it asks for documents relating to purported class members, overly broad and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents responsive to this the Plaintiff and related to the claims and defenses of the parties, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 13:** All documents that tend to show what entity (e.g. Asset Acceptance, LLC or AACC) accessed plaintiff's consumer report in March 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Asset objects because the phrase "consumer reports" is undefined and "accessed" is vague and ambiguous. Subject to and without waiving these objections, Asset will produce documents responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 14:** All agreements between Asset Acceptance, LLC and AACC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Asset objects because this request is vague, overly broad and asks for documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 15:** All manuals, communications and other documents that concern or relate to compliance with the FCRA 15 U.S.C. §1681b.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Asset objects because this request is overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties and which are protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections,. Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order. Asset has in its possession ACA International's Guide to the Fair Credit Reporting Act for 2005/2006, 2009/2010 and 2011/2012. This publication, however, specifies that reproduction is prohibited. Asset also has a 2005 FCRA Participant Workbook which it similarly may not reproduce. Finally Defendant has a copy of the FCRA.

**REQUEST FOR PRODUCTION NO. 16:** All studies, reports, statistics or other data compilations you have access to that concern the use of your Predictive Dialer or Prerecorded Messages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Asset objects because this request is vague, overly broad and asks for information not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. This case is not related to telephone calls or messages. Asset further objects to the terms "Predictive Dialer" or "Prerecorded Messages" as such terms are not defined and are beyond the scope of the issues involved in this case.

**REQUEST FOR PRODUCTION NO. 17:** All studies, reports, statistics or other data compilations that relate to account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Asset objects because this request is vague, overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset further objects that "account reviews" is vague and ambiguous. Subject to and

8

without waiving these objections, Asset will produce the data it received as to Plaintiff, subject

to an appropriate protective order, as it relates to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 18:** All documents concerning any complaint (formal
or informal) that you accessed any person's consumer report but did not have a permissible
purpose for doing so. Please include all documents, including but not limited to: the complaint
itself, any supporting documentation, your internal documentation, and your response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Asset objects because this

request is vague because the phrase "consumer reports" is undefined, overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence related

to the claims and defenses of the parties. Asset further objects that "accessed is vague and

ambiguous. Asset also objects because the request calls for the production of documents

protected from disclosure by the attorney-client privilege and the work product doctrine and/or

confidentiality clauses.

**REQUEST FOR PRODUCTION NO. 19:** All documents (irrespective of date) that discuss
defendant's compliance or lack of compliance with the Fair Credit Reporting Act, 15 U.S.C. §
1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Asset objects because this

request is overly broad, unduly burdensome and requests documents that are not reasonably

calculated to lead to the discovery of admissible evidence related to the claims and defenses of

the parties. Asset also objects because the request calls for the production of documents

protected from disclosure by the attorney-client privilege and the work product doctrine. Subject

to and without waiving these objections, Asset will search for and produce, if found, documents

responsive to this request related to the claims and defenses of the parties, some of which may be

subject to an appropriate protective order.

9

**REQUEST FOR PRODUCTION NO. 20:** All organizational charts of defendant that include personnel (including persons at affiliates or third parties) that deal with account reviews or compliance with the FCRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Asset will produce organizational

charts responsive to this request related to the claims and defenses of the parties, subject to an

appropriate protective order.

**REQUEST FOR PRODUCTION NO. 21:** All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates, including but not limited to defendant and Asset Acceptance, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Asset objects to this request

because it is overly broad and requests documents that are not reasonably calculated to lead to

the discovery of admissible evidence related to the claims and defenses of the parties. Subject to

and without waiving these objections, Asset will produce documents related to its corporate

structure.

**REQUEST FOR PRODUCTION NO. 22:** All documents, contracts and communications concerning any third party that deals with information accessed or compiled from account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Asset objects to this request as

vague and ambiguous and does not understand what documents Plaintiff is seeking. Asset

further objects that "account reviews" is vague and ambiguous. If Plaintiff clarifies the request,

Asset will supplement its response.

**REQUEST FOR PRODUCTION NO. 23:** All documents, contracts and communications concerning any third party involved with your compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Asset objects to this request as

vague and ambiguous and does not understand what documents Plaintiff is seeking. If Plaintiff

clarifies the request, Asset will supplement its response.

10

**REQUEST FOR PRODUCTION NO. 24:** All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could do account reviews after accounts had closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** Asset objects to this request as vague and ambiguous because the word "closed" is not defined. Asset objects to "account reviews" as vague and ambiguous. Asset also objects to the extent this request asks for information protected from disclosure by the work product doctrine or attorney-client privilege. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 25:** All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** Asset will produce the insurance policy responsive to this request, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 26:** All statistics, studies and/or reports concerning account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Asset objects because this request is vague, overly broad, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset objects to "account review" as vague and ambiguous. Asset further objects to producing any documents, electronic or otherwise, that contain its statistical model. This model is a confidential trade secret and was developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The model is expressed in

11

a mathematical formula and can only be accessed in-house by Asset's Predictive Analytics & Shared Services group. Subject to and without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 27:** All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:** Asset objects because this request is overly broad, and asks for documents not information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Asset also objects to the extent the request asks for the production of documents protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving these objections, Asset will produce its Code of Business Conduct policy, subject to an appropriate protective order. Asset also will search for, and produce if found, non-privileged documents responsive to this request, subject to an appropriate protective order, related to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 28:** All documents that support or refute any defense you have raised or intend to raise in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), and *Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009). Investigation continues.

**REQUEST FOR PRODUCTION NO. 29:** A copy of all publications, white papers, seminars, or other documents or data that concern compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Asset objects because this request is vague, overly broad and to the extent it asks for information that is trade secret. Asset

12

also objects to the extend some of the requested information is public and equally available to Plaintiff. Subject to and without waiving said objection, Asset has in its possession the FCRA, ACA International's Guide to the Fair Credit Reporting Act for 2005/2006, 2009/2010 and 2011/2012. This publication, however, may not be reproduced because it specifies that reproduction is prohibited. Asset also has a 2005 FCRA Participant Workbook which it similarly may not reproduce.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

Jennifer W. Weller
Attorneys for Defendant

David M. Schultz
Jennifer W. Weller
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NICHOLAS MARTIN on behalf of himself
and others similarly situated,

        Plaintiff,

ASSET ACCEPTANCE CAPITAL CORP.,

        Defendant.

)
)
)
)
)
)
)
)
)

Case No.: 1:11-CV-6256

Judge Zagel

Magistrate Judge Schenkier

### ASSET ACCEPTANCE LLC.'S RESPONSES TO
### PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to FED. R. CIV. P. 33(b), Defendant Asset Acceptance, LLC. ("Asset"), submits

the following answers and objections to Plaintiff's Requests for Production:

### GENERAL OBJECTIONS

1.     Asset objects to the definitions and instructions to the extent that they seek to vary

the requirements of the Federal Rules of Civil Procedure. Asset shall respond to this discovery

as and to the extent required by FED. R. CIV. P. 33.

2.     Asset objects to Plaintiff's Interrogatories to the extent that they seek information

in excess of, or seek to obtain discovery, beyond the control of Asset.

3.     Asset objects to Plaintiff's Interrogatories to the extent that they may be read to

request information and documents that would be privileged from disclosure under the attorney-

client privilege, the work product privilege, the consulting expert privilege, or any other privilege

provided for pursuant to the Federal Rules of Civil Procedure.

4.     Asset objects to Plaintiff's Interrogatories to the extent that they can be read to

require Asset to create or produce documents which are not in existence.

5.    Asset objects to the use of the terms "any," "all," "every" or "each and every" or other similar terms due to the fact that such terms are overly broad and unduly burdensome in relation to the scope of requests as worded by Plaintiff.

6.    Asset objects to all requests which are not limited to a reasonable and relevant period of time; all such requests are overly broad, harassing and unduly burdensome.

7.    Asset objects to the requests insofar as they seek information concerning policies and practices related to transactions to which Asset is not a party.

8.    Asset objects to any and all requests to the extent that they seek information concerning persons or entities other than Asset.

9.    Asset objects to any and all requests to the extent that they seek confidential, proprietary, financial, trade secret or business information without the protection of an acceptable form of stipulation and protective order adequate to reserve the confidentiality of such information.

10.    Each of the above objections is incorporated into each Response below and is not waived by virtue of Asset's responses.

## RESERVATION OF RIGHTS

Asset reserves the right to amend, modify and/or supplement its responses to Plaintiff's Interrogatories, but declines any obligation beyond those expressed in the Federal Rules of Civil Procedure or any applicable local rules.

**INTERROGATORY NO. 1:** Identify every single time you or any affiliated person (e.g. Asset Acceptance, LLC) accessed plaintiff's consumer report within the past five years. Include the date and time, the permissible purpose you had to access the information, upon what documents or information you based any belief that you had a permissible purpose for such, and what you did with the information.

**RESPONSE TO INTERROGATORY NO. 1:** Objection. "Access" is vague and ambiguous.

Subject to and without waiving said objection, Information was obtained from one of the credit

2

reporting agencies as to Plaintiff in March 2011 and February 2008. Section 604(a)(3)(A) of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. (FCRA), allows a consumer reporting agency to furnish a consumer report to a person which it has reason to believe intends to use the information to review or collect an account of the consumer. The information relating to Plaintiff that was obtained in 2008 was used for purposes of reviewing and collecting Plaintiff's WFNNB/ Abercrombie & Fitch account, which Plaintiff does not dispute as he paid the account. The information received in 2011 was used to review the account as well as for the purposes allowed by the FCRA. The documents supporting the existence of the permissible purpose include the text of the FCRA, the data and any documents received from the original creditor, the purchase agreement and bill of sale for the account and the payments Plaintiff made.

The information reviewed in 2011 was related to predictive modeling, which is the process by which a statistical model is constructed to best predict the probability of an outcome, such as the probability of recovering charged-off debts. The model is typically expressed in mathematical formula, which contains a measured outcome (e.g., payers or non-payers of charged-off debts) explained by a number of predictors (e.g., credit scores and credit attributes) that are more likely to affect the outcome. In this case, the consumer's credit scores and certain credit attributes from the March 2011 data pull, considered as potential predictors to how likely charged-off debts can be recovered, were part of the data elements collected to support the model development process.

**INTERROGATORY NO. 2:** Identify the following persons: All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where any relationship between AACC (or its affiliate Asset Acceptance, LLC) and the consumer had ended at the time of access.

**RESPONSE TO INTERROGATORY NO. 2:** Objection. Plaintiff improperly seeks disclosure and compilation of a list of persons who are not parties to this action. Defendant

3

objects to Interrogatory No. 2 on the grounds that it is neither relevant to the subject matter of the

pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it

is premature unless and until a class is certified.

**INTERROGATORY NO. 3:** Identify all documents, including but not limited to contracts, emails, memoranda or other documents or data that concern "account reviews" of consumer reports by you or any subsidiary or affiliate, without regard to time. As with all requests herein, if certain documents are claimed to be privileged, please include a detailed privilege log.

**RESPONSE TO INTERROGATORY NO. 3:** Asset objects because this interrogatory is

vague, overly broad, not limited in time, unduly burdensome and asks for information neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the

claims and defenses of the parties. Asset also objects that "account reviews" is vague and

ambiguous. Subject to and without waiving these objections, Asset will search for and produce,

if found, non-privileged documents responsive to the claims and defenses of the parties, subject

to an appropriate protective order. Asset objects to producing any documents, electronic or

otherwise, that contain its statistical models. The models were developed for Asset's proprietary

use and to give it a competitive advantage in predicting certain outcomes. The models are

expressed in a mathematical formula and can be accessed in-house only by Asset's Predictive

Analytics & Shared Services group.

**INTERROGATORY NO. 4:** If you contend you had a reasonable basis to believe that you had a permissible purpose for accessing plaintiff or any of the following person's consumer report, identify all materials relied upon by you in formulating such, and identify when and how they were used: All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where AACC had no current relationship with the consumer whose consumer report was accessed at the time of access. Please include only materials upon which you actually relied. In other words, we are not interested in learning how you might justify such now; we only want to know how you justified such at the time of access.

**RESPONSE TO INTERROGATORY NO. 4:** Asset objects because this interrogatory is

overly broad and unduly burdensome as applied to persons other than the Plaintiff. Subject to

4

and without waiving these objections, Asset incorporates by reference its response to Interrogatory No. 1 above.

**INTERROGATORY NO. 5:** Identify all documents of which you are aware that discuss or relate to accessing consumer reports for account reviews after an account has been closed may be impermissible.

**RESPONSE TO INTERROGATORY NO. 5:** Objection. Asset objects that "accessing" and

"account reviews" is vague and ambiguous. Moreover, Interrogatory No. 5 improperly assumes

that accessing consumer reports for closed accounts is impermissible. On the contrary, accessing

a consumer report is permissible and Asset is not aware of any responsive documents.

**INTERROGATORY NO. 6:** Identify all documents that relate to why you access consumer reports through account reviews.

**RESPONSE TO INTERROGATORY NO. 6:** Asset objects because this interrogatory is

vague, overly broad, unduly burdensome and asks for information neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence related to the claims and

defenses of the parties. Interrogatory No. 6 is also vague and ambiguous regarding "access" and

"account reviews." Subject to and without waiving these objections, see Answers to

Interrogatory No. 1 and 3.

**INTERROGATORY NO. 7:** Identify all reports, data compilations, statistical data or other documents of any kind that include or included data obtained through access of plaintiff or any class member's consumer report.

**RESPONSE TO INTERROGATORY NO. 7:** Asset objects because this interrogatory is

overly broad and unduly burdensome as applied to anyone other than the Plaintiff and asks for

information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence related to the claims and defenses of the parties. Subject to and without waiving this

objection, Asset will respond to this interrogatory as its investigation continues. Subject to and

without waiving these objections, see Answers to Interrogatory No. 1 and 3.

5

**INTERROGATORY NO. 8:** If you sold, leased or shared in any way, any information that included data from plaintiff's consumer report (individual, aggregate or in any other form), identify what was shared, why it was shared, what sort of remuneration (of any kind) was associated with such and all persons with whom the information was shared.

**RESPONSE TO INTERROGATORY NO. 8:** Not applicable.

**INTERROGATORY NO. 9:** Identify all persons whose responsibilities include working with data or information obtained through account reviews, from January 2004 to the present. Include: name, title, department/work group (e.g. statistics department), physical location, a description of the person's responsibilities and what timeframe the person's responsibilities included such.

**RESPONSE TO INTERROGATORY NO. 9:** Asset objects because this interrogatory is

overly broad and asks for information neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence related to the claims and defenses of the parties. Asset also

objects that "account reviews" is vague and ambiguous. Subject to and without waiving these

objections and as limited to claims of the parties and allegations of the Complaint:

1. Belle Chen
   c/o Asset Acceptance, LLC
   Director/ Predictive Analytics & Shared Services
   28405 Van Dyke
   Warren, MI 48093

2. Jeffrey Bankowski
   c/o Asset Acceptance, LLC
   Vice President/ Strategy, Analytics & Shared Services
   28405 Van Dyke
   Warren, MI 48093

**INTERROGATORY NO. 10:** Identify all persons whose responsibilities included ensuring compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b. Include: name, title, department/work group (e.g. legal), physical location, a description of the person's responsibilities and what timeframe the person's responsibilities included such.

**RESPONSE TO INTERROGATORY NO. 10:** Every associate with Asset Acceptance, LLC

is responsible for ensuring compliance with the FCRA as it relates to their specific job duties. In

addition, the following people have been or are involved in FCRA related compliance as it

relates to the claims and defenses of the parties:

1. Warren Brasch, Esq.
   c/o Asset Acceptance, LLC
   Director/Compliance Counsel
   28405 Van Dyke
   Warren, MI 48093

   Mr. Brasch works in the Office of General Counsel as Compliance Counsel.

2. William Tebo
   c/o Asset Acceptance, LLC
   Compliance Subject Matter Specialist
   28405 Van Dyke
   Warren, MI 48093

   Mr. Tebo works in the Compliance Department.

3. Belle Chen

4. Robert Horwitz
   c/o Asset Acceptance, LLC
   Director/Litigation Counsel
   28405 Van Dyke
   Warren, MI 48093

   Mr. Horwitz works in the Office of General Counsel as Litigation Counsel.

**INTERROGATORY NO. 11:** Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member. A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), and identify each person(s) with information regarding the defense and state what information each person has.

**RESPONSE TO INTERROGATORY NO. 11:** Interrogatory No. 11 is premature in that

Defendant has not yet filed an Answer to Plaintiff's Amended Complaint and anticipates moving

to dismiss the Amended Complaint. Accordingly Defendant reserves the right to raise its

defenses pursuant to the schedule set by this Court.

**INTERROGATORY NO. 12:** With respect to each expert, retained or non-retained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**RESPONSE TO INTERROGATORY NO. 12:** Asset objects to this interrogatory as premature as it does not know at this time which experts, if any, it intends to call at the time of trial. Asset will disclose its experts when appropriate and required to do so pursuant to the Federal Rules of Civil Procedure and/or the Court's scheduling order.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

Jennifer W. Weller
Attorneys for Defendant

David M. Schultz
Jennifer W. Weller
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile

8

# Exhibit C

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

October 19, 2012

Re:     Discovery in Martin v. Asset Acceptance, LLC, 1:11-cv-6256

Jennifer,

This communication comes pursuant to Rule 37. The discovery requests in this case were served in October 2011. still do not have adequate responses to the following requests:

**INTERROGATORY NO. 2: Identify the following persons: All persons with Illinois addresses, whose credit information defendant accessed within two years of filing of this action, where the alleged Asset Acceptance, LLC account upon which defendant based its alleged permissible purpose had been closed with zero balance owing for at least one year in March 2011.[1]**

**RESPONSE TO INTERROGATORY NO. 2: Objection. Plaintiff improperly seeks disclosure and compilation of a list of persons who are not parties to this action. Defendant objects to Interrogatory No. 2 on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature unless and until a class is certified.**

<u>Plaintiff's position</u>: we can probably put the identities of the class members aside, for now, but we need this number. Mr. Stelter told me on the telephone that he believed the number to be approximately 10,000 persons. Please provide the precise number.

**INTERROGATORY NO. 3: Identify all documents, including but not limited to contracts, emails, memoranda or other documents or data that concern "account reviews" of consumer reports by you or any subsidiary or affiliate. As with all requests herein, if certain documents are claimed to be privileged, please include a detailed privilege log.**

---

[1] This interrogatory was amended by agreement of the parties when the Amended Complaint was filed. The class definition in the Amended Complaint has been substituted for the original definition in this letter.

**RESPONSE TO INTERROGATORY NO. 3: Asset objects because this interrogatory is vague, overly broad, not limited in time, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects that "account reviews" is vague and ambiguous. Subject to and without waiving these objections, Asset will search for and produce, if found, non-privileged documents responsive to the claims and defenses of the parties, subject to an appropriate protective order.**

**Asset objects to producing any documents, electronic or otherwise, that contain its statistical models. The models were developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The models are expressed in a mathematical formula and can be accessed in-house only by Asset's Predictive Analytics & Shared Services group.**

Plaintiff's position: Asset has claimed that the FCRA entitled it to do "account reviews" for closed accounts like plaintiff's, and that even if it was wrong about this, its analysis of the issue was not unreasonable. This interrogatory investigates the facts relating to such contentions. Please provide a full response, and identify each responsive document, whether in your possession, custody or control, or not.

**INTERROGATORY NO. 4: If you contend you had a reasonable basis to believe that you had a permissible purpose for accessing plaintiff or any of the following person's consumer report, identify all materials relied upon by you in formulating such, and identify when and how they were used:**

> **All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where AACC had no current relationship with the consumer whose consumer report was accessed at the time of access.**

**Please include only materials upon which you actually relied. In other words, we are not interested in learning how you might justify such now; we only want to know how you justified such at the time of access.**

**RESPONSE TO INTERROGATORY NO. 4: Asset objects because this interrogatory is overly broad and unduly burdensome as applied to persons other than the Plaintiff. Subject to and without waiving these objections, Asset incorporates by reference its response to Interrogatory No. 1 above.**

Plaintiff's position: The response to interrogatory 1 does not identify any basis for a reasonable belief as to the legality of pulling the consumer report; instead it explains that the "documents supporting the existence of the permissible purpose include the text of the FCRA, the data and any documents received from the original creditor, the purchase agreement and bill of sale for the account and payments Plaintiff made." Please supplement this answer by identifying any additional materials, and explaining how these materials were used to form the belief that you had a permissible purpose.  We will seek to bar Asset from introducing any materials not specifically identified in response to any interrogatory, including this one.

**INTERROGATORY NO. 5: Identify all documents of which you are aware that discuss or relate to accessing consumer reports for account reviews after an account has been closed may be impermissible.**

**RESPONSE TO INTERROGATORY NO. 5: Objection. Asset objects that "accessing" and "account reviews" is vague and ambiguous. Moreover, Interrogatory No. 5 improperly assumes that accessing consumer reports for closed accounts is impermissible. On the contrary, accessing a consumer report is permissible and Asset is not aware of any responsive documents.**

Plaintiff's position: This is an unfair response to a fair question. Of course  we know that Asset contends that it did not violate the law. We request that it supplement this response to identify all responsive documents. We will seek to bar Asset from introducing any materials not specifically identified in response to any interrogatory, including this one.

**INTERROGATORY NO.6: Identify all documents that relate to why you access consumer reports through account reviews.**

**RESPONSE TO INTERROGATORY NO. 6: Asset objects because this interrogatory is vague, overly broad, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Interrogatory No. 6 is also vague and ambiguous regarding "access" and "account reviews." Subject to and without waiving these objections, see Answers to Interrogatory No. 1 and 3.**

Plaintiff's position: Interrogatories 1 and 3 identify almost no documents. Please supplement this response. We will seek to bar Asset from introducing any materials not specifically identified in response to any interrogatory, including this one.

**INTERROGATORY NO. 7: Identify all reports, data compilations, statistical data or other documents of any kind that include or included data obtained through access of plaintiff or any class member's consumer report.**

**RESPONSE TO INTERROGATORY NO. 7: Asset objects because this interrogatory is overly broad and unduly burdensome as applied to anyone other than the Plaintiff and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving this objection, Asset will respond to this interrogatory as its investigation continues. Subject to andwithout waiving these objections, see Answers to Interrogatory No. 1 and 3.**

Plaintiff's position: The responses to interrogatories 1 and 3 identify zero reports, data compilations or other documents (other than a few that relate to the plaintiff, only). Please supplement your response to this interrogatory. We will seek to bar Asset from introducing any materials not specifically identified in response to any interrogatory, including this one.

**INTERROGATORY NO. 8: If you sold, leased or shared in any way, any information that included data from plaintiffs consumer report (individual, aggregate or in any other form), identify what was shared, why it was shared, what sort of remuneration (of any kind) was associated with such and all persons with whom the information was shared.**

**RESPONSE TO INTERROGATORY NO.8: Not applicable.**

Plaintiff's position: We do not believe this is accurate. Was information shared between Asset Acceptance LLC and Asset Acceptance Capital Corp? AACC appears as the requesting party for the data pull, so information must have been shared between these entities. Please explain this, and any other sharing of information.

**INTERROGATORY NO. 9: Identify all persons whose responsibilities include working with data or information obtained through account reviews, from January 2004 to the present. Include: name, title, department/work group (e.g. statistics department), physical location, a description of the person's responsibilities and what timeframe the person's responsibilities included such.**

**RESPONSE TO INTERROGATORY NO. 9: Asset objects because this interrogatory is overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects that "account reviews" is vague and ambiguous. Subject to and without waiving these objections and as limited to claims of the parties and allegations of the Complaint:**

**1. Belle Chen c/o Asset Acceptance, LLC, Director/ Predictive Analytics & Shared Services, 28405 Van Dyke, Warren, MI 48093**

**2. Jeffrey Bankowski, c/o Asset Acceptance, LLC, Vice President/ Strategy, Analytics & Shared Services, 28405 Van Dyke, Warren, MI 48093**

**INTERROGATORY NO. 10: Identify all persons whose responsibilities included ensuring compliance with the Fair Credit Reporting Act, 15 U.S.C. § 168lb. Include: name, title, department/work group (e.g. legal), physical location, a description of the person's responsibilities and what timeframe the person's responsibilities included such.**

**RESPONSE TO INTERROGATORY NO. 10: Every associate with Asset Acceptance, LLC is responsible for ensuring compliance with the FCRA as it relates to their specific job duties. In addition, the following people have been or are involved in FCRA related compliance as it relates to the claims and defenses of the parties:**

**1. Warren Brasch, Esq. c/o Asset Acceptance, LLC Director/Compliance Counsel 28405 Van Dyke Warren, MI 48093 Mr. Brasch works in the Office of General Counsel as Compliance Counsel.**

**2. William Tebo c/o Asset Acceptance, LLC Compliance Subject Matter Specialist 28405 Van Dyke Warren, MI 48093 Mr. Tebo works in the Compliance Department.**

**3. Belle Chen**

**4. Robert Horwitz c/o Asset Acceptance, LLC Director/Litigation Counsel 28405 Van Dyke Warren, MI 48093 Mr. Horwitz works in the Office of General Counsel as Litigation Counsel.**

Plaintiff's position: Who are the additional people you mention in your October 12, 2012 email, and what are their locations and responsibilities?

**INTERROGATORY NO. 11: Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member. A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), and identify each person(s) with information regarding the defense and state what information each person has.**

**RESPONSE TO INTERROGATORY NO. 11: Interrogatory No. 11 is premature in that Defendant has not yet filed an Answer to Plaintiffs Amended Complaint and anticipates moving to dismiss the Amended Complaint. Accordingly Defendant reserves the right to raise its defenses pursuant to the schedule set by this Court.**

<u>Plaintiff's position</u>: The motion to dismiss has been denied. Please provide a complete response.

**DOCUMENT REQUESTS**

> **REQUEST FOR PRODUCTION NO.1: All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff, the phone number 630-479-3271, or the email address n.m.martin@hotmail.com.**

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 1: Asset objects because the request is overly broad and asks for documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce the account notes, Schedule A (data from seller), documents related to payments made to Asset by consumer, and documents related to Asset's credit reporting of consumer's account, some of which are subject to an appropriate protective order.**

<u>Plaintiff's position</u>: It is our understanding that all responsive documents and data have been produced, including as to any other accounts that Asset had as to plaintiff. Please confirm that this is this the case.

> **REQUEST FOR PRODUCTION NO. 2: All individual or aggregate, statistical reports, surveys, documents or data compilations of any kind that included data or information extracted or deduced from plaintiffs consumer report.**

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 2: Asset objects to the extent this request is vague, overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset further objects to the extent that Request No. 2 seeks documents electronic or otherwise that contain Asset's statistical model and aggregate data that were used as potential predictors of how likely charged off debt can be recovered. Asset's model is a confidential trade secret This model was developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The model is expressed in a mathematical formula and can only be accessed in-house by Asset's Predictive Analytics & Shared Services group. Subject to and without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.**

> **REQUEST FOR PRODUCTION NO. 17: All studies, reports, statistics or other data compilations that relate to account reviews.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17: Asset objects because this request is vague, overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset further objects that "account reviews" is vague and ambiguous. Subject to and without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.**

Plaintiff's position: Surely there are documents that discuss the efficacy of the model, describe the model and aggregate data, for example. This information is relevant because Asset told Trans Union that it was going to use the information for certain purposes, but appears not to have done so. Please produce all responsive documents.

**REQUEST FOR PRODUCTION NO.3: All documents that relate to how you use account reviews, or data/information gleaned therefrom.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3: Asset objects to the request because it is overly broad, and asks for documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects that "account reviews" is vague and ambiguous. Asset also objects because the document request could be construed to require the production of highly confidential and proprietary trade secret business information.**

Plaintiff's position: Our reference to "account reviews" comes from Asset's explanation of its permissible purpose. We have a protective order. Please produce a complete response.

**REQUEST FOR PRODUCTION NO. 4: A copy of all correspondence to and from plaintiff.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4: Asset will produce documents related to payments made to Asset by consumer and correspondence from the consumer to Asset.**

Plaintiff's position: I don't understand how you could equivocate on this one: produce all responsive documents, and tell me that I have everything, or tell me that I don't have everything.

**REQUEST FOR PRODUCTION NO. 5: All documents relating to whether you had a permissible purpose for obtaining consumer reports for persons whose accounts were closed.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5: Asset objects because the terms or phrases "consumer reports" and "closed" are undefined. Asset also objects to this request as unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties**

**to the extent Plaintiff is seeking documents relating to or concerning class members. Asset further objects that "permissible purpose" is a legal conclusion. Subject to and without waiving this objection, Asset will produce documents the account notes, documents related to payments made to Asset by Martin and documents related to Asset's credit reporting of Martin's account, some of which are subject to an appropriate protective order. Asset also refers Plaintiff to the Fair Credit Reporting Act, which Asset will produce if requested by Plaintiff.**

Plaintiff's position: By "consumer report," we mean any compilation of consumer data obtained from Trans Union, Equifax or Experian. By "closed" we mean paid or settled, and no longer being collected. "Permissible purpose" means any reason to obtain a consumer report in 15 U.S.C. §1681b. We have a protective order. We don't want a copy of the FCRA, we want Asset's information. Please produce it.

**REQUEST FOR PRODUCTION NO. 7: All contracts and communications (including internal and external) that concern doing account reviews of persons whose accounts had closed.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7: Asset objects to this request because it is vague and ambiguous in that the word "closed" is not defined. Asset also objects because this request could call for the production of: (i) documents protected from discovery by the attorney-client privilege and the work product doctrine; and (ii) highly confidential and proprietary trade secret business information including Asset's statistical model. Asset also objects that "account reviews" is vague and ambiguous. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.**

Plaintiff's position: Thank you for producing some materials regarding Trans Union. We believe it unlikely that there are not more, and ask you to please produce them. Use the definitions I provided earlier in this letter, which are consistent with our discussions over the past twelve months.

**REQUEST FOR PRODUCTION NO. 8: All documents that concern use of data (aggregate or otherwise) gleaned from account reviews of consumer reports.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8: Asset objects because this request is vague, in part, because the phrase "consumer reports" us undefined, overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects because this request could call for the production of: (i) documents protected from discovery by the attorney-client privilege and the work product doctrine; and (ii) highly confidential and proprietary trade secret business information including Asset's statistical model.**

<u>Plaintiff's position</u>: We have a protective order. Use the definitions I provide herein and produce all responsive documents.

**REQUEST FOR PRODUCTION NO. 9: The complete personnel record for any employee or executive responsive to any interrogatory herein.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9: Asset objects because this request is overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.**

<u>Plaintiff's position</u>: We asked for the personnel records in order to learn more about the people that we intend to depose. Please produce this information.

**REQUEST FOR PRODUCTION NO. 10: Please do a manual and computer search (irrespective of date) for all documents (including but not limited to: emails memos, communications or things) relating to account reviews and compliance with the FCRA's "permissible purpose" requirements, without regard to timeframe.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10: Asset objects to this request because it imposes burdens on it above and beyond the applicable Federal Rules of Civil Procedure. Asset further objects that "account reviews" is vague and ambiguous. The request does not ask Asset to produce any documents. Instead, it asks Asset to perform manual and computer searches that are too broad in nature and scope. Asset is willing to entertain a dialogue with Plaintiff about the appropriate scope of discovery and related searches at the appropriate time.**

**REQUEST FOR PRODUCTION NO. 12: All documents that relate to the access of the consumer report of plaintiff or any class member.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12: Asset objects because this request is vague in that the phrase "consumer report" is not defined, premature in that it asks for documents relating to purported class members, overly broad and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents responsive to this the Plaintiff and related to the claims and defenses of the parties, subject to an appropriate protective order.**

<u>Plaintiff's position</u>: These requests were issued a year ago, and we still do not have a response. Please produce all materials you have found (recall that we have a protective order in the case) do the search. We understand that Asset did the following two searches already:

<u>Search 1</u>: Emails to, from or between the following persons that the words contain "permissible purpose" or "FCRA":

Robert Brown (rbrown@assetacceptance.com),
Ken Proctor (Kproctor@assetacceptance.com) ,
Barb Sinsley (bsinsley@assetacceptance.com),
Robert Horwitz (rhorwitz@assetacceptance.com) ,
Warren Brasch (wbrasch@assetacceptance.com) ,
Belle Chen (bchen@assetacceptance.com) ,
Michael Beach, (mbeach@assetacceptance.com) or
William Tebo (wtebo@assetacceptance.com)

### Search #2

Emails between Belle Chen (bchen@assetacceptance.com) and Amanda Black (Ablack@transunion.com)
    or
Emails between Jane Stepanski (jstepanski@assetacceptance.com) and Amanda Black (Ablack@transunion.com)

### NEW Search #3

We further understand that Asset has offered to do the same search as to the email accounts of the following persons:

Belle Chen
Jeff Bankowski
Bob Brown
Rob Horwitz
Ken Proctor
Warren Brasch
Barb Sinsley
Armand Ferrara
Jane Stapanski
Mike Beach
Bill Tebo

And that the proposed search will include the following search terms:

Permissible purpose
FCRA
1681
"Closed accounts"
Modeling
28165 (that is the order number for the job at issue)
B10J92 (that is the job number for the job at issue)
Levine or Levine v. World Financial Network National Bank, 554 F.3d 1314 (11th Cir. 2009).

First, please disclose the scope (chronological, personnel and types of data) of the litigation hold that was done as to this litigation, and the scope of the proposed search. Please also identify any backup or other places where responsive data or documents may be stored. I have asked you this numerous times, and have not received any answers.

Further, it is difficult to respond to your request for additional custodians because Asset has not disclosed all persons who were involved with FCRA compliance and/or the data pull. We have no idea who several of these people you've listed are, even though they are obviously responsive to our interrogatories asking for people involved.

Any search performed in response to this interrogatory should not only search email, it should also search servers and hard drives of custodians and any other possible locations of responsive information.

The search must also include the files of Phillip Allen, who is the person who signed the authorization to obtain consumer reports with Trans Union

Additional search terms that should be used include at least the following (inclusive of your terms):

> Permissible /5 purpose
> Allow! /5 access!
> Trans /3 Union
> Transunion
> 555 /5 adams
> transrecovery
> watch
> Amanda /5 black
> Ghazi
> FCRA
> 1681
> Closed /5 account!
> Balance /5 ow! (ing or ed)
> Credit /5 character!
> Probability /10 respond!
> Probability /10 bankrupt!
> Quantity /5 interest
> Data /20 mine
> Data /20 mining
> Data /5 model!
> Data /5 standardization
> Key /5 variable!
> Predictive /5 technique!
> Semma
> Knowledge /5 discovery /5 database!

KDD
CRISP
DM
COIN
Experian
Scor! /15 model
Probability /10 recovery
Credit /5 scor!
Modeling
00R14 (product code for trans union)
28165 (that is the order number for the job at issue)
B10J92 (that is the job number for the job at issue)
Levine or Levine v. World Financial Network National Bank, 554 F.3d 1314 (11th Cir. 2009).
"Phase one"
Scoring
"account monitoring"
"portfolio review"

The above terms were taken from the few documents produced by Asset and Trans Union in the litigation so far.

**REQUEST FOR PRODUCTION NO. 11: All contracts with Trans Union, LLC (or any other consumer reporting agency) relating to the reporting of information, or the performance of account reviews.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11: Asset objects because this request is overly broad and requests documents that are confidential in nature or not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.**

<u>Plaintiff's position</u>: We note that documents indicate that previous scoring models have been done, but no documents relating to them have been produced. Those materials may be probative of discussions regarding whether Asset had a permissible purpose to obtain the consumer reports at issue here. We also note that Trans Union produced more contracts than Asset did, and are wondering if there are additional materials that have been missed. Please supplement.

**REQUEST FOR PRODUCTION NO. 13: All documents that tend to show what entity (e.g. Asset Acceptance, LLC or AACC) accessed plaintiffs consumer report in March 2011.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13: Asset objects because the phrase "consumer reports" is undefined and "accessed" is vague and ambiguous. Subject to and without waiving these objections, Asset will produce documents responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.**

<u>Plaintiff's position:</u> The only document we have seen suggests that both AACC and AALLC received or accessed the credit files of plaintiff and the class. Please produce all materials that show each of these companies' involvement.

**REQUEST FOR PRODUCTION NO. 14: All agreements between Asset Acceptance, LLC andAACC.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14: Asset objects because this request is vague, overly broad and asks for documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.**

<u>Plaintiff's position:</u> We have not received anything about this. As explained above, we believe plaintiff's information was shared between AALLC and AACC, based upon Trans Union records produced by both TU and Asset.

**REQUEST FOR PRODUCTION NO. 15: All manuals, communications and other documents that concern or relate to compliance with the FCRA 15 U.S.C. § 1681b.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15: Asset objects because this request is overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties and which are protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections,. Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order. Asset has in its possession ACA International's Guide to the Fair Credit Reporting Act for 2005/2006, 2009/2010 and 2011/2012. This publication, however, specifies that reproduction is prohibited. Asset also has a 2005 FCRA Participant Workbook which it similarly may not reproduce. Finally Defendant has a copy of the FCRA.**

<u>Plaintiff's position:</u> We have received a few documents having to do with FCRA compliance, but we expect that there would be more. As with all of these requests, we will seek an order barring any documents, data or information that has not previously been fully disclosed.

**REQUEST FOR PRODUCTION NO. 18: All documents concerning any complaint (formal or informal) that you accessed any person's consumer report but did not have a permissible purpose for doing so. Please include all documents, including but not**

**limited to: the complaint itself, any supporting documentation, your internal documentation, and your response.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18: Asset objects because this request is vague because the phrase "consumer reports" is undefined, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset further objects that "accessed is vague and ambiguous. Asset also objects because the request calls for the production of documents protected from disclosure by the attorney-client privilege and the work product doctrine and/or confidentiality clauses.**

Plaintiff's position: Previous complaints are relevant to whether Asset was on notice that its actions may have violated the FCRA, which bears on willfulness. Please produce all such complaints.

**REQUEST FOR PRODUCTION NO. 19: All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Credit Reporting Act, 15 U.S. C. § 168lb.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19: Asset objects because this request is overly broad, unduly burdensome and requests documents that are not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects because the request calls for the production of documents protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.**

Plaintiff's position: No internal documents have been produced, and no privilege log has been produced. Please supplement.

**REQUEST FOR PRODUCTION NO. 20: All organizational charts of defendant that include personnel (including persons at affiliates or third parties) that deal with account reviews or compliance with the FCRA.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20: Asset will produce organizational charts responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.**

Plaintiff's position: Nothing has been produced. Please supplement with org charts for 2009 through the present.

**REQUEST FOR PRODUCTION NO. 21: All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates, including but not limited to defendant and Asset Acceptance, LLC.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21: Asset objects to this request because it is overly broad and requests documents that are not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents related to its corporate structure.**

Plaintiff's position: I'm not sure why the response here equivocates, but certainly cannot understand the objections without seeing what you promised to produce, but have not yet produced. Please supplement.

**REQUEST FOR PRODUCTION NO. 22: All documents, contracts and communications concerning any third party that deals with information accessed or compiled from account reviews.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22: Asset objects to this request as vague and ambiguous and does not understand what documents Plaintiff is seeking. Asset further objects that "account reviews" is vague and ambiguous. If Plaintiff clarifies the request, Asset will supplement its response.**

**REQUEST FOR PRODUCTION NO. 23: All documents, contracts and communications concerning any third party involved with your compliance with the Fair Credit Reporting Act, 15 u.s.c. § 1681b.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23: Asset objects to this request as vague and ambiguous and does not understand what documents Plaintiff is seeking. If Plaintiff clarifies the request, Asset will supplement its response.**

Plaintiff's position: There is nothing vague about these requests. We want all documents regarding any third party concerning compliance with 1681b, or account reviews. This includes Trans Union, Experian, lawyers (before this case was filed) and any other third parties.

**REQUEST FOR PRODUCTION NO. 24: All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could do account reviews after accounts had closed.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24: Asset objects to this request as vague and ambiguous because the word "closed" is not defined. Asset objects to "account reviews" as vague and ambiguous. Asset also objects to the extent this request asks for information protected from disclosure by the work product doctrine or attorney-client privilege. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to**

**the claims and defenses of the parties, some of which may be subject to an appropriate protective order.**

<u>Plaintiff's position</u>: No documents touching on this issue have been produced, even though we've had a protective order in place for months. Please do a complete supplement. "Closed" means paid in full or settled.

**REQUEST FOR PRODUCTION NO. 26: All statistics, studies and/or reports concerning account reviews.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26: Asset objects because this request is vague, overly broad, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset objects to "account review" as vague and ambiguous. Asset further objects to producing any documents, electronic or otherwise, that contain its statistical model. This model is a confidential trade secret and was developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The model is expressed in a mathematical formula and can only be accessed in-house by Asset's Predictive Analytics & Shared Services group. Subject to and without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.**

<u>Plaintiff's position</u>: The documents produced to date show that Asset monitors the effecicacy of its predictive scoring model. This must be done with reports and statistics. We expect also that there are executive summaries that were conducted that explain the statistics, and that other responsive documents exist, too. Please supplement this response so that all responsive documents are produced.

**REQUEST FOR PRODUCTION NO. 27: All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid violations of the Fair Credit Reporting Act, 15 U.S. C.§ 1681b.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27: Asset objects because this request is overly broad, and asks for documents not information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Asset also objects to the extent the request asks for the production of documents protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving these objections, Asset will produce its Code of Business Conduct policy, subject to an appropriate protective order. Asset also will search for, and produce if found, non-privileged documents responsive to this request, subject to an appropriate protective order, related to the claims and defenses of the parties.**

<u>Plaintiff's position</u>: This request is directly relate to Asset's willfulness, and an affirmative defense raised by Asset. Please produce all documents relating to such.

> **REQUEST FOR PRODUCTION NO. 28: All documents that support or refute any defense you have raised or intend to raise in this case.**

> **RESPONSE TO REQUEST FOR PRODUCTION NO.** *28: See Safeco Ins. Co. of Am. v. Burr,* **551 U.S. 47, 127 S.Ct. 2201 (2007), and** *Levine v. World Financial Network National Bank,* **554 F.3d 1314 (11th Cir. 2009). Investigation continues.**

<u>Plaintiff's position</u>: Thanks for citing two cases. Wondering what your investigation in the meantime has turned up. Please produce all responsive documents and information. As with all requests, we will seek to bar any reference to information in documents that were not produced.

> **REQUEST FOR PRODUCTION NO. 29: A copy of all publications, white papers, seminars, or other documents or data that concern compliance with the Fair Credit Reporting Act, 15 u.s.c. § 1681b.**

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 29: Asset objects because this request is vague, overly broad and to the extent it asks for information that is trade secret. Asset also objects to the extend some of the requested infonnation is public and equally available to Plaintiff. Subject to and without waiving said objection, Asset has in its possession the FCRA, ACA International's Guide to the Fair Credit Reporting Act for 2005/2006, 2009/2010 and 2011/2012. This publication, however, may not be reproduced because it specifies that reproduction is prohibited. Asset also has a 2005 FCRA Participant Workbook which it similarly may not reproduce.**

<u>Plaintiff's position</u>: Thanks for producing the materials to date. Please supplement with any additional documents.

We note that Asset has produced no privilege log at all. Attorney-client privilege is not self-executing, and in order to preserve it a party must produce a log.

We request that Asset produce the supplemental materials by November 2, 2012. Please call me with any questions at all.


Sincerely,

/s/Alexander H. Burke

# Exhibit D

November 14, 2012

Alex Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL  60601

      Re:    *Martin v. Asset Acceptance, LLC*
             Case No. 11-cv-6256

Dear Mr. Burke

In response to your October 19, 2012 Rule 37.2 letter please be advised that all responses are subject to the previously asserted objections.  We incorporate all objections previously set forth in Asset Acceptance, LLC's answers to discovery and address your position as follows:

**INTERROGATORY NO. 2:**    Identify the following persons: All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where any relationship between AACC (or its affiliate Asset Acceptance, LLC) and the consumer had ended at the time of access.

**RESPONSE TO INTERROGATORY NO. 2:**    Objection.  Plaintiff improperly seeks disclosure and compilation of a list of persons who are not parties to this action.  Defendant objects to Interrogatory No. 2 on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature unless and until a class is certified.

**Defendant's position**: Asset estimates that based on its current investigation, there appear to be at least 25,000 people within the class definition.  This appears to be a fairly accurate estimate, though getting the exact number has been very difficult and we continue to investigate.

**INTERROGATORY NO. 3:**    Identify all documents, including but not limited to contracts, emails, memoranda or other documents or data that concern "account reviews" of consumer reports by you or any subsidiary or affiliate, without regard to time. As with all requests herein, if certain documents are claimed to be privileged, please include a detailed privilege log.

**RESPONSE TO INTERROGATORY NO. 3:**    Asset objects because this interrogatory is vague, overly broad, not limited in time, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.  Asset also objects that "account reviews" is vague and

Alex Burke
November 14, 2012
Page 2

ambiguous.  Subject to and without waiving these objections, Asset will search for and produce, if found, non-privileged documents responsive to the claims and defenses of the parties, subject to an appropriate protective order.  Asset objects to producing any documents, electronic or otherwise, that contain its statistical models.  The models were developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes.  The models are expressed in a mathematical formula and can be accessed in-house only by Asset's Predictive Analytics & Shared Services group.

**Defendant's position**: Plaintiff claims that the interrogatory investigates the facts relating to Defendant's contention that it was entitled to do account reviews pursuant to the FCRA.  Under the FCRA, however, Defendant's conduct is not willful if an objectively reasonable reading of the statute permits account reviews of closed accounts.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007); *See also Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3 486 (7th Cir. 2012); 15 U.S.C. §1681b(a)(3)(A).  Thus, documents regarding Defendant's subjective belief as to what the FCRA permits and documents concerning "account reviews" generally are not relevant to the analysis set forth by the Supreme Court in *Safeco*.   Subject to and without waiving its objections, Asset agrees to produce documents that relate to account reviews of those persons identified in the putative class.  Asset will supplement this request should additional email searches return additional documents.

**INTERROGATORY NO. 4**:  If you contend you had a reasonable basis to believe that you had a permissible purpose for accessing plaintiff or any of the following person's consumer report, identify all materials relied upon by you in formulating such, and identify when and how they were used: All persons with Illinois addresses, whose credit information defendant accessed between and including September 8, 2009 and September 8, 2011, where AACC had no current relationship with the consumer whose consumer report was accessed at the time of access. Please include only materials upon which you actually relied. In other words, we are not interested in learning how you might justify such now; we only want to know how you justified such at the time of access.

**RESPONSE TO INTERROGATORY NO. 4:**  Asset objects because this interrogatory is overly broad and unduly burdensome as applied to persons other than the Plaintiff. Subject to and without waiving these objections, Asset incorporates by reference its response to Interrogatory No. 1 above.

**Defendant's position**: As previously stated, Defendant's subjective belief is irrelevant.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007); *Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3 486 (7th Cir. 2012).  Notwithstanding, at the time of access, the documents relied upon by Asset were the text of the FCRA and its documents and contracts with TransUnion.

**INTERROGATORY NO. 5:**  Identify all documents of which you are aware that discuss or relate to accessing consumer reports for account reviews after an account has been closed may be impermissible.

Alex Burke
November 14, 2012
Page 3

**RESPONSE TO INTERROGATORY NO. 5:**  Objection.  Asset objects that "accessing" and "account reviews" is vague and ambiguous.  Moreover, Interrogatory No. 5 improperly assumes that accessing consumer reports for closed accounts is impermissible.  On the contrary, accessing a consumer report is permissible and Asset is not aware of any responsive documents.

**Defendant's position**: We believe we fully responded to your request above.

**INTERROGATORY NO. 6:**  Identify all documents that relate to why you access consumer reports through account reviews.

**RESPONSE TO INTERROGATORY NO. 6:**  Asset objects because this interrogatory is vague, overly broad, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.  Interrogatory No. 6 is also vague and ambiguous regarding "access" and "account reviews."   Subject to and without waiving these objections, see Answers to Interrogatory No. 1 and 3.

**Defendant's position**: The interrogatory asks for documents relating to "why" Asset accessed consumer reports on closed accounts.  Asset has responded that it accessed such closed accounts to support the modeling development process.  As previously stated, the information reviewed in 2011 was related to predictive modeling, which is the process by which a statistical model is constructed to best predict the probability of an outcome, such as the probability of recovering charged-off debts.  Asset uses its models to determine how to allocate resources for collection of accounts.  See previously produced powerpoint presentations.

**INTERROGATORY NO. 7:**  Identify all reports, data compilations, statistical data or other documents of any kind that include or included data obtained through access of plaintiff or any class member's consumer report.

**RESPONSE TO INTERROGATORY NO. 7:**  Asset objects because this interrogatory is overly broad and unduly burdensome as applied to anyone other than the Plaintiff and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.  Subject to and without waiving this objection, Asset will respond to this interrogatory as its investigation continues.   Subject to and without waiving these objections, see Answers to Interrogatory No. 1 and 3.

**Defendant's position**:: Defendant's statistical models are expressed in programming language or code.  Asset objects to "identifying" reports, data compilations, statistical data and documents containing or relating to such programming language.  The models are used to determine how Asset allocates its resources for collection of debt.  Arguably every account utilizes data obtained through the modeling process.  As a result Asset cannot "identify" such documents.  Subject to and without waiving these objections, with respect to reports that discuss the models, see powerpoint presentations previously produced.  Investigation continues.

Alex Burke
November 14, 2012
Page 4

**INTERROGATORY NO. 8:**  If you sold, leased or shared in any way, any information that included data from plaintiff's consumer report (individual, aggregate or in any other form), identify what was shared, why it was shared, what sort of remuneration (of any kind) was associated with such and all persons with whom the information was shared.

**RESPONSE TO INTERROGATORY NO. 8:**  Not applicable.

**Defendant's position**: Asset did not "share" the information obtained in the March 2011 data pull.

**INTERROGATORY NO 9, 10:**

**Defendant's position**:

The additional people mentioned in my October 12, 2012 email are:

Bob Brown, former Compliance Director

Ken Proctor, Litigation Manager

Barb Sinsley, former Vice President of Compliance

Armand Ferrara, Manager, Predictive Analytics & Modeling

Jane Stapanski, Administrative Support Lead for Predictive Analytics & Modeling

Mike Beach, former Director of Legal Forwarding

**INTERROGATORY NO. 11:**  Identify all facts and law you contend support any defense or affirmative defense you have raised or will raise in this case, as to plaintiff and any putative class member. A complete answer will at least: explain the defense, cite the facts the support the defense (including citation to bates number, or descriptions of the location and custodian for documents that are not produced), and identify each person(s) with information regarding the defense and state what information each person has.

**RESPONSE TO INTERROGATORY NO. 11:**  Interrogatory No. 11 is premature in that Defendant has not yet filed an Answer to Plaintiff's Amended Complaint and anticipates moving to dismiss the Amended Complaint.  Accordingly Defendant reserves the right to raise its defenses pursuant to the schedule set by this CourtSee pleadings and documents previous produced.  Investigation continues.  Defendant reserves the right to disclose additional witnesses and evidence per applicable rules, court orders and schedules.

**Defendant's position**:  See pleadings and documents previous produced.  Investigation continues.  Defendant reserves the right to disclose additional witnesses and evidence per applicable rules, court orders and schedules.

Alex Burke
November 14, 2012
Page 5

**REQUEST FOR PRODUCTION NO. 1:**  All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff, the phone number 630-479-3271, or the email address n.m.martin@hotmail.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**  Asset objects because the request is overly broad and asks for documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce the account notes, Schedule A (data from seller), documents related to payments made to Asset by consumer, and documents related to Asset's credit reporting of consumer's account, some of which are subject to an appropriate protective order.

**Defendant's position:**

Defendant confirms that all responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 2:**  All individual or aggregate, statistical reports, surveys, documents or data compilations of any kind that included data or information extracted or deduced from plaintiff's consumer report.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**  Asset objects to the extent this request is vague, overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.  Asset further objects to the extent that Request No. 2 seeks documents electronic or otherwise that contain Asset's statistical model and aggregate data that were used as potential predictors of how likely charged off debt can be recovered. Asset's model is a confidential trade secret This model was developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes.  The model is expressed in a mathematical formula and can only be accessed in-house by Asset's Predictive Analytics & Shared Services group. Subject to and without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 17:**  All studies, reports, statistics or other data compilations that relate to account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**  Asset objects because this request is vague, overly broad and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.  Asset further objects that "account reviews" is vague and ambiguous.  Subject to and

Alex Burke
November 14, 2012
Page 6

without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.

**Defendant's position:**

Defendant's statistical models are expressed in programming language. These requests are overly broad and unduly burdensome because they seek documents that included information obtained through the modeling process. Asset's models are used to determine how Asset allocates its resources for collection of debt. Asset utilizes its models with respect to every account in its collection system. As such these requests are overly broad and unduly burdensome. In terms of documents describing the modeling process, see powerpoint presentations previously produced. Investigation continues.

**REQUEST FOR PRODUCTION NO. 3:** All documents that relate to how you use account reviews, or data/information gleaned therefrom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Asset objects to the request because it is overly broad, and asks for documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects that "account reviews" is vague and ambiguous. Asset also objects because the document request could be construed to require the production of highly confidential and proprietary trade secret business information.

**Defendant's position:**
The data at issue was obtained for statistical modeling. Defendant's statistical models are expressed in programming language. Asset objects to producing any documents, electronic or otherwise, that contain its statistical models. The models were developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The models are expressed in a mathematical formula and can be accessed in-house only by Asset's Predictive Analytics and Shared Services group. Asset does not believe that it is required to produce the code that expresses its statistical models, nor does code have any relevance to the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 4:** A copy of all correspondence to and from plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Asset will produce documents related to payments made to Asset by consumer and correspondence from the consumer to Asset.

**Defendant's position:**
Asset has produced all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 5:** All documents relating to whether you had a permissible purpose for obtaining consumer reports for persons whose accounts were closed.

Alex Burke
November 14, 2012
Page 7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Asset objects because the terms or phrases "consumer reports" and "closed" are undefined. Asset also objects to this request as unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence relating to the claims and defenses of the parties to the extent Plaintiff is seeking documents relating to or concerning class members. Asset further objects that "permissible purpose" is a legal conclusion. Subject to and without waiving this objection, Asset will produce documents the account notes, documents related to payments made to Asset by Martin and documents related to Asset's credit reporting of Martin's account, some of which are subject to an appropriate protective order. Asset also refers Plaintiff to the Fair Credit Reporting Act, which Asset will produce if requested by Plaintiff.

**Defendant's position:**

*See Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009); 15 U.S.C. §1681b; See also Asset's contracts and documents with TransUnion.

**REQUEST FOR PRODUCTION NO. 7:** All contracts and communications (including internal and external) that concern doing account reviews of persons whose accounts had closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Asset objects to this request because it is vague and ambiguous in that the word "closed" is not defined. Asset also objects because this request could call for the production of: (i) documents protected from discovery by the attorney-client privilege and the work product doctrine; and (ii) highly confidential and proprietary trade secret business information including Asset's statistical model. Asset also objects that "account reviews" is vague and ambiguous. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.

**Defendant's position:**
Asset reserves the right to supplement its response after running an additional email search subject to agreement of the parties as set forth below.

**REQUEST FOR PRODUCTION NO. 8:** All documents that concern use of data (aggregate or otherwise) gleaned from account reviews of consumer reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Asset objects because this request is vague, in part, because the phrase "consumer reports" us undefined, overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset also objects because this request could call for the production of: (i) documents protected from discovery by the attorney-client privilege and the work product doctrine; and (ii) highly confidential and proprietary trade secret business information including Asset's statistical model

Alex Burke
November 14, 2012
Page 8

**Defendant's position:**

The data at issue was obtained for statistical modeling. Defendant's statistical models are expressed in programming language. Asset objects to producing any documents, electronic or otherwise, that contain its statistical models. The models were developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The models are expressed in a mathematical formula and can be accessed in-house only by Asset's Predictive Analytics and Shared Services group. Asset does not believe that it is required to produce the code that expresses its statistical models, nor does code have any relevance to the claims or defenses in this case. Moreover, the models are used to determine Asset's collection strategy with regard to each of its accounts. As a result, every account record could be considered to use data gleaned from account reviews. Asset has produced the powerpoint presentations pertaining to its predictive modeling.

**REQUEST FOR PRODUCTION NO. 9:** The complete personnel record for any employee or executive responsive to any interrogatory herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Asset objects because this request is overly broad and requests documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.

**Defendant's position:** Defendant stands on its objection. Plaintiff has provided no basis why he needs "personnel" records for any employee identified in Defendant's discovery requests.

**REQUEST FOR PRODUCTION NO. 10:** Please do a manual and computer search (irrespective of date) for all documents (including but not limited to: emails memos, communications or things) relating to account reviews and compliance with the FCRA's "permissible purpose" requirements, without regard to timeframe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Asset objects to this request because it imposes burdens on it above and beyond the applicable Federal Rules of Civil Procedure. Asset further objects that "account reviews" is vague and ambiguous. The request does not ask Asset to produce any documents. Instead, it asks Asset to perform manual and computer searches that are too broad in nature and scope. Asset is willing to entertain a dialogue with Plaintiff about the appropriate scope of discovery and related searches at the appropriate time.

**REQUEST FOR PRODUCTION NO. 12:** All documents that relate to the access of the consumer report of plaintiff or any class member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Asset objects because this request is vague in that the phrase "consumer report" is not defined, premature in that it asks for documents relating to purported class members, overly broad and not reasonably calculated to

Alex Burke
November 14, 2012
Page 9

lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents responsive to this the Plaintiff and related to the claims and defenses of the parties, subject to an appropriate protective order.


**Defendant's position:** While Plaintiff claims that these requests were made over a year ago, Plaintiff's initial discovery was propounded prior to Plaintiff filing the Amended Complaint. The initial discovery was answered. The Amended Complaint was filed on January 18, 2012. Thereafter the new defendant Asset Acceptance LLC answered discovery. The parties met and conferred regarding discovery. Plaintiff filed a motion to compel on February 21, 2012. The following day, Asset Acceptance LLC file a motion for judgment on the pleadings. The motion to compel was entered and continued and discovery was stayed. The court ruled on the motion to dismiss on July 25, 2012. Subsequently, we produced additional documents to you including the Purchase and sale agreement as to Martin's account, Bill of Sale as to Martin's account, ACA documents discussing permissible purpose and the TU final accept layout. We have been working with Asset including its new Director/Litigation counsel to identify and produce responsive documents. Asset does not have any kind of automatic purge and its email system is completely backed up and retrievable for the entire relevant period and all identified custodians. Defendant has run two separate email searches to obtain responsive documents. Asset is producing the relevant, responsive emails that it has located to date. In terms of the additional search terms proposed, while Defendant is willing to run one additional search, Defendant will not run such search until the parties reach an agreement as to the terms to be used. Defendant cannot continue to run piecemeal searches which result in time and expense and also could result in a duplication of efforts and duplication of results. Defendant has made every effort to accommodate the search terms requested by Plaintiff, however, some of the terms are likely to result in voluminous non-responsive documents. For example the word "watch" is likely to yield many non-responsive documents while likely adding nothing to the terms already agreed upon by the parties. In addition, Defendant cannot run search terms such as permissible /5 purpose. Instead Defendant can run a search that includes the words permissible and purpose anywhere in the body of the email. In order to cull the data down into responsive emails that contain permissible /5 purpose, Defendant would have to have a third party run the data through two additional programs. In reviewing the terms requested by Plaintiff and considering what is likely to yield responsive documents, Asset is willing to run the following searches within the emails of the records custodians previously identified and will add Phil Allen, Denmung Chang and Rachel Cook (see Strategy Analytics & Shared Services Group organizational chart) as additional records custodians:

> permissible and purpose
> "close account"
> Ghazi
> FCRA
> 1681
> credit and character!
> probability and respond!

probability and bankrupt!
"data mine"
"data mining"
data and model
data and standardization
"data mining"
key and variable
 "predictive technique"
"quantity of interest"
SEMMA
KDD
CRISP-DM
COIN
score and model
probability and recovery
modeling
28165
B10J92
Levine
"Phase one"

If the parties agree on the above terms, Defendant will run the search. Once the results are returned, Defendant will determine what documents are responsive to "account reviews" or permissible purpose or accessing the credit report of plaintiff or any class member and produce those responsive documents. If the results of the search (permissible and purpose) are voluminous, Defendant will determine the cost of running the data through two additional programs to determine which emails contain permissible /5 purpose. Defendant proposes, however, that the parties agree to the terms set forth above and meet and confer once the results of that search have been returned to determine if additional culling of the data is necessary and what the cost would be of same. Defendant retains the right to object to the use of any software program that would be of significant expense and burden to the company. In addition, in agreeing to run the above searches, Asset is not admitting that any of those search terms are appropriate, likely to produce responsive documents, or that any documents obtained from such a search are relevant and responsive.

**REQUEST FOR PRODUCTION NO. 11:** All contracts with Trans Union, LLC (or any other consumer reporting agency) relating to the reporting of information, or the performance of account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Asset objects because this request is overly broad and requests documents that are confidential in nature or not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents

Alex Burke
November 14, 2012
Page 11

responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.

**Defendant's position:**

Defendant believes that it has produced those TransUnion contracts in its possession relating to account reviews with respect to closed accounts.

**REQUEST FOR PRODUCTION NO. 13:**  All documents that tend to show what entity (e.g. Asset Acceptance, LLC or AACC) accessed plaintiff's consumer report in March 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**  Asset objects because the phrase "consumer reports" is undefined and "accessed" is vague and ambiguous. Subject to and without waiving these objections, Asset will produce documents responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.

**Defendant's position:**

Asset Acceptance, LLC is the entity that accessed the credit reports of the putative class members.  Asset Acceptance Capital Corp. does not collect accounts or buy accounts.  The modeling projects were done for the benefit of Asset Acceptance, LLC.  Although the contract has Asset Acceptance Capital Corp. under the signature line, Bates AALLC 40, Belle Chen was employed by Asset Acceptance, LLC and signed the document in that capacity.  Defendant believes that the document's reference to Asset Acceptance Capital Corp was a typographical error.  Asset Acceptance, LLC is a wholly-owned subsidiary of the publicly traded corporation, Asset Acceptance Capital Corp.

**REQUEST FOR PRODUCTION NO. 14:**  All agreements between Asset Acceptance, LLC and AACC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**  Asset objects because this request is vague, overly broad and asks for documents not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.

**Defendant's position:**

There is no contract between Asset Acceptance Capital Corp and Asset Acceptance, LLC that pertains to the modeling project or the access of plaintiff or the putative class members' credit attributes.

**REQUEST FOR PRODUCTION NO. 15:**  All manuals, communications and other documents that concern or relate to compliance with the FCRA 15 U.S.C. §1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**  Asset objects because this request is overly broad and requests documents not reasonably calculated to lead to the discovery

of admissible evidence related to the claims and defenses of the parties and which are protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order. Asset has in its possession ACA International's Guide to the Fair Credit Reporting Act for 2005/2006, 2009/2010 and 2011/2012. This publication, however, specifies that reproduction is prohibited. Asset also has a 2005 FCRA Participant Workbook which it similarly may not reproduce. Finally Defendant has a copy of the FCRA.

**Defendant's position:**
Request for Production No. 15 seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence because documents relating to "compliance with the FCRA" have nothing to do with whether an objectively reasonable reading of the FCRA supports account reviews on closed accounts. As the Supreme Court in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007) held, a Defendant is not in willful noncompliance with the FCRA if its conduct was based upon an objectively reasonable reading of the statute. *See also Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3 486 (7th Cir. 2012); 15 U.S.C. §1681b(a)(3)(A). As a result, Defendant's general FCRA compliance is not relevant. Defendant has agreed to produce documents pertaining to "permissible purpose" under the FCRA. Defendant has produced those documents it has located responsive to this request. Investigation continues.

**REQUEST FOR PRODUCTION NO. 18:** All documents concerning any complaint (formal or informal) that you accessed any person's consumer report but did not have a permissible purpose for doing so. Please include all documents, including but not limited to: the complaint itself, any supporting documentation, your internal documentation, and your response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Asset objects because this request is vague because the phrase "consumer reports" is undefined, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset further objects that "accessed is vague and ambiguous. Asset also objects because the request calls for the production of documents protected from disclosure by the attorney-client privilege and the work product doctrine and/or confidentiality clauses.

**Defendant's position:**
Defendant stands on its prior objection.

**REQUEST FOR PRODUCTION NO. 19:** All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Asset objects because this request is overly broad, unduly burdensome and requests documents that are not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of

Alex Burke
November 14, 2012
Page 13

the parties. Asset also objects because the request calls for the production of documents protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.

**Defendant's position:**
Defendant has not located any documents that are responsive regarding the data pull on plaintiff or the putative class member's accounts. Defendant objects as set forth above to Plaintiff's requests for any other documents regarding general FCRA compliance.

**REQUEST FOR PRODUCTION NO. 20:** All organizational charts of defendant that include personnel (including persons at affiliates or third parties) that deal with account reviews or compliance with the FCRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Asset will produce organizational charts responsive to this request related to the claims and defenses of the parties, subject to an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 21:** All organizational charts of defendant showing ownership and/or corporate structure, including all affiliates, including but not limited to defendant and Asset Acceptance, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Asset objects to this request because it is overly broad and requests documents that are not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Subject to and without waiving these objections, Asset will produce documents related to its corporate structure.

**Defendant's position:**
Asset has produced the organizational chart applicable to the Strategy Analytics & Shared Services Group.

**REQUEST FOR PRODUCTION NO. 22:** All documents, contracts and communications concerning any third party that deals with information accessed or compiled from account reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Asset objects to this request as vague and ambiguous and does not understand what documents Plaintiff is seeking. Asset further objects that "account reviews" is vague and ambiguous. If Plaintiff clarifies the request, Asset will supplement its response.

Alex Burke
November 14, 2012
Page 14

**REQUEST FOR PRODUCTION NO. 23:** All documents, contracts and communications concerning any third party involved with your compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Asset objects to this request as vague and ambiguous and does not understand what documents Plaintiff is seeking. If Plaintiff clarifies the request, Asset will supplement its response.

**Defendant's position:**
Defendant has produced the contracts relating to the account reviews for the plaintiff and putative class. TransUnion has also responded to a subpoena regarding production of its contracts with Asset. Defendant objects to producing general contracts with any other third party relating to credit reports that have nothing to do with the account reviews for the plaintiff and putative class members since discovery is overly broad and not likely to lead relevant and admissible evidence.

**REQUEST FOR PRODUCTION NO. 24:** All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could do account reviews after accounts had closed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** Asset objects to this request as vague and ambiguous because the word "closed" is not defined. Asset objects to "account reviews" as vague and ambiguous. Asset also objects to the extent this request asks for information protected from disclosure by the work product doctrine or attorney-client privilege. Subject to and without waiving these objections, Asset will search for and produce, if found, documents responsive to this request related to the claims and defenses of the parties, some of which may be subject to an appropriate protective order.

**Defendant's position:**

Defendant has produced any responsive documents it has concerning accessing credit attributes on plaintiff and the class member's accounts. Defendant objects to any request for documents relating to "any effort, ever, by you to determine a process, policy or practice whereby you could do account reviews after accounts had closed." Under *Safeco*, the inquiry is whether an objectively reasonable reading of the statute authorized Defendant's conduct. Plaintiff's request not only seeks disclosure of documents relating to subjectiveness, which are not relevant, it seeks documents concerning account reviews on closed accounts after the time frame involved in the class. As such, this request is overly broad, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties.

**REQUEST FOR PRODUCTION NO. 26:** All statistics, studies and/or reports concerning account reviews.

Alex Burke
November 14, 2012
Page 15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Asset objects because this request is vague, overly broad, unduly burdensome and asks for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of the parties. Asset objects to "account review" as vague and ambiguous. Asset further objects to producing any documents, electronic or otherwise, that contain its statistical model. This model is a confidential trade secret and was developed for Asset's proprietary use and to give it a competitive advantage in predicting certain outcomes. The model is expressed in a mathematical formula and can only be accessed in-house by Asset's Predictive Analytics & Shared Services group. Subject to and without waiving these objections, Asset will produce the data it received as to Plaintiff, subject to an appropriate protective order, as it relates to the claims and defenses of the parties.

**Defendant's position:**
Asset stands on its objections. As previously set forth herein, Asset objects to producing reports and statistics concerning account reviews because the models are expressed in programming language and are used to determine how Asset allocates its resources to collection of debt. There are no "studies" concerning account reviews, rather the models are used to determine what resources to allocate to collection of Asset's accounts.

**REQUEST FOR PRODUCTION NO. 27:** All documents relating to the creation or maintenance by defendant of policies, practices or procedures adapted to avoid violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:** Asset objects because this request is overly broad, and asks for documents not information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Asset also objects to the extent the request asks for the production of documents protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving these objections, Asset will produce its Code of Business Conduct policy, subject to an appropriate protective order. Asset also will search for, and produce if found, non-privileged documents responsive to this request, subject to an appropriate protective order, related to the claims and defenses of the parties.

**Defendant's position:**
See prior response. Investigation continues.

**REQUEST FOR PRODUCTION NO. 28:** All documents that support or refute any defense you have raised or intend to raise in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007), and *Levine v. World Financial Network National Bank*, 554 F.3d 1314 (11th Cir. 2009).

**Defendant's position:**

Alex Burke
November 14, 2012
Page 16

See pleadings and documents previously produced. Investigation continues. Defendant reserves the right to disclose additional witnesses and evidence per applicable rules, court orders and schedules

**REQUEST FOR PRODUCTION NO. 29:** A copy of all publications, white papers, seminars, or other documents or data that concern compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681b.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Asset objects because this request is vague, overly broad and to the extent it asks for information that is trade secret. Asset also objects to the extend some of the requested information is public and equally available to Plaintiff. Subject to and without waiving said objection, Asset has in its possession the FCRA, ACA International's Guide to the Fair Credit Reporting Act for 2005/2006, 2009/2010 and 2011/2012. This publication, however, may not be reproduced because it specifies that reproduction is prohibited. Asset also has a 2005 FCRA Participant Workbook which it similarly may not reproduce.

**Defendant's position:**

See prior response and documents produced. Investigation continues.

Very truly yours,

HINSHAW & CULBERTSON LLP



*Jennifer W. Weller*

Jennifer W. Weller
jweller@hinshawlaw.com

JWW: